The Honorable Marsha J. Pechman

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| AVOCENT REDMOND CORP., a Washington corporation,<br><br>  Plaintiff,<br><br>  v.<br><br>ROSE ELECTRONICS, a Texas general partnership; PETER MACOUREK, an individual; DARIOUSH "DAVID" RAHVAR, an individual; ATEN TECHNOLOGY INC., a California corporation; ATEN INTERNATIONAL CO., LTD., a Taiwanese Company; TRIPPE MANUFACTURING COMPANY, an Illinois corporation; BELKIN INTERNATIONAL, INC., a Delaware corporation, and BELKIN, INC., a Delaware corporation,<br><br>  Defendants. | NO. 06-1711 MJP<br><br>[PROPOSED] SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT<br><br>AND JURY DEMAND |

Plaintiff, Avocent Redmond Corp. ("Avocent"), brings this action for infringement of U.S. Patent No. 5,884,096 ("the '096 patent"), U.S. Patent No. 6,112,264 ("the '264 patent"), and U.S. Patent No. 7,113,978 ("the '978 patent") in violation of 35 U.S.C. § 271. Plaintiff alleges the following facts upon actual knowledge with respect to itself and its own acts and upon information and belief as to all other matters.

[PROPOSED] SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT - 1
(NO. 06-1711 MJP)

Williams, Kastner & Gibbs PLLC
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P.O. Box 21926
Seattle, Washington 98111-3926
(206) 628-6600

2009982.1

## THE PARTIES

1. Plaintiff, Avocent, is a corporation organized and existing under the laws of the State of Washington, having its principal place of business in Redmond, Washington. Avocent, a wholly-owned subsidiary of Avocent Corporation, and formerly known as Apex PC Solutions, Inc. and Apex Inc., was the plaintiff in a related case, Apex PC Solutions, Inc. v. Rose Electronics, et al., C98-245Z, filed with this Court in 1998 and voluntarily dismissed, without prejudice, in February 1999.

2. Avocent develops and markets computer hardware devices and systems, including Keyboard, Video, Mouse ("KVM") switches that enable workstations to communicate with, and switch between, remote computers.

3. Defendant Rose Electronics is a Texas general partnership that has two general partners, Defendant Peter Macourek and Defendant Darioush Rahvar, and has its principal place of business in Houston, Texas. Rose Electronics and the two partners of Rose Electronics are referred to hereafter collectively as "Defendant Rose".

4. Defendant Aten Technology, Inc. is a corporation organized and existing under the laws of the State of California, having its principal place of business at 23 Hubble Drive, Irvine, California 92618. Defendant Aten International Co., Ltd. is a foreign corporation organized and existing under the laws of Taiwan and has its principal place of business at 3F, No. 125, Sec. 2, Datung Rd., Shijr City, Taipei, Taiwan. Aten Technology, Inc. and its foreign parent Aten International Co., Ltd. are referred to hereafter collectively as "Defendant Aten".

5. Defendant Trippe Manufacturing Company ("Defendant Trippe") is a corporation organized and existing under the laws of the State of Illinois, having its principal place of business at 1111 W. 35th Street, Chicago, Illinois 60609.

[PROPOSED] SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT - 2
(NO. 06-1711 MJP)

Williams, Kastner & Gibbs PLLC
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P.O. Box 21926
Seattle, Washington 98111-3926
(206) 628-6600

2009982.1

6. Defendant Belkin International, Inc. is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 501 W. Walnut St., Compton, California 90220, Defendant Belkin, Inc. is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 501 W. Walnut St., Compton, California 909220 (collectively "Belkin").

7. Defendants Rose, Aten, Trippe and Belkin are in the business of developing, making, using, importing, selling, offering to sell, marketing, and/or distributing, directly or through their agents or affiliates, KVM switch products that enable workstations to communicate with, and switch between, remote computers. Defendants Rose, Aten, Trippe and Belkin transact business in this District and elsewhere by making, using, selling and/or offering for sale products (including products that are the subject of this action) in this District.

## JURISDICTION AND VENUE

8. This is an action for patent infringement arising under the Patent Laws of the United States, particularly 35 U.S.C. §§ 271 and 281-285. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338.

9. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b), (c) and/or (d), and 1400(b).

10. Defendants Rose, Aten, Trippe and Belkin are each subject to the personal jurisdiction of this Court. Among other things, Defendants Rose, Aten, Trippe and Belkin have transacted business and committed and/or induced acts of infringement in the State of Washington and, more particularly, within this District. Defendants Rose, Aten, Trippe and Belkin have sold, and continue to sell, accused KVM switch products directly and/or through intermediaries to customers in the State of Washington including customers in this District. Defendants Rose, Aten, Trippe and Belkin reside in this District for purposes of venue, insofar

[PROPOSED] SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT - 3
(NO. 06-1711 MJP)

Williams, Kastner & Gibbs PLLC
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P.O. Box 21926
Seattle, Washington 98111-3926
(206) 628-6600

2009982.1

as Defendants are subject to personal jurisdiction in this District and have committed and/or induced acts of infringement in this District.

### COUNT ONE – INFRINGEMENT OF THE '096 PATENT

11. Plaintiff re-alleges and incorporates by reference paragraphs 1-10 above.

12. Avocent is the owner, by assignment, of all right, title and interest in the '096 patent, which was duly issued on March 16, 1999 by the U.S. Patent and Trademark Office.

13. Defendants Rose, Aten, Trippe and Belkin have infringed and continue to infringe the '096 patent under 35 U.S.C. § 271 by making, using, offering to sell, or selling in the United States, and/or by importing into the United States, without authorization, systems for connecting workstations to remote computers that employ and embody the inventions of the '096 patent. Further, Defendants Rose, Aten, Trippe and Belkin have infringed and continue to infringe the '096 patent under U.S.C. § 271 by contributing to infringement of that patent by others, and/or by inducing others to infringe that patent.

14. As a result of Defendants' infringement of the '096 patent, Avocent has been damaged and will continue to be damaged unless such infringement is enjoined by this Court. Pursuant to 35 U.S.C. § 284, Avocent is entitled to damages adequate to compensate for the infringement, including, inter alia, lost profits and/or a reasonable royalty. In addition, Avocent has suffered and will continue to suffer irreparable harm for which there is no adequate remedy at law.

15. Defendants' infringement of the '096 patent has been and is willful, rendering this case exceptional.

### COUNT TWO – INFRINGEMENT OF THE '264 PATENT

16. Plaintiff re-alleges and incorporates by reference paragraphs 1-10 above.

[PROPOSED] SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT - 4
(NO. 06-1711 MJP)

Williams, Kastner & Gibbs PLLC
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P.O. Box 21926
Seattle, Washington 98111-3926
(206) 628-6600

2009982.1

17.    Avocent is the owner, by assignment, of all right, title and interest in the '264 patent, which was duly issued on August 29, 2000 by the U.S. Patent and Trademark Office.

18.    Defendants Rose, Aten, Trippe and Belkin have infringed and continue to infringe the '264 patent under 35 U.S.C. § 271 by making, using, offering to sell, or selling in the United States, and/or by importing into the United States, without authorization, systems for connecting workstations to remote computers that employ and embody the inventions of the '264 patent. Further, Defendants Rose, Aten, Trippe and Belkin have infringed and continue to infringe the '264 patent under U.S.C. § 271 by contributing to the infringement of that patent by others, and/or by inducing others to infringe that patent.

19.    As a result of Defendants' infringement of the '264 patent, Avocent has been damaged and will continue to be damaged unless such infringement is enjoined by this Court. Pursuant to 35 U.S.C. § 284, Avocent is entitled to damages adequate to compensate for the infringement, including, inter alia, lost profits and/or a reasonable royalty. In addition, Avocent has suffered and will continue to suffer irreparable harm for which there is no adequate remedy at law.

20.    Defendants' infringement of the '264 patent has been and is willful, rending this case exceptional.

### COUNT THREE – INFRINGEMENT OF THE '978 PATENT

21.    Plaintiff re-alleges and incorporates by reference paragraphs 1-10 above.

22.    Avocent is the owner, by assignment, of all right, title and interest in the '978 patent, which was duly issued on September 26, 2006 by the U.S. Patent and Trademark Office.

23.    Defendants Rose, Aten, Trippe and Belkin have infringed and continue to infringe the '978 patent under 35 U.S.C. § 271 by making, using, offering to sell, or selling in

[PROPOSED] SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT - 5
(NO. 06-1711 MJP)

Williams, Kastner & Gibbs PLLC
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P.O. Box 21926
Seattle, Washington 98111-3926
(206) 628-6600

2009982.1

the United States, and/or by importing into the United States, without authorization, systems for connecting workstations to remote computers that employ and embody the inventions of the '978 patent. Further, Defendants Rose, Aten, Trippe and Belkin have infringed and continue to infringe the '978 patent under U.S.C. § 271 by contributing to infringement of that patent by others, and/or by inducing others to infringe that patent.

24. As a result of Defendants' infringement of the '978 patent, Avocent has been damaged and will continue to be damaged unless such infringement is enjoined by this Court. Pursuant to 35 U.S.C. § 284, Avocent is entitled to damages adequate to compensate for the infringement, including, inter alia, lost profits and/or a reasonable royalty. In addition, Avocent has suffered and will continue to suffer irreparable harm for which there is no adequate remedy at law.

25. Defendants' infringement of the '978 patent has been and is willful, rendering this case exceptional.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Avocent prays that the Court enter a judgment against Defendants Rose, Aten, Trippe and Belkin as follows:

A. A decree that Defendants have infringed the '096 patent, the '264 patent and the '978 patent;

B. Permanent injunctions restraining Defendants Rose, Aten, Trippe and Belkin and their officers, directors, partners, agents, employees, representatives, distributors, servants, attorneys and all persons in active concert or participation with them from further acts of infringement of the '096 patent, the '264 patent and the '978 patent, pursuant to 35 U.S.C. § 283;

[PROPOSED] SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT - 6
(NO. 06-1711 MJP)

Williams, Kastner & Gibbs PLLC
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P.O. Box 21926
Seattle, Washington 98111-3926
(206) 628-6600

2009982.1

C.  An award of damages against Defendants Rose, Aten, Trippe and Belkin sufficient to compensate Avocent for Defendants' infringement of the '096 patent, the '264 patent and the '978 patent in an amount not less than Avocent's lost profits and/or a reasonable royalty, pursuant to 35 U.S.C. § 284;

D.  An award of treble the damages, pursuant to 35 U.S.C. § 284;

E.  An award of prejudgment interest, pursuant to 35 U.S.C. § 284, from the date of each act of infringement of the '096 patent, the '264 patent and the '978 patent by the Defendants to the day a damages judgment is entered, and a further award of post-judgment interest, pursuant to 28 U.S.C. § 1961, continuing until such judgment is paid;

F.  An award of reasonable attorneys' fees against Defendants Rose, Aten, Trippe and Belkin pursuant to 35 U.S.C. § 285, and Avocent's costs of suit against the Defendants, pursuant to 35 U.S.C. § 284, based on Defendants' infringement of the '096 patent, the '264 patent and the '978 patent; and

G.  Such other and further relief as this Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Avocent hereby demands a jury trial on all issues triable by a jury in this action.

[PROPOSED] SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT - 7
(NO. 06-1711 MJP)

Williams, Kastner & Gibbs PLLC
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P.O. Box 21926
Seattle, Washington 98111-3926
(206) 628-6600

2009982.1

DATED this 22nd day of May, 2007.

<u>s/John A. Knox, WSBA #12707</u>
WILLIAMS, KASTNER & GIBBS PLLC
601 Union Street, Suite 4100
Seattle, WA  98101-2380
Telephone:  (206) 628-6600
Fax:  (206) 628-6611
Email:  jknox@wkg.com

<u>Of Counsel:</u>
James D. Berquist
J. Scott Davidson
Donald L. Jackson
DAVIDSON BERQUIST JACKSON & GOWDEY, LLP
4300 Wilson Blvd, Suite 700
Arlington, Virginia 22203
Tel. 703-894-6400
Fax. 703-894-6430

Attorneys for Plaintiff Avocent Redmond Corp.

[PROPOSED] SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT - 8
(NO. 06-1711 MJP)

**Williams, Kastner & Gibbs PLLC**
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P.O. Box 21926
Seattle, Washington 98111-3926
(206) 628-6600

2009982.1

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

*Counsel for Rose Electronics, Peter Macourek, and Darioush "David" Rahvar:*

Molly A. Terwilliger
HELLER EHRMAN LLP
701 Fifth Avenue, Suite 6100
Seattle, WA 98104

Michael S. Dowler
Thomas L. Casagrande
Brian L. Jackson
Jeffrey J. Phillips
HOWREY L.L.P.
1111 Louisiana, 25th Floor
Houston, TX  77002

*Counsel for Aten Technology, Inc. and Aten International Co., Ltd.:*

Thomas F. Ahearne
Jeremy R. Larson
FOSTER PEPPER PLLC
1111 Third Avenue, Suite 3400
Seattle, WA 98101-3299

Richard J. Codding
AKIN GUMP STRAUSS HAUER & FELD LLP
2029 Century Park East
Suite 2400
Los Angeles, CA  90067-3012

Yitai Hu
Ming-Tao Yang
AKIN GUMP STRAUSS HAUER & FELD LLP
3000 El Camino Real
Suite 400
Palo Alto, CA  94306-2112

*Counsel for Trippe Manufacturing Company:*

Jerry A. Riedinger
Ryan J. McBrayer
PERKINS COIE LLP
1201 Third Avenue, 48th Floor
Seattle, WA  98101-3099

David L. DeBruin
Christopher R. Parker
Todd K. Johnston
Larry L. Saret
MICHAEL BEST & FRIEDRICH LLP
Two Prudential Plaza
180 North Stetson Avenue, Suite 2000
Chicago, IL 60601

[PROPOSED] SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT - 9
(NO. 06-1711 MJP)

Williams, Kastner & Gibbs PLLC
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P.O. Box 21926
Seattle, Washington 98111-3926
(206) 628-6600

2009982.1

*Counsel for Belkin International, Inc.:*

| | |
|---|---|
| Michael A. Moore | David P. Enzminger |
| CORR CRONIN MICHELSON | Ryan K. Yagura |
| BAUMGARDNER & PREECE LLP | Vision L. Winter |
| 1001 4th Ave Ste 3900 | O'MELVENY & MYERS LLP |
| Seattle, WA 98154-1051 | 400 South Hope Street |
| | Los Angeles, CA 90071-2899 |

DATED this 22nd day of May, 2007.

s/John A. Knox
John A. Knox, WSBA #12707
WILLIAMS, KASTNER & GIBBS PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
Tel: (206) 628-6600
Fax: (206) 628-6611
Email: jknox@wkg.com

[PROPOSED] SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT - 10
(NO. 06-1711 MJP)

Williams, Kastner & Gibbs PLLC
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P.O. Box 21926
Seattle, Washington 98111-3926
(206) 628-6600

2009982.1