The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| REDMOND CORP., a Washington Corporation,<br><br>                                     Plaintiff,<br><br>   v.<br><br>ROSE ELECTRONICS, a Texas General Partnership; PETER MACOUREK, an Individual; DARIOUSH "DAVID" RAHVAR, an Individual; ATEN TECHNOLOGY INC., a California Corporation; ATEN INTERNATIONAL CO., LTD., a Taiwanese Company; TRIPPE MANUFACTURING COMPANY, an Illinois Corporation; and BELKIN INTERNATIONAL, INC. (formerly Belkin Corporation), a Delaware Corporation,<br><br>                                       Defendants. | Case No. C06-1711-MJP<br><br>DEFENDANTS ROSE ELECTRONICS, PETER MACOUREK AND DARIOUSH RAHVAR'S RESPONSE TO PLAINTIFF'S SUPPLEMENTAL BRIEF IN SUPPORT OF ITS MOTION TO DISQUALIFY HELLER EHRMAN LLP<br><br>Noted on Motion Calendar<br>April 20, 2007 |

RESPONSE TO SUPPLEMENTAL BRIEF:
C06-1711P

Heller Ehrman LLP
701 Fifth Avenue, Suite 6100
Seattle, Washington 98104-7098
Telephone (206) 447-0900

## I. INTRODUCTION

After its Motion to Disqualify Heller Ehrman LLP ("Motion") was fully briefed, Plaintiff Avocent Redmond Corp. ("Redmond") discovered an additional conflict involving an attorney in Heller Ehrman's San Diego office. Despite the immediate efforts taken by counsel for Rose to investigate and remedy the conflict, which included screening its San Diego attorney and confirming through affidavit that no secrets or confidences had or would be shared with other Heller Ehrman attorneys, Redmond filed its Supplemental Brief. Although Redmond appears to concede that a screen could have resolved the conflict in this situation, Redmond nonetheless insists that this newly-discovered conflict constitutes an additional basis to disqualify Heller Ehrman.

Redmond is wrong. Indeed, the very basis of Redmond's Supplemental Brief—its argument that "[s]creens implemented after the conflict arises are not enough to avoid disqualification of the firm"—is flatly contradicted by Washington law. Washington law, specifically RPC 1.10(e), permits screens to address conflicts such as the one identified by Redmond, and the evidence shows that Heller Ehrman fully complied with RPC 1.10(e) by instituting a screen as soon as practicable, and providing an affidavit from the disqualified attorney indicating that no confidences had been, or would be, shared with any other Heller Ehrman attorneys. As such, the newly-discovered conflict provides no basis to disqualify Heller Ehrman.

## II. FACTUAL BACKGROUND

On May 11, 2007, counsel for Rose learned, by letter from Redmond's counsel that in approximately 1999-2000, Alan H. Blankenheimer, an attorney in Heller Ehrman's San Diego office, represented Apex PC Solutions, Inc. ("Apex") while associated with the law firm Brown & Bain in Arizona. Supplemental Declaration of Molly A. Terwilliger ("Terwilliger Supp. Decl."), ¶ 2. According to Redmond, Apex is its corporate predecessor, and Mr. Blankenheimer represented Apex in litigation involving the same family of patents that are at issue in this litigation. Supp. Br. at p. 2-3. Redmond asserts that this provides an additional

RESPONSE TO SUPPLEMENTAL BRIEF:       1
C06-1711P

Heller Ehrman LLP
701 Fifth Avenue, Suite 6100
Seattle, Washington 98104-7098
Telephone (206) 447-0900

ground upon which to disqualify Heller Ehrman.[1]

On the day that it received notice of Mr. Blankenheimer's prior representation of Apex, counsel for Rose contacted the Senior Conflicts Administrator at Heller Ehrman. Terwilliger Supp. Decl. ¶ 3. Before the end of the next business day, on May 14, 2007, Heller Ehrman was able to implement a screen of Mr. Blankenheimer that prevents him from participating in any way in the *Avocent v. Rose* matter. *Id.* Pursuant to this screen, (1) Heller Ehrman attorneys, legal assistants, secretaries and other personnel are directed not to discuss any aspect of the *Avocent v. Rose* matter with Mr. Blankenheimer, and (2) Mr. Blankenheimer is directed not to participate in or to discuss the matter with any Heller Ehrman attorneys, legal assistants, secretaries or other personnel. *Id.* By May 16, 2007, counsel for Rose secured a signed affidavit from Mr. Blankenheimer indicating that he had not shared any confidences with any Heller Ehrman attorneys, including the attorneys working on the Rose engagement. *Id.* at ¶ 4; Affidavit of Alan H. Blankenheimer ("Blankenheimer Aff."[2]), ¶ 3. A copy of this affidavit was provided to Redmond through counsel on May 18, 2007, and to Brown & Bain[3] on May 23, 2007. Terwilliger Supp. Decl., Exs. B, C.

### III. ARGUMENT

#### A. Heller Ehrman Has Fully Complied With RPC 1.10(e).

Redmond argues that Mr. Blankenheimer's disqualification should be imputed to all attorneys at Heller Ehrman because the firm did not institute the screen prior to taking on the representation. Redmond either misunderstands or misapplies RPC 1.10(e). A review of the

---

[1] Redmond also asserts that this new evidence reveals that Rose's Opposition is inaccurate. As indicated by the Supplemental Declaration of Molly A. Terwilliger, this is simply not true. Terwilliger Supp. Decl. ¶ 7.

[2] The Affidavit of Alan H. Blankenheimer is attached to the Terwilliger Supplemental Declaration as Exhibit A.

[3] Contrary to representations made by Redmond in its Supplemental Brief, Mr. Blankenheimer worked for Fish and Richardson, P.C., after leaving Brown & Bain and before joining Heller Ehrman. Blankenheimer Aff. ¶ 2.

RESPONSE TO SUPPLEMENTAL BRIEF: 2
C06-1711P

Heller Ehrman LLP
701 Fifth Avenue, Suite 6100
Seattle, Washington 98104-7098
Telephone (206) 447-0900

relevant facts and relevant case law interpreting Washington's Rules of Professional Conduct[4] confirms that Heller Ehrman has fully complied with RPC 1.10(e), and that its continued representation of Rose is therefore consistent with Washington law and its professional obligations.

RPC 1.10(e) addresses imputed disqualification.  It provides that when a lawyer becomes associated with a firm, no other lawyer in that new firm will "*knowingly* represent a person" in a matter in which the lawyer would be disqualified under RPC 1.9 unless:

> (1) the personally disqualified lawyer is screened by effective means from participation in the matter and is apportioned no part of the fee therefrom;
>
> (2) the former client of the personally disqualified lawyer receives notice of the conflict and the screening mechanism used to prohibit dissemination of information relating to the former representation;
>
> (3) the firm is able to demonstrate by convincing evidence that no material information relating to the former representation was transmitted by the personally disqualified lawyer before implementation of the screening mechanism and notice to the former client.

RPC 1.10(e).  "Analysis of imputed disqualification starts with the presumption that attorneys and paralegals who work together share confidences." *Richards v. Jain*, 168 F.Supp.2d 1195, 1204 (W.D. Wash. 2001).  Washington law is clear, however, that this presumption is rebuttable by "clear and convincing evidence that no confidences were transmitted" from the disqualified attorney to other attorneys at the firm.  *Id.  See* Supplemental Declaration of Robert H. Aronson ("Aronson Supp. Decl.") ¶ 6.  Indeed, RPC 1.10(e) specifically discusses the fact that this presumption may be rebutted by an affidavit from the disqualified lawyer.  RPC 1.10(e).

Heller Ehrman has fully complied with these requirements.  Aronson Supp. Decl. ¶ 9.  As demonstrated by the Terwilliger Supplemental Declaration and the Blankenheimer Affidavit, Heller Ehrman has effectively screened Mr. Blankenheimer.  Terwilliger Supp.

---

[4] Because the law in Washington is directly contrary to its position, Redmond cites only to cases decided in other jurisdictions involving different rules of professional conduct.  Such cases have no bearing here.

RESPONSE TO SUPPLEMENTAL BRIEF:   3
C06-1711P

Heller Ehrman LLP
701 Fifth Avenue, Suite 6100
Seattle, Washington  98104-7098
Telephone (206) 447-0900

Decl. ¶ 3; Blankenheimer Aff. ¶¶ 5-7; Aronson Decl. ¶ 8. Rose has put forward clear and convincing evidence—in the form of the evidence supporting this brief—that no material information relating to the *Apex* litigation was transmitted by Mr. Blankenheimer prior to implementation of the screen, and notice of this has been provided to Mr. Blankenheimer's former client through counsel for Avocent, Apex's corporate successor. Terwilliger Supp. Decl. Exs. B-C; Blankenheimer Aff. ¶ 3; Aronson Decl., ¶¶ 7-8. Finally Mr. Blankenheimer has stated unequivocally that he will not share any confidences or secrets of Apex in the future. Blankenheimer Aff. ¶ 3. As such, Heller Ehrman has fully complied with the requirements of RPC 1.10(e) and disqualification is unwarranted. Aronson Decl. ¶ 9.

Redmond's argument that "[s]creens implemented after the conflict arises are not enough to avoid disqualification of the firm," is simply not supported by the law in Washington. *Id.* To the contrary, in Washington "[t]he absence of a timely-established institutional screening procedure *does not* absolutely preclude the possibility that the presumption [of shared confidences] may still be rebutted." *United States v. Titan Pacific Constr. Corp.*, 637 F. Supp. 1556, 1565 (W.D. Wash. 1986)(emphasis added). *See also Daines v. Alcatel, S.A.*, 194 F.R.D. 678, 684 (E.D. Wash. 2000). In fact, an argument similar to Redmond's was rejected in the *Daines v. Alcatel* case. As noted by the Court in *Daines*:

> Washington is one of a handful of states that has adopted an imputed disqualification rule which *explicitly permits screening*. Furthermore, the text of Washington's rule does not prohibit, *and in certain situations appears to approve of*, a screening mechanism that is implemented after employment begins. RPC 1.10(b)(3) makes it clear that as long as there is "convincing evidence that no confidences or secrets . . . were transmitted . . . before implementation of the screening mechanism," a firm can escape disqualification if the other requirements of the rule are met.

194 F.R.D. at 683 (emphasis added). *See also* Declaration of Robert H. Aronson, ¶ 29. These cases simply answer the question presented here. Because Heller Ehrman has effectively rebutted the presumption of shared confidences prior to the screen, and has now implemented an effective screen as contemplated by RPC 1.10(e), disqualification is not warranted.

RESPONSE TO SUPPLEMENTAL BRIEF:   4
C06-1711P

Heller Ehrman LLP
701 Fifth Avenue, Suite 6100
Seattle, Washington 98104-7098
Telephone (206) 447-0900

## IV. CONCLUSION

Redmond's Supplemental Brief is founded on a fundamental misunderstanding or misrepresentation of Washington law. Rose has shown by clear and convincing evidence that a screen was implemented as soon as practicable, and that no confidences were shared either before or after the Blankenheimer conflict was discovered. Because Heller Ehrman has fully complied with RPC 1.10(e), disqualification is inappropriate. At the end of the day, the evidence shows that (1) any confidences of Apex have been effectively protected by a screen as contemplated by RPC 1.10(e); and (2) no attorney at Heller Ehrman has any confidences of Avocent Corporation (the parent of Redmond) by virtue of Heller Ehman's prior representation of OSA Technologies, a company acquired by Avocent Corporation. For the reasons explained in Rose's Opposition and supporting declarations, as well as the reasons outlined above, Redmond's Motion must be denied.

May 24, 2007                             Respectfully submitted,

                                         HELLER EHRMAN LLP

                                         By: s/Molly A. Terwilliger
                                         Molly A. Terwilliger, WSBA #28449
                                         Heller Ehrman LLP
                                         701 Fifth Avenue, Suite 6100
                                         Seattle, WA  98104
                                         Tel:  (206) 447-0900
                                         Fax:  (206) 447-0849
                                         E-mail:  molly.terwilliger@hellerehrman.com

                                         Michael S. Dowler
                                         Thomas L. Casagrande
                                         Brian L. Jackson
                                         Jeffrey J. Phillips
                                         Howrey LLP
                                         1111 Louisiana, 25th Floor
                                         Houston, TX  77002
                                         Tel:  (713) 787-1400
                                         E-mail:  dowlerm@howrey.com
                                                  casagrandet@howrey.com
                                                  jacksonb@howrey.com
                                                  phillipsj@howrey.com

SE 2212190 v1
5/24/07 4:50 PM (44109.0001)