UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AVOCENT REDMOND CORP.,

    Plaintiffs,

v.

ROSE ELECTRONICS, INC., et al.,

    Defendants.

No. C06-1711MJP

ORDER DENYING WITHOUT PREJUDICE ROSE ELECTRONICS' MOTION TO COMPEL

  This matter comes before the Court on Rose Electronics' motion to compel. (Dkt. No. 126.) Rose Electronics seeks production of redacted legal bills from the 1998 litigation brought by Avocent's predecessor (Apex PC Solutions) against Rose Electronics and Cybex Computer Products and communications from Avocent's current counsel on behalf of its clients to various law firms receiving Rose Electronic's Rule 45 subpoenas in this matter.

  The Court denies the motion without prejudice because Rose Electronics failed to effectively confer with Avocent before bringing its motion. Federal Rule of Civil Procedure 37(a)(2)(A) makes clear that a party seeking to compel discovery must certify that the movant has "in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action." As the Court has previously instructed the parties, in this Court, the conference requirement, whether mandated under Federal Rule 37(a) or 26(c), is not fulfilled until the parties have had a face-to-face meeting or a telephonic conference. See Local Civil Rule 37(a)(2)(A) (providing that for motions to compel, "[a] good faith effort to confer with a party or person not making a disclosure or discovery requires a face-to-face meeting or a telephonic conference"). It is

ORDER - 1

unclear whether the parties ever had a conference regarding the issues relevant to the motion to compel.  Rose Electronics claims that the parties held a telephone conference on July 18, 2007, regarding production of the legal bills and the Rule 45 subpoenas. (See Casagrande Decl. ¶ 11.)  But Avocent claims that Avocent's attorneys never "met in-person or had a pre-filing telephonic conference with Rose concerning the subject matter in Rose's present motion to compel." (Berquist Decl. ¶ 13.)

Even if the parties had a telephonic conference in July where issues pertinent to this motion were discussed, e-mails exchanged in August (and filed with the Court) reveal that the parties had not effectively narrowed the issues before Rose presented them to the Court.  On August 3, 2007, Rose Electronics' counsel, Tom Casagrande, emailed Avocent's counsel, advising Avocent that Rose would be filing a motion to compel e-mails exchanged during prior litigation. (Berquist Decl., Ex. 1.)  Rose asked to meet-and-confer on the issue. (Id.)  Avocent's counsel, Jay Berquist, responded to the e-mail with a lengthy voice message on August 6. (Id.. ¶ 8.)  On August 7, Mr. Casagrande wrote an e-mail to Mr. Berquist acknowledging the voice message and indicating that Rose had removed the e-mail issue from the motion to compel. (Id., Ex. 3.)  Mr. Berquist responded within an hour, inquiring about what issues remained for the motion to compel. (Id., Ex. 4.)  It appears that Mr. Casagrande never responded. (Id. ¶ 11.)  The following day, Rose filed its motion to compel.

This exchange does not satisfy the good faith meet-and-confer requirement.  It should have been apparent to Rose Electronics, upon receipt of Avocent's counsel's e-mail, that Avocent was not aware of the subject matter of the motion to compel.  Although other letters sent between the parties during this time period reveal ongoing communications regarding the pertinent issues, (see Casagrande Decl., Exs. D & E) those letters are not face-to face or voice-to-voice communications.  They therefore do not satisfy the Court's meet-and-confer requirement.

The parties are directed to meet in person or through a telephonic conference within three (3) judicial days of this order.  After the parties have conferred, they may present to the Court, in the

ORDER - 2

unified format outlined at Local Civil Rule 37(a)(2)(B), those issues regarding Rose Electronics' motion to compel that remain unresolved.

The clerk is directed to send a copy of this order to all counsel of record.

Dated this 4th day of October, 2007.

*Marsha J. Pechman* (signature)

Marsha J. Pechman
United States District Judge

ORDER - 3