UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AVOCENT REDMOND CORP.,<br><br>Plaintiff,<br><br>v.<br><br>ROSE ELECTRONICS, INC., et al.,<br><br>Defendants. | Case No. C06-1711 MJP<br><br>ORDER DENYING PLAINTIFF'S MOTION TO LIFT STAY AND MODIFY PROTECTIVE ORDER |

This matter comes before the Court on Plaintiff's motion to lift the stay and to modify the protective order. (Dkt. No. 182.) Defendants oppose the motion. (Dkt. No. 186.) After reviewing the motion, Defendants' response, Plaintiff's reply (Dkt. No. 189), all papers submitted in support thereof, and the balance of the record, and after determining that additional oral argument from the parties would not assist its decision, the Court DENIES Plaintiff's motion.

**Background**

This infringement action involves three patents. On October 19, 2007, Defendants informed the Court that they intended to seek reexamination of those patents with the U.S. Patent and Trademark Office ("PTO"). (Dkt. No. 158.) The parties briefed the issue of whether a stay of this litigation would be appropriate and on October 30, 2007, the Court heard oral argument from the parties during a telephonic conference. (See Dkt. Nos. 158, 169, 174, 167, & 177.) The Court then stayed the action and instructed the parties to keep the Court apprised of the progress of the reexamination proceedings. (See Dkt. No. 177.) The PTO granted Defendants' requests for reexamination of the three patents on December 17, 2007. (Dkt. No. 182 at 2.) The reexamination proceedings are still pending with the PTO. (Id.)

ORDER — 1

Plaintiff brings the current motion to lift the Court's stay. Plaintiff also requests that the protective order entered in this matter be modified so that confidential documents produced for this litigation could be made available to the PTO.

**Analysis**

I. <u>Motion to Lift the Stay</u>

Each of the arguments made in Plaintiff's current brief was presented to the Court before it issued the order staying this action. Though labeled a motion to lift that stay, Plaintiff now brings a motion for reconsideration of the stay order but has failed to comply with the procedures set forth in Local Rule CR 7(h)(2). Motions for reconsideration must be "plainly labeled as such" and submitted "within ten judicial days following the order to which it relates." Local Rule CR 7(h)(2). Failure to comply with this procedure "may be grounds for denial of the motion." <u>Id.</u>

In its reply brief, Plaintiff insists that "[a] stay order ... is a different kind of relief from those subject to the Court's local rules on reconsideration motion [sic]." (Dkt. No. 189 at 3.) Plaintiff offers no supporting authority for this assertion and instead cites a Supreme Court case holding that a defendant bears the burden on its own motion to stay. <u>Landis v. N. Am. Co.</u>, 299 U.S. 248, 255 (1936) (defendant must "make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else"). Plaintiff does not allege that the Court failed to hold Defendants to their burden when the Court initially decided to issue the stay, and <u>Landis</u> does not stand for the proposition that a defendant's burden to justify a stay is ongoing once it has been met.

Even if the Court were to forgive its untimeliness, Plaintiff's motion would fail on the merits. Plaintiff does not present any new facts or authority showing that the Court manifestly erred in its previous ruling. <u>See</u> Local Rule CR 7(h)(1). Before issuing its order on October 30, 2007, the Court considered the three factors relevant to the issue of a stay: (1) whether continuation of the stay imposes undue prejudice on Plaintiff; (2) whether the results of the reexamination proceedings are likely to simply this action; and (3) whether discovery in this action

ORDER — 2

has proceeded beyond the point where a stay is reasonable. Plaintiff took part in briefing and arguing these issues to the Court. (See Dkt. Nos. 158, 169, 174, 167, & 179.) As discussed below, the record shows that the Court considered these three factors and concluded that they weighed in favor of granting a stay while the reexamination proceedings are pending.

During the telephonic conference on October 30, 2007, Plaintiff's attorney Donald Jackson informed the Court that the reexamination proceedings could take up to three years and argued that staying the litigation for such an extended period would prejudice Plaintiff. (Dkt. No. 179 at 10-11.) The Court considered Plaintiff's argument and concluded that a multi-year delay in this action would not cause significant prejudice to Plaintiff. (See Dkt. No. 177 (ordering the parties to submit annual status reports on the progress of the proceedings).) Plaintiff's current motion, filed only eight months after the stay was issued, offers no new evidence that a multi-year stay will result in prejudice to Plaintiff.

Plaintiff's current motion also argues that the Court should have denied the stay because there is no guarantee that the reexamination proceedings will simplify this litigation. During argument, the Court made clear that it was concerned with "the practical aspect of how we're going to get through ...the litigation" and indicated that it was not interested "in going through hearings that are later not going to have any consequence." (Dkt. No. 179 at 9.) Plaintiff's response gave no indication that it believed the reexamination results were unlikely to affect the course of this litigation. (Id. at 10-13.)

The Court also considered the stage of the litigation before issuing the stay and informed the parties that pursuing "parallel tracks" of litigation and reexamination proceedings would be inefficient because, depending upon the PTO's conclusions, the Court might be forced to reevaluate some or all of its findings. (Id. at 14.) Plaintiff's motion offers no new evidence contradicting this conclusion. The Court was well aware of the stage of the litigation at the time it issued the stay and no additional work has been done to further this litigation since the stay went into effect.

ORDER — 3

Finally, the Court is not persuaded by Plaintiff's assertion that Defendants misrepresented the importance of recent caselaw to bolster their motion to stay. Plaintiff is reminded that its current allegations and interpretation of KSR Int'l Co. v. Teleflex Inc., 127 S.Ct. 1727 (2007) were argued to the Court by Plaintiff's attorney Donald Jackson during the telephonic conference on October 30, 2007.[1] (Dkt. No. 179 at 5-6.) The Court considered the arguments from both sides and determined that a stay was appropriate. Plaintiff offers no evidence suggesting that conclusion was in error.

II. Plaintiff's Request to Modify the Protective Order

As an alternative to lifting the stay, Plaintiff requests that the Court modify the protective order entered in this action and allow Avocent to submit to the PTO documents that were produced under the protective order. The order was entered to protect both parties from the harm that might result from disclosure of confidential materials. Plaintiff's current proposal to modify the protective order disregards that purpose and fails to acknowledge any harm that Defendants might suffer.

Though Plaintiff cites caselaw stating that the requested information may be relevant to the PTO's analysis, it cites no authority showing that documents produced under protective order in a litigation proceeding should be disclosed and made public for use in an administrative proceeding. Plaintiff has not shown that this type of confidential material would be generally available to the PTO during a reexamination proceeding. Plaintiff cannot use the litigation forum to acquire evidence for use in an administrative proceeding when the evidence would not otherwise be available in that forum.

Denying modification of the protective order does not require lifting the stay as Plaintiff alleges. Plaintiff mistakenly relies on Slip Track Sys. v. Metal Lite, 159 F.3d 1337, 1339 (Fed. Cir. 1998) for this allegation. In Slip Track, the Federal Circuit found that a stay of litigation for

---

[1]The Court notes that Plaintiff attached only two non-sequential pages from the transcript of that hearing to its motion and conveniently omitted any portion of the transcript that recorded Mr. Jackson's explanation of the caselaw.

ORDER — 4

the duration of reexamination proceedings was not proper when it prevented a patent issue (priority of invention) from being reviewed in either forum. Plaintiff has not shown that reexamination of the patents-in-suit will effectively prevent Plaintiff from defending the validity of those patents. Instead, the infringement issue presented to this Court and the validity challenge currently before the PTO are essentially two sides to the same question, and staying this action does not deny Plaintiff access to a forum for resolution.

**Conclusion**

Because Plaintiff failed to comply with Local Rule CR 7(h) and has not shown a manifest error in the Court's previous ruling issuing a stay of this action, the motion to lift the stay is DENIED. Plaintiff's motion to modify the protective order is also DENIED.

The Clerk is directed to send a copy of this order to all counsel of record.

Dated: August 18, 2008.

Marsha J. Pechman
U.S. District Judge

ORDER — 5