The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
SEATTLE DIVISION

AVOCENT REDMOND CORP., a Washington corporation

Plaintiff,

v.

ROSE ELECTRONICS, a Texas general partnership; PETER MACOUREK, an individual; DARIOUSH "DAVID" RAHVAR, an individual; ATEN TECHNOLOGY INC., a California corporation; ATEN INTERNATIONAL CO., LTD., a Taiwanese Company; TRIPPE MANUFACTURING COMPANY, an Illinois corporation; BELKIN INTERNATIONAL, INC., a Delaware corporation and BELKIN, INC., a Delaware corporation,

Defendants.

CASE NO. 2:06-1711 MJP

**DEFENDANTS' OPPOSITION TO AVOCENT'S MOTION TO LIFT THE STAY AND ENTER A REVISED SCHEDULING ORDER**

DEFENDANTS' OPPOSITION TO
AVOCENT'S MOTION TO LIFT THE STAY
Case No. 2: 06-1711 MJP

O'MELVENY & MYERS LLP
400 S. HOPE STREET
LOS ANGELES, CA 90071-2899
TEL: (213) 430-6000 FAX: (213) 430-6407

TABLE OF CONTENTS

I. INTRODUCTION ..... 1

II. BACKGROUND ..... 1

A. History of this Case ..... 1

B. The Co-pending Court of Federal Claims Case ..... 2

C. Avocent's Motion Does Not Address The Parties' Dispute ..... 3

III. ARGUMENT ..... 4

A. Avocent's Motion Should Be Denied As Premature Because The Reexamination Proceedings Are Not Complete ..... 4

B. The Best Policy is For the Court to Continue the Stay Until the Decision in Court of Federal Claims Issues ..... 4

1. Continuing the Stay in this Case Avoids Duplication and Simplifies the Issues ..... 6

2. Continuing the Stay Avoids Conflicting Rulings ..... 7

3. Continuing the Stay will not Prejudice Avocent ..... 8

C. If This Action Is Not Stayed, The Schedule Should Lag That of the Court of Federal Claims ..... 9

IV. CONCLUSION ..... 11

# TABLE OF AUTHORITIES

**Cases**

*Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found.*,
402 U.S. 313 (1971) ....................................................................................10

*Colorado River Water Conservation District v. United States*,
424 U.S. 800 (1976)......................................................................................5

*Consolidated Aluminum Corp. v. Hi-Tech Ceramics Inc.*,
7 U.S.P.Q.2d 1910 (W.D.N.Y. 1988) ............................................................11

*I-Flow Corp. v. AIM Enterprises*, Inc.,
No. CV-08-1659-GMS (D. Aziz. Nov. 20, 2008) ...............................................5

*In re Bass*,
314 F.3d 575 (Fed. Cir. 2002) ...................................................................4, 5

*Kistler Instrumente A. G. v. PCB Piezotronics, Inc.*,
419 F. Supp. 120 (W.D.N.Y. 1976)...................................................................6

*Landis v. N. Am. Co.*,
299 U.S. 248 (1936)........................................................................................5

*Northrop Corp. v. United States*,
27 Fed. Cl. 795 (Fed. Cl. 1993) ...................................................................5, 7

*Pfizer Inc. v. Apotex Inc.*,
No. 08-cv-7231, 2009 WL 1657572 (N.D. Ill. June 12, 2009)...........................5, 8

*Trippe Mfg. Co. v. American Power Conversion Corp.*,
46 F.3d 624 (7th Cir. 1995) ............................................................................5

*Whistler Group, Inc. v. PNI Corp.*,
No. Civ. A. 3:03-CV-1536-G, 2003 WL 22939214 (N.D. Tex. Dec. 5, 2003) ..........6

*Wolf Designs, Inc. v. Donald McEvoy Ltd.*,
341 F. Supp. 2d 639 (N.D. Tex. 2004) ..........................................................6, 8

**Statutes**

28 U.S.C. § 1498...............................................................................................9

## I. INTRODUCTION

The defendants respectfully request that the Court deny plaintiff's motion to lift the stay and enter a revised scheduling order. Lifting the stay is premature in view of the on-going reexamination proceedings, and entry of Avocent's proposed new case schedule will result in duplicative (and potentially inconsistent and wasteful) litigation in view of another presently on-going case Avocent filed in another court involving the same patents asserted in this case.

This case was stayed while the U.S. Patent and Trademark Office ("PTO") separately reexamined each of the three patents Avocent has asserted in this case. One of those reexamination proceedings has concluded, while the other two are not yet complete. For that reason alone, lifting the stay is premature until the reexamination process concludes and the parties and the Court know the official status of the reexamined patents.

Further, shortly after the Court stayed this case, Avocent sought to circumvent the effects of that stay by filing another case in the Court of Federal Claims. That case involves the same patents asserted in this case and, therefore, will include many of the same issues for discovery and will present a number of identical issues to decide, such as claim construction, infringement, validity, and enforceability. Indeed, a Markman claim construction hearing on the identical patents at issue here is scheduled in the Court of Federal Claims for October 1, 2009, only 28 days before Avocent proposes that this Court do the exact same thing. Avocent also proposes that this case be tried on June 14, 2010, barely one month after the trial at the Court of Federal Claims is scheduled to begin. Staggering the two cases like that, and forcing two different courts to address many of the same issues simultaneously, is wasteful and nearly certain to produce inconsistent results that could render both cases an exercise in futility.

## II. BACKGROUND

### A. History of this Case

Avocent filed this case on November 27, 2006, alleging infringement of U.S. Patent Nos. 5,884,096 ("the '096 patent"), 6,112,264 ("the '264 patent"), and 7,113,978 ("the '978 patent") (collectively the "patents-in-suit"). Avocent was in no hurry to file this suit, having waited

approximately six years until it concluded its patent litigation against another defendant, Raritan Computer, Inc. The Court stayed the case on October 30, 2007, in light of reexamination requests for the patents-in-suit at the PTO. Having found substantial new questions concerning the patentability of each patent, the PTO proceeded with the reexamination of all three patents. To date, the PTO has concluded the proceedings with respect to only one of the three patents, the '264 patent. For the '096 and the '978 patents, although the PTO issued a notice of intent to issue a reexamination certificate on July 15, 2009, the reexamination proceedings for those two patents are still in progress. While Avocent appears to dismiss the distinction between the issuance of a certificate as opposed to a notice of intent to issue a certificate, until a reexamination certificate issues, no one will know with certainty the official status of those patents, i.e., which claims will be in the patents or what those claims will say.

Avocent sought to lift the Court's stay on June 19, 2008 (Doc. No. 182), and later unsuccessfully appealed the Court's order denying Avocent's motion to lift the stay.

**B. The Co-pending Court of Federal Claims Case**

Approximately three months after this Court ordered the stay of this case and during the ongoing reexaminations, Avocent filed another action in the United States Court of Federal Claims on January 31, 2008 ("the Court of Federal Claims case"), asserting, *inter alia*, the same three patents against the United States based on the United States' purchase of the same Rose products that Avocent has accused of infringement in this case. As required by procedure at the Court of Federal Claims, Rose intervened to assist the United States' defense.

The Court of Federal Claims case has been pending since January 2008, and a scheduling order for that case provides for: (1) the parties to submit opening claim construction briefs on August 21, 2009 and responsive claim construction briefs on September 11, 2009; (2) a Markman claim construction hearing on October 1, 2009; (3) expert reports on November 23, 2009; (4) the close of all discovery on December 23, 2009; (5) dispositive motions by January 27, 2010; and (6) trial on May 11, 2010. Winter Decl., Exh. 1 (Scheduling Order). The parties have had many discovery disputes, and several discovery and other motions are pending before that Court. These include: (1) a motion to limit the number of patent claims Avocent is



O'MELVENY & MYERS LLP
400 S. HOPE STREET
LOS ANGELES, CA 90071-2899
TEL: (213) 430-6000 FAX: (213) 430-6407

asserting; (2) a motion objecting to Avocent's technical expert; (3) a motion to compel Avocent's privilege log; (4) a motion compelling more complete infringement contentions from Avocent; and (5) a motion to add inequitable conduct defenses to Rose's answer. These disputes are not unique to the Court of Federal Claims case and, if the stay is lifted, this Court and the Court of Federal Claims will find itself addressing the very same issues.

### C. Avocent's Motion Does Not Address The Parties' Dispute

Shortly before filing its motion, Avocent proposed that it and the defendants jointly file a proposed scheduling order since, in Avocent's view, the reexamination proceedings had concluded. The defendants responded by explaining that it was their belief that such a filing was inappropriate, at least in light of the current stay and in the absence of direction from the Court. Winter Decl., Exh. 2 (V. Winter email to D. Jackson, August 5, 2009). Avocent responded that same day by indicating that it intended to file a motion to lift the stay. Without determining the positions of all the defendants on whether the stay should be lifted, Avocent filed its motion the next day. Avocent Motion, at 2 (admitting that "[c]ounsel for the Aten defendants indicated that he was not able to take a position on this issue without direction from his client [sic].").

Avocent's haste resulted in it filing a motion that does not address the primary dispute between the parties. Avocent devotes its opening brief to its flawed premise that the defendants would object to lifting the stay because additional reexamination requests have been filed at the PTO. While the Court is free to consider the effect of those new reexamination proceedings on the propriety of continuing its stay, those proceedings are not—as Avocent proposes—the primary reason the defendants advance for maintaining the stay. Instead, the Court should not even visit the stay issue until at least the initial reexamination proceedings are complete, and if and when the stay issue is properly before the Court, it is essential that any attempt to resume the litigation account for Avocent's simultaneous litigation of the same patents in the Court of Federal Claims, which will result in duplication, waste, and likely inconsistent results that may require re-trial of both cases.

O'MELVENY & MYERS LLP
400 S. HOPE STREET
LOS ANGELES, CA 90071-2899
TEL: (213) 430-6000 FAX: (213) 430-6407

## III. ARGUMENT

### A. Avocent's Motion Should Be Denied As Premature Because The Reexamination Proceedings Are Not Complete

Avocent's motion is premature because the PTO has not issued a reexamination certificate for two of the three reexaminations of the patents-in-suit, namely the '096 patent and the '978 patent. Indeed, contrary to Avocent's argument, no reexamination proceeding is complete until the PTO issues a reexamination certificate because the PTO can reconsider its earlier action any time before the reexamination certificate issues. *See In re Bass*, 314 F.3d 575, 577 (Fed. Cir. 2002). The PTO's issuance of a notice of intent to issue a reexamination certificate (as has been issued for the '096 and '978 patents) does not change the fact that the reexamination proceeding is not complete and that the patent could still change before the reexamination certificate issues. Judge Snow in the District of Arizona recently addressed this exact point, concluding that the stay should *not* be lifted until the reexamination certificate issues:

> [Defendant] asserts that the stay should last until the re-examination is concluded with the issuance of the Certificate of Reexamination. [Plaintiff] asserts that the stay should be lifted once the patent examiner issues a Notice of Intent to issue the reexamination certificate. Because the PTO can reconsider an earlier action until the reexamination is complete and reexamination certificate is issued, *In Re Bass,* 314 F.3d 575, 577 (Fed. Cir. 2002), the Court stays this action until the PTO issues the re-examination certificate.

*I-Flow Corp. v. AIM Enterprises*, Inc., No. CV-08-1659-GMS (D. Ariz. Nov. 20, 2008) (attached to Winter Decl., Exh. 3). Accordingly, as in the *I-Flow* case, because the reexamination proceedings for two of the three patents asserted in this case are not yet complete (no reexamination certificates having been issued), defendants respectfully submit that it is premature to lift the current stay, and that the issue of lifting the stay should only resume once the reexamination status of the patents-in-suit is known with certainty.

### B. The Best Policy is For the Court to Continue the Stay Until the Decision in Court of Federal Claims Issues

When this Court issued its stay order, Avocent had not filed suit against the United States

O'MELVENY & MYERS LLP
400 S. HOPE STREET
LOS ANGELES, CA 90071-2899
TEL: (213) 430-6000 FAX: (213) 430-6407

based on its purchase of Rose products. That has dramatically altered the issues this Court should consider when determining whether it should lift the stay. Shortly after this Court ordered the stay, Avocent filed a new suit which, if it proceeds in parallel with this suit, will surely result in gross inefficiencies.

A district court has broad discretion to stay proceedings pending before it in the interests of economy and fairness. *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). When related cases are pending in two federal courts, judicial economy weighs heavily in favor of "avoiding duplicative litigation." *See Colorado River Water Conservation District v. United States,* 424 U.S. 800, 817 (1976); *see also Trippe Mfg. Co. v. Am. Power Conversion Corp.*, 46 F.3d 624, 629 (7th Cir. 1995) (A "district court has an ample degree of discretion in deferring to another federal proceeding involving the same parties and issues to avoid duplicative litigation."); *Northrop Corp. v. United States*, 27 Fed. Cl. 795, 804 (Fed. Cl. 1993) (denying motion to lift a stay that had been imposed pending resolution of a related case in a district court because "allowance of discovery in both the instant and the district court proceedings would tend to promote piecemeal litigation and would result, in what this Court considers, duplicative discovery proceedings.").

Indeed, in patent cases like this one, courts should stay a case to conserve judicial and party resources and avoid conflicting decisions resulting from two parallel cases involving the same patent(s). *Pfizer Inc. v. Apotex Inc.*, No. 08-cv-7231, 2009 WL 1657572, at *4 (N.D. Ill. June 12, 2009). The *Pfizer* court reasoned:

> There simply is no reason for identical actions -- particularly complex pharmaceutical patent cases that doubtless will require a considerable amount of the Court's time and the parties' money -- to proceed simultaneously in two federal courts. Indeed, this Court has an obligation to avoid such wasteful duplicative litigation. Moreover, in addition to consuming the limited resources of the judiciary, allowing both actions to proceed simultaneously presents the risk of conflicting decisions.

*Id.* at *2 (footnote omitted). Likewise, the district court in *Wolf Designs, Inc. v. Donald McEvoy Ltd.*, 341 F. Supp. 2d 639, 645 (N.D. Tex. 2004) found that identical patent claims in two parallel ligations in different courts favors the grant of a stay.

DEFENDANTS' OPPOSITION TO AVOCENT'S MOTION TO LIFT THE STAY
Case No. 2:06-1711 MJ

5

O'MELVENY & MYERS LLP
400 S. HOPE STREET
LOS ANGELES, CA 90071-2899
TEL: (213) 430-6000 FAX: (213) 430-6407

> Piecemeal litigation in the complex and technical area of patent and trademark law is especially undesirable. In such cases, the interest of justice may dictate [a stay] to prevent an extravagantly wasteful and useless duplication of the time and effort of the federal courts by the simultaneous trial of two complex and elaborate cases involving substantially the same factual issues. By permitting two different courts to interpret the same patent claims, there is a heightened risk of inconsistent rulings which, in turn, promotes uncertainty and impedes the administration of justice.

*Id.* (quoting *Whistler Group, Inc. v. PNI Corp.*, No. Civ. A. 3:03-CV-1536-G, 2003 WL 22939214 (N.D. Tex. Dec. 5, 2003) (brackets added by court)); *see also Kistler Instrumente A.G. v. PCB Piezotronics, Inc.*, 419 F. Supp. 120, 124 (W.D.N.Y. 1976)(concurrent litigation where common patent issues are involved would be duplicitous and a waste of judicial and other time and energy).

**1. Continuing the Stay in this Case Avoids Duplication and Simplifies the Issues**

Every asserted claim from each patent asserted in this case is also being asserted by Avocent in the Court of Federal Claims case. Avocent filed that case in January 2008, and the parties there are approaching the end of discovery, which is scheduled to close in approximately four months—on December 23, 2009. Given that all of the asserted claims and patents in this case are concurrently being asserted against the same Rose products in the Court of Federal Claims case, the same or similar disputes for the courts to resolve are likely to emerge in this case if the stay is lifted. Currently pending before the Court of Federal Claims are motions seeking to compel Avocent's privilege log, more detailed Avocent infringement contentions, limiting Avocent's number of asserted patent claims, objections to Avocent's technical expert receiving confidential information, and a motion to add the affirmative defense of inequitable conduct. Resolution of these disputes first in the Court of Federal Claims likely avoids the need for this Court to consider them. Thus, continuing the stay of this case allows this Court to avoid deciding unnecessary motions and the parties to avoid duplicative discovery proceedings. *See Northrop,* 27 Fed. Cl. 795, 804.

To the extent this Court adopts Avocent's request for this Court to lift the stay and thereby simultaneously consider and rule on the same issues to be decided by the Court of

DEFENDANTS' OPPOSITION TO AVOCENT'S MOTION TO LIFT THE STAY
Case No. 2:06-1711 MJ

6

O'MELVENY & MYERS LLP
400 S. HOPE STREET
LOS ANGELES, CA 90071-2899
TEL: (213) 430-6000 FAX: (213) 430-6407

Federal claims, the prospect of unworkable, conflicting decisions could paralyze both cases. For example, if this Court allows Avocent's technical expert access to the parties' confidential information—the subject of a motion pending in the Court of Federal Claims—but the Court of Federal Claims does not, either a stalemate will result, the same issues in the two cases will be decided on substantially different evidentiary records, or one Court's ruling (the one allowing disclosure) will effectively trump the other's ruling (the one not allowing disclosure).

Regarding claim construction, in the Court of Federal Claims case, the parties' opening claim construction briefs are due on August 21, 2009, and the claim construction hearing is set for October 1, 2009. Despite this, Avocent has proposed a claim construction hearing for this case on October 29, 2009, less than one month after the same hearing in Court of Federal Claims. *See* Avocent Motion, Knox Decl., Ex. 7. That schedule forces the parties into duplicate efforts, and prevents this Court from receiving the benefit of the Court of Federal Claims' rulings, which may not be binding, but are informative. Moreover, depending on the Court of Federal Claims' rulings, the need for a Markman hearing in this case could be completely eliminated if it resolves the claim construction disputes between the parties.

In addition, the parties must file dispositive motions in the Court of Federal Claims by January 27, 2010. *Id.* at Ex. 5. This Court can benefit from those rulings as well, and the parties can avoid duplicative briefing and hearings. Again, a continued stay of this case reduces needless or duplicative activities. *See Wolf Designs,* 341 F. Supp. 2d at 645-46 ("Where such substantial similarities exist, the parties and witnesses, the public, and the courts are entitled to be free from the waste of duplicative litigation.")

**2. Continuing the Stay Avoids Conflicting Rulings**

If this case proceeds in parallel with the Court of Federal Claims case, there is a significant possibility that both courts will render decisions on the same issues, and such decisions may very well conflict. Maintaining the stay of this case may avoid inconsistent rulings. Courts that interpret the same patent claims differently "promotes uncertainty and impedes the administration of justice." *Id.* at 645; *see also Pfizer*, 2009 WL 1657572 at *2.

O'MELVENY & MYERS LLP
400 S. HOPE STREET
LOS ANGELES, CA 90071-2899
TEL: (213) 430-6000 FAX: (213) 430-6407

Staying this case also reduces the opportunity for gamesmanship that may arise from, for example, the different parties making conflicting arguments in the different courts, or choosing the most favorable forum for issues.

**3. Continuing the Stay will not Prejudice Avocent**

Continuing the stay in this case will not prejudice Avocent. First, Avocent waited many years to instigate the present suit. Its long acquiescence illustrates that its rush to lift the stay now is tactical. Avocent, whose actions caused the overlap between this case and its case at the Court of Federal Claims, will not have to fight on two fronts and duplicate its efforts in two courts if the stay is maintained. In addition, if the stay in this case is not lifted, Avocent will be able to streamline its approach in this case based on what happens in the Court of Federal Claims case.

Additionally, Avocent has a long history of attempting to enforce its patents against singular defendants. In fact, Avocent's defense to having waited too long to bring the present case is that it was busy litigating against Raritan Computer Inc. from 2001-05, and that during the pendency of that case it had promised to sue others when that case concluded. Had Avocent needed the quick resolution that it now claims it must have, Avocent could have filed this case many years ago. In reality, at this point, Avocent is right where it has been by its own choosing for many years—litigating against one defendant (the United States) and Rose in the Court of Federal Claims while maintaining its assertions against others in this case. Having chosen to pursue another case while this case is stayed, Avocent cannot now claim prejudice. Nor has Avocent sought a preliminary injunction in this case, further demonstrating the lack of any pressing need for quick resolution.

Finally, the facts do not support Avocent's argument that it did not file the Court of Federal Claims case as a means of circumventing this Court's stay order, but instead in order to toll the running of the six year period (from the time of its complaint) during which it can collect damages. Avocent Br. at p. 3. Avocent has known about Rose's sales to the U.S. government since at least May 8, 1998, when its counsel represented to Judge Zilly that "Rose has a world-

O'MELVENY & MYERS LLP
400 S. HOPE STREET
LOS ANGELES, CA 90071-2899
TEL: (213) 430-6000 FAX: (213) 430-6407

wide distribution network through which it sells *the products at issue* to Fortune 500 companies, universities, *the United States government* and businesses of all sizes." (Winter Decl., Exh. 4 (Apex Brief, p. 4 (emphasis added).)

To the extent Avocent seeks to dispel what it told Judge Zilly, it cannot deny the fact that it knew that Rose was asserting a "government sales defense" under 28 U.S.C. § 1498 at least as early as June 4, 2007 when Rose first pled that defense in this case. (Doc. 111, p. 7.) If Avocent was genuinely concerned about maximizing its damages collection for Rose's sales to the U.S. government, it would have filed its lawsuit in the Court of Federal Claims at least ten years ago when it told Judge Zilly that Rose was selling its accused products to the U.S., or at least some time proximate to June 4, 2007 when Rose itself told Avocent that it was selling its accused products to the U.S. Avocent did neither. Instead, it filed the Court of Federal Claims case three months after Rose filed reexamination requests against Avocent's patents and successfully sought a stay of this case. This timing and these facts show that Avocent's case before the Court of Federal Claims is (and was) an end run around this Court's stay order and that the stay order is not denying Avocent its opportunity to litigate the patents-in-suit.

### C. If This Action Is Not Stayed, The Schedule Should Lag That Of The Court Of Federal Claims

If this Court opts to lift the stay, the defendants ask the Court to impose a schedule that avoids duplication and conflict with the Court of Federal Claims case. Avocent argues its proposed schedule provides three months[1] for the technology tutorial and then proceeds on the time frame calculated in the original scheduling order. Avocent Br., pp. 7-8. While this appears somewhat reasonable at first blush, Avocent's proposed schedule does not consider the effect of the pending Court of Federal Claims case dealing with the same patent claims. As Exhibit 5 shows, the result will be a significant duplication of efforts and possible inconsistent rulings between this Court and the Court of Federal Claims, as Avocent's proposed schedule sets most

[1] In reality, Avocent's proposed schedule actually proposes just two months. *See,* Knox Decl., Ex. 7 (Proposed Scheduling Order). Even if the Court adopts Avocent' proposal, the three month period should be measured from the date of the order lifting the stay.

O'MELVENY & MYERS LLP
400 S. HOPE STREET
LOS ANGELES, CA 90071-2899
TEL: (213) 430-6000 FAX: (213) 430-6407

of the important deadlines in this case within a few weeks or days of similar deadlines in the Court of Claims case. Winter Decl., Exh. 5.

For example, the Court of Federal Claims has scheduled the claim construction hearing regarding all three patents in suit in this case for October 1, 2009. Yet, Avocent urges this Court to conduct a completely separate and independent claim construction hearing on October 29, 2009, when neither the parties nor the Court is likely to have the benefit of the Court of Federal Claims rulings. To the extent the Court of Federal Claims claim construction ruling resolves any of the parties' disputes, this Court will benefit by awaiting that decision. And to the extent it resolves all of the parties' claim construction disputes, this Court need not conduct any Markman hearing at all. The only way to achieve that savings is to hold the claim construction hearing in this case after Judge Margolis publishes his claim construction ruling, which the defendants' proposed schedule seeks to do and Avocent's proposed schedule precludes.[2]

Furthermore, Avocent's proposed schedule separates the trials in the two cases by a scant four weeks, so Avocent and Rose will be engaging in pre-trial proceedings in this case, while trying the same issues in the Court of Federal Claims. Such a schedule is certain to present an undue hardship on the witnesses, parties and counsel and will produce inconsistent rulings and unnecessarily duplicate the efforts of the judicial officers of this Court and Court of Federal Claims. Moreover, if this Court were to stay this case until after final judgment in the Court of Federal Claims case, any adverse validity or enforceability decision that Avocent receives will have collateral estoppel effect in this case, thereby entirely eliminating the need for any trial by this Court. *Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found.,* 402 U.S. 313, 331-335 (1971). Again, the only way to achieve that savings is to hold trial of this case after Avocent receives a ruling from the Court of Federal Claims. *Consolidated Aluminum Corp. v. Hi-Tech Ceramics Inc.*, 7 U.S.P.Q.2d 1910, 1910-11 (W.D.N.Y. 1988) (staying the action pending resolution of another suit involving the patents "[d]ue to the possibility of a collateral estoppel defense in this

---

[2] Avocent's proposed schedule will force the parties to brief the claim construction issues for this case *before* the October 1 hearing in Judge Margolis' court, thereby assuring a duplication of (continued...)

O'MELVENY & MYERS LLP
400 S. HOPE STREET
LOS ANGELES, CA 90071-2899
TEL: (213) 430-6000 FAX: (213) 430-6407

Court, should a patent or patents be found to be invalid [in the other court]").

Accordingly, should the Court desire to lift the stay, the defendants propose an alternative schedule to provide sufficient time between the two cases to minimize the duplication of work by the Courts and the parties. But matters such as technology tutorials, claim construction, and the like should only be considered after the Court of Federal Claims has completed its consideration of those issues. To achieve that, the defendants propose a six month period between the lifting of the stay and the technology tutorial. It is believed that this time period will provide the parties and the Court with the potential benefits (and avoid the waste) identified above by giving the parties and the Court time to benefit from whatever saving are afforded by rulings from the Court of Federal Claims. Likewise, given that additional and substantive prosecution histories have developed in all of the patents-in-suit due to the intervening reexamination proceedings, this additional time allows the parties to exchange additional patent-specific discovery and further brief the Court in light of those additional prosecutions histories at the PTO. Like Avocent, the defendants propose to conduct the remainder of the proceedings according to the time frame of the original scheduling order. The defendants' proposed schedule is included in defendants' concurrently filed Proposed Order.

## IV. CONCLUSION

For the foregoing reasons, the defendants respectfully request that this Court deny Avocent's Motion and continue the stay of this case, or alternatively, set forth the schedule that the defendants propose.

Dated: August 17, 2009

Respectfully submitted,

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP

/s/ Michael A. Moore
Michael A. Moore, WSBA No. 27047
Attorneys for Defendant Belkin Corporation

(...continued)
efforts by the parties and the two courts. The potential this also raises for inconsistent Markman decisions is discussed above.

DEFENDANTS' OPPOSITION TO AVOCENT'S MOTION TO LIFT THE STAY
Case No. 2:06-1711 MJ

11

O'MELVENY & MYERS LLP
400 S. HOPE STREET
LOS ANGELES, CA 90071-2899
TEL: (213) 430-6000 FAX: (213) 430-6407

Of Counsel:
David P. Enzminger, CA Bar No. 137065
Ryan K. Yagura, CA Bar No. 197619
Vision L Winter, CA Bar No. 234172
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA  90071-2899
Tel:  (213) 430-6000
Fax:  (213) 430-6407
*Attorneys for Defendant Belkin Corporation*


YARMUTH WILSDON CALFO PLLC

/s/ C. Seth Wilkinson
925 Fourth Avenue, Suite 2500
Seattle, WA  98104
Tel:  (206) 516-3800
Fax:  (206) 516-3888

Michael S. Dowler
Jeffrey J. Phillips
HOWREY LLP
1111 Louisiana, 25th Floor
Houston, TX  77002
Tel: 713-787-1400
Fax: 713-787-1440

Brian L. Jackson
LAW OFFICE OF BRIAN L. JACKSON
1302 Waugh Drive, #582
Houston, TX  77019-3908
Tel: 713-522-5766
Fax: 713-583-5785

*Attorneys for Defendants Rose Electronics, Macourek, and Rahvar*

DEFENDANTS' OPPOSITION TO
AVOCENT'S MOTION TO LIFT THE STAY
Case No. 2:06-1711 MJ

12

O'MELVENY & MYERS LLP
400 S. HOPE STREET
LOS ANGELES, CA 90071-2899
TEL: (213) 430-6000  FAX: (213) 430-6407

Thomas F. Ahearne
FOSTER PEPPER PLLC
1111 Third Avenue, Suite 3400
Seattle, WA 98101-3299
Tel: 206-447-8934
Fax: 206-749-1902

Ming-Tao Yang
FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP
Stanford Research Park
3300 Hillview Avenue
Palo Alto, CA 94304-1203
Tel: 650.849.6783
Fax: 650.849.6666

*Attorneys for Defendants Aten International Co., Ltd. and Aten Technology Inc.*

DEFENDANTS' OPPOSITION TO AVOCENT'S MOTION TO LIFT THE STAY
Case No. 2:06-1711 MJ

13

O'MELVENY & MYERS LLP
400 S. HOPE STREET
LOS ANGELES, CA 90071-2899
TEL: (213) 430-6000 FAX: (213) 430-6407

CERTIFICATE OF SERVICE

I hereby certify that on August 17, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

John A. Knox
Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
jknox@wkg.com

James D. Berquist
J. Scott Davidson
Donald L. Jackson
DAVIDSON BERQUIST JACKSON & GOWDEY, LLP
4300 Wilson Blvd, Suite 700
Arlington, Virginia 22203
jay.berquist@davidsonberquist.com
scott.davidson@davidsonberquist.com
dlj@dbjg.com

Jeffrey J. Phillips
Michael S. Dowler
Brian L. Jackson
Howrey, L.L.P.
1111 Louisiana, 25th Floor
Houston, TX 77002
phillipsj@howrey.com
dowlerm@howrey.com
jacksonb@howrey.com

Thomas F. Ahearne
Jeremy R. Larson
Foster Pepper PLLC
1111 Third Avenue, Suite 3400
Seattle, WA 98101-3299
ahearne@foster.com
larsj@foster.com

Todd K. Johnston
Christopher R. Parker
Larry L. Saret
David L. DeBruin
Michael Best & Friedrich LLP
180 N. Stetson Ave., Suite 2000
Chicago, IL 60601
tkjohnston@michaelbest.com
crparker@michaelbest.com
llsaret@michaelbest.com
dldebruin@michaelbest.com

Richard J. Codding, Sr.
Akin Gump Strauss Hauer & Feld, LLP
2029 Century Park East, Suite 2400
Los Angeles, CA 90067-3012
rcodding@akingump.com

Ming-Tao Yang
Akin Gump Strauss Hauer & Feld, LLP
2 Palo Alto Square
3000 El Camino Real, Suite 400
Palo Alto, CA 94306
myang@akingump.com

C. Seth Wilkinson
Yarmuth Wilsdon Calfo PLLC
925 Fourth Avenue, Suite 2500
Seattle, WA 98104
swilkinson@yarmuth.com

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

Floyd R. Nation
Howrey, L.L.P.
1111 Louisiana, 25th Floor
Houston, TX 77002
nationf@howrey.com

David Enzminger
Vision L. Winter
Ryan K. Yagura
O'Melveny & Myers LLP
400 S. Hope Street
Los Angeles, CA 90071-2899
denzminger@omm.com
vwinter@omm.com
ryagura@omm.com

I declare under penalty of perjury under the laws of the state of Washington that the foregoing is true and correct.

/s/ Michael A. Moore
Michael A. Moore, WSBA No. 27047
CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Telephone: (206) 625-8600
Fax: (206) 625-0900
e-mail: mmoore@corrcronin.com

CERTIFICATE OF SERVICE – Page 2
No. C06-1711MJP

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

554 00002 hc153302