The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AVOCENT REDMOND CORP., a Washington corporation,

    Plaintiff,

v.

ROSE ELECTRONICS, a Texas general partnership; PETER MACOUREK, an individual; DARIOUSH "DAVID" RAHVAR, an individual; ATEN TECHNOLOGY INC., a California corporation; ATEN INTERNATIONAL CO., LTD., a Taiwanese Company; TRIPPE MANUFACTURING COMPANY, an Illinois corporation; and BELKIN INTERNATIONAL, INC., a Delaware corporation, and BELKIN, INC., a Delaware corporation,

    Defendants.

NO. C06-1711-MJP

REPLY BRIEF IN SUPPORT OF AVOCENT'S MOTION TO LIFT THE STAY AND ENTER A REVISED SCHEDULING ORDER

REPLY BRIEF IN SUPPORT OF AVOCENT'S MOTION TO LIFT THE STAY AND ENTER A REVISED SCHEDULING ORDER (C06-1711 MJP)

2591325.4

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

The defendants' collective response fails to provide a sufficient basis to maintain the present stay. This case was stayed to provide the PTO with the opportunity to review the defendants' invalidity contentions and to weigh in with its expert advice in the post-*KSR* world. It took nearly two years, but that review has run its course. Now the defendants urge this Court to maintain the stay to provide the Court of Federal Claims ("COFC") the opportunity to decide *a subset of the issues present in this action*. Under the defendants' proposed approach, the tail would wag the dog – only Avocent and Rose are parties to the COFC action and only a small portion of Rose's sales (those to the Federal Government) are at issue in that action. None of the Aten or Belkin defendants is involved in the COFC action, and these defendants will not be estopped by any decision reached in that case.

**A. ROSE'S FREE BITE AT THE APPLE**

In its Answer in the present action, Rose pled the "government sales" affirmative defense under 28 U.S.C. § 1498. (Dkt. Nos. 21, 94, 111 "Eighth Additional Defense".) Neither Aten nor Belkin raised that defense. Under Section 1498, the district court does not have jurisdiction to award damages under the Patent Act for infringing product made for or used by the Federal Government. Rather, claims for such acts must be brought against the United States in the COFC.

During discovery in this action, Rose identified a significant portion of its sales of the products accused of infringement in this action as being sales to the government, or GSA sales. Given the six-year limitation on damages provided by Section 286 of the Patent Act, Avocent was at risk of losing any right to compensation for these sales. Thus, on January 31, 2008, Avocent filed an action against the United States in the COFC seeking compensation for Rose's sales of accused KVM products to the Federal Government. Although Rose successfully moved to intervene in the COFC action as a Defendant-Intervenor, Rose has since taken the position that it is not a true defendant in that case, and that it will not be bound by any decision against the United States in the COFC action. (Ex. 1 to Berquist Decl., (email string between counsel in which Rose disputes being a defendant and disagrees with the suggestion that it will be bound by

REPLY BRIEF IN SUPPORT OF AVOCENT'S MOTION TO LIFT THE STAY AND ENTER A REVISED SCHEDULING ORDER – 1
(C06-1711 MJP)
2591325.4

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

any adverse COFC decision)). Thus, and contrary to the position taken in opposing the present motion to lift the stay, Rose contends that it will not be bound by the COFC decision.

Moreover, and as the result of discovery in the COFC action, Avocent has learned that Rose had significantly overstated its Section 1498 "government" sales in its disclosures in this action. Thus, the amount of Rose's sales at issue in this case is many times the amount at issue in the COFC. (Berquist Decl. ¶ 3). Further, under Section 1498, damages against the Federal Government are limited to "reasonable and entire compensation" for the United States' unlawful use of the invention. This potential limitation on damages combined with Rose's low sales volumes to the United States renders the COFC action cost ineffective, and Rose knows this. Indeed, that topic was the subject of discussion between counsel during which Rose's counsel advised that the COFC case provided Rose with another free bite at the apple. (Berquist Decl. ¶ 4). According to Rose, if Rose and the United States lose in the COFC, Rose would not be bound by the decision.[1] Like the PTO reexamination proceedings, Rose views the COFC action as another opportunity to attack Avocent's patents with little or no risk to itself. The defendants' goal is, as it has always been, to delay, or even avoid, trial on the merits in this Court.

## B. THE UNITED STATES BELIEVES THAT THE DISTRICT COURT ACTION SHOULD BE DECIDED FIRST

The United States has taken the position that the district court action should be decided first. (Ex. 2, at 4-5 and 7 to Berquist Decl., (Joint Preliminary Status Report in which the United States requested that the case be deferred (until after resolution of *Avocent Redmond Corp. v. Rose Electronics*, No. C06-1711-MJP (W.D. Washington))). It is the government's belief that a district court decision would eliminate the need for a trial at the COFC, and that at worst, the only issue the COFC would be forced to resolve would be a damages accounting as to the sales Rose is able to demonstrate were made to the Federal Government and therefore subject to Section 1498.

[1] The COFC also lacks jurisdiction to enjoin the government's purchase and use of Rose's products. *De Graffenried v. United States*, 29 Fed. Cl. 384, 391 (1993). Thus, even a decision favorable to Avocent at the COFC will not restrain Rose's infringing activities.

REPLY BRIEF IN SUPPORT OF AVOCENT'S MOTION TO LIFT THE STAY AND ENTER A REVISED SCHEDULING ORDER – 2 (C06-1711 MJP)
2591325.4

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

Given the fact that the COFC action addresses only a subset of the issues presented in this action, only one defendant in this action is party to the COFC action, and that action is not cost justified, this action should be the action to proceed. Avocent brought its motion to lift the stay when it did to avoid having two different discovery periods in which discovery in this action would trail discovery in the COFC action by a couple of months, possibly requiring the deposition of the same witnesses in both actions just weeks apart. Such an approach would result in the waste of everyone's resources, yet that appears to be the proposal the defendants present. Rose seeks to depose all 6 of the inventors in the COFC action and will do the same in this action. None of the inventors is employed by Avocent. Avocent's counsel has already received push-back from some of these third parties that they do not want to take time away from their jobs to sit for deposition once, much less multiple times. Avocent conferred with the Justice Department on August 18 (the day after it received the defendants' opposition brief) and confirmed that the United States would join Avocent in a motion to stay the COFC action until the conclusion of this action, if the stay of this action is lifted. (Berquist Decl. ¶ 8). Such an approach would preserve Avocent's potential Section 1498 damages claim against the government, preserve the resources of the parties and third-parties, and reduce the likelihood of inconsistent results. It would also eliminate the incongruity of the tail wagging the dog.

**C. THE COFC CASE STILL LAGS TRIAL PREPARATION IN THIS CASE**

The defendants wrongly suggest that case development in the COFC action is so far along that proceedings in this case should be deferred until proceedings in the COFC conclude. The reality, however, is quite different. This case was stayed after the parties had fully briefed the *Markman* claim construction issues, and about a week before the long-scheduled *Markman* hearing. In the COFC action, Opening *Markman* briefs are due August 21, 2009. Thus, it is wrong to suggest that the COFC action is at a procedurally advanced stage compared to this case.[2] Nor can the defendants argue that discovery is further along in the COFC action.

[2] The defendants also wrongly suggest that this Court may not need to conduct a *Markman* hearing following the claims construction entered in the COFC action. Opp. Memo. at 10. But like the defendants' argument that the reexamination would likely eliminate the need for a trial in

REPLY BRIEF IN SUPPORT OF AVOCENT'S MOTION TO LIFT THE STAY AND ENTER A REVISED SCHEDULING ORDER – 3
(C06-1711 MJP)
2591325.4

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

Preparation of the COFC action was delayed months by Rose's decision to argue for the inclusion of a prosecution bar in the Protective Order in that action. Rose argued in favor of that bar even though this Court had previously rejected that very provision. (Dkt. No. 99.) That dispute blocked discovery for months. As a result, no substantive deposition has been taken in the COFC action. Indeed, the only deposition taken in that action relates to Rose's motion to disqualify Avocent's technical expert from accessing confidential discovery from Rose. By contrast, prior to the entry of the present stay, Avocent had taken substantive depositions in this case and was making steady progress in its trial preparations.

To the extent that the status of case development is relevant, it favors proceeding with this case over the COFC action.

**D. AVOCENT'S REQUEST TO LIFT THE STAY IS TIMELY**

As noted above, Avocent is concerned that at some point case preparations in the COFC will be so far advanced that it would wasteful to not proceed with that action. Indeed, that seems to be the defendants' primary argument in favor of deferring this case while the COFC action continues. This Court should be aware, however, that if the present stay is lifted, Avocent promptly will file a motion to stay the COFC action. Waiting more than a couple of weeks to advise the COFC of this development would be unfair to Judge Margolis of the COFC and wasteful of everyone's resources. The defendants urge this Court to defer any decision until Avocent actually receives the printed Reexamination Certificates from the PTO, apparently thinking that a delay of another three or four weeks will strengthen their argument for maintaining the stay because the COFC action will lead activity in this action by six months. (*See* Opp. Memo. at 4). But such an approach promotes form over function and wastes Judge Margolis' resources on motions and hearings that need not occur.

The publication of the Reexamination Certificate is a ministerial act. The reexamination proceeding terminates once a Notice of Intent to Issue a Reexamination Certificate ("NIRC") is

---

this action, the defendants' analysis presupposes that Avocent will lose and be bound by that decision.

REPLY BRIEF IN SUPPORT OF AVOCENT'S MOTION TO LIFT THE STAY AND ENTER A REVISED SCHEDULING ORDER – 4
(C06-1711 MJP)
2591325.4

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

issued. *See* Section 2287 of the PTO's Manual of Patent Examining Procedure (called the "MPEP") ("A NIRC informs the patent owner and any third party requester that the reexamination prosecution has been terminated."); (Ex. 3 to Berquist Decl., MPEP § 2287). At that point, the file is sent to an outside contractor for publication of the certificate itself. That process normally takes about 10 to 12 weeks. In the case of the '264 patent, the Notice of Intent was issued on March 31, 2009 and the Reexamination Certificate was issued on June 23, 2009, just *under* three months later.

Although the PTO can reconsider its earlier action any time before the Reexamination Certificate issues, *In re Bass*, 314 F.3d 575, 577 (Fed. Cir. 2002), the facts of that case are readily distinguishable. In that case, there was no district court litigation and there was no stay. Rather, the only issue was whether the PTO *could* withdraw an intent to issue a Reexamination Certificate. *Id.* at 577. Unlike the situation here, time in that case was not critical – a second-filed action was not proceeding while the first-filed action remained stayed.

Moreover, the current version of the PTO's MPEP essentially forecloses the *In re Bass* situation. The MPEP is the instruction manual used by PTO examiners which details how the PTO interprets and implements the Patent Act and Title 37 of the Code of Federal Regulations. Section 2295 of the MPEP provides:

> If a second request for reexamination of a patent is filed where the certificate for the first reexamination of the patent will issue *within 3 months from the filing of the second request*, the proceedings normally will not be merged.

(Ex. 4 to Berquist Decl., MPEP § 2295) (emphasis added). As noted above, this 3 month period roughly coincides with the amount of time the contractor needs to actually print the Reexamination Certificate. Rose filed its second round of reexamination requests on July 29, 2009. Thus, unless the PTO ignores Section 2295 of the MPEP, the '096 and '978 Patent Reexamination Certificates will issue on about October 7, 2009. The defendants simply fail to explain their suggestion that the PTO might not issue the Reexamination Certificates as presently scheduled.

REPLY BRIEF IN SUPPORT OF AVOCENT'S MOTION TO LIFT THE STAY AND ENTER A REVISED SCHEDULING ORDER – 5
(C06-1711 MJP)
2591325.4

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

In the meantime, the parties in the COFC action will have completed the *Markman* briefing and hearing, and Judge Margolis will have conducted a hearing on Rose's motion to exclude Avocent's technical expert and Rose's motion to limit Avocent's ability to assert more than 10 patent claims. The substantive reexamination process is plainly at an end. Waiting for the PTO to actually print the Reexamination Certificates while Judge Margolis continues his work on the COFC action is not the best course of action, particularly where a stay of that action is expected after the stay in this case is lifted.

**E. THE SCHEDULING ORDER**

The Defendants propose a Scheduling Order that provides more time up front to revise the existing *Markman* briefs and adds time on the end to ensure that any trial in this action would follow the COFC trial by months to avoid inconsistent rulings. But if the stay of this case is lifted, Avocent will move to stay the COFC action. In addition, Avocent submits that the reexamination proceedings did not materially alter the scope of the asserted patent claims. Thus, the parties do not need time to brief the *Markman* issues from scratch – the claim construction issues have already been fully briefed. In any event, whether this Court accepts the dates proposed in Avocent's draft schedule or the dates proposed by the defendants (or picks dates in between), Avocent respectfully requests that the stay be lifted and a new Scheduling Order issued.

DATED this day 21st of August, 2009.

s/John A. Knox, WSBA #12707
Attorneys for Plaintiff Avocent Redmond Corp.
WILLIAMS, KASTNER & GIBBS PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
P: (206) 628-6600
F: (206) 628-6611
Email: jknox@williamskastner.com

James D. Berquist
J. Scott Davidson
Donald L. Jackson
DAVIDSON BERQUIST JACKSON & GOWDEY, LLP
4300 Wilson Blvd., Suite 700
Arlington, Virginia 22203
P: (703) 894-6400;
F: (703) 894-6430
Email: jay.berquist@davidsonberquist.com; scott.davidson@davidsonberquist.com; dlj@dbjg.com

Attorneys for Plaintiff Avocent Redmond Corp.

REPLY BRIEF IN SUPPORT OF AVOCENT'S MOTION TO LIFT THE STAY AND ENTER A REVISED SCHEDULING ORDER – 7
(C06-1711 MJP)
2591325.4

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

*Attorneys for Rose Electronics, Peter Macourek, and Darioush "David" Rahvar:*

C. Seth Wilkinson
YARMUTH WILSDON CALFO PLLC
925 Fourth Ave., Suite 2500
Seattle, WA 98104

Michael S. Dowler
Jeffrey J. Phillips
HOWREY LLP
1111 Louisiana, 25th Floor
Houston, TX 77002

Brian L. Jackson
LAW OFFICE OF BRIAN L. JACKSON
1302 Waugh Drive, #582
Houston, TX 77019-3908

*Attorneys for Aten Technology, Inc. and Aten International Co., Ltd.:*

Thomas F. Ahearne
FOSTER PEPPER PLLC
1111 Third Avenue, Suite 3400
Seattle, WA 98101-3299

Ming-Tao Yang
FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP
Stanford Research Park
3300 Hillview Avenue
Palo Alto, CA 94304-1203

*Attorneys for Belkin International, Inc. and Belkin, Inc.:*

Michael A. Moore
CORR CRONIN MICHELSON BAUMGARDNER & PREECE LLP
1001 4th Ave Ste 3900
Seattle, WA 98154-1051

David P. Enzminger
Ryan K. Yagura
Vision L. Winter
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071-2899

DATED this 21st day of August, 2009.

s/John A. Knox, WSBA #12707
Attorneys for Plaintiff Avocent Redmond Corp.
WILLIAMS, KASTNER & GIBBS PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
P: (206) 628-6600
F: (206) 628-6611
Email: jknox@williamskastner.com

REPLY BRIEF IN SUPPORT OF AVOCENT'S MOTION TO LIFT THE STAY AND ENTER A REVISED SCHEDULING ORDER – 8
(C06-1711 MJP)
2591325.4

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600