1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AVOCENT REDMOND CORP., a Washington
corporation,

               Plaintiff,

     v.

ROSE ELECTRONICS, a Texas general
partnership; PETER MACOUREK, an
individual; DARIOUSH "DAVID" RAHVAR,
an individual; ATEN TECHNOLOGY INC., a
California corporation; ATEN
INTERNATIONAL CO., LTD., a Taiwanese
Company; BELKIN INTERNATIONAL, INC.,
a Delaware corporation, and BELKIN INC., a
Delaware corporation,

               Defendants.

NO. C06-1711-MJP

JOINT STATUS REPORT IN
RESPONSE TO THE COURT'S
OCTOBER 26, 2010 ORDER

       The parties hereby provide their respective response to the Court's October 26, 2010

Order requesting a Joint Status Report.  Counsel for the defendants have given plaintiff's counsel

authorization to file this joint report.

## I.    AVOCENT'S RESPONSE

       This is a patent infringement action in which the plaintiff, Avocent Redmond Corp.

("Avocent") asserts U.S. Patent Nos. 5,884,096 ("the '096 patent"), 6,112,264 ("the '264

patent"), and 7,113,978 ("the '978 patent") against three of its direct competitors.  Avocent

initiated this action on November 27, 2006 and proceeded up through *Markman* briefing, with a

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1  *Markman* hearing scheduled for November 29, 2007.  On October 30, 2007, upon the motion of

2  the Rose Electronics defendants, this Court stayed the action pending resolution of Patent Office

3  reexamination of the three patents-in-suit.

4          The Patent Office concluded all three reexamination proceedings by confirming the

5  validity of Avocent's patents.  These determinations were made on a patent-by-patent basis, with

6  the last of these decisions being made in mid-2009.  On August 6, 2009, Avocent asked this

7  Court to lift the stay in light of the favorable conclusion of the Patent Office reexamination

8  proceedings.  (*See* Doc. No. 210).  The defendants opposed that motion on the grounds that the

9  Reexamination Certificates for two of the three patents had not printed prior to the filing of

10  Avocent's motion and on the further grounds that in the defendants' collective view, the best

11  policy was to continue the stay pending conclusion of Avocent's later-filed Court of Federal

12  Claims action against the United States relating to its purchase of accused Rose products.  (*See*

13  Doc. No. 212).  On October 27, 2009, this Court declined to lift the stay on the grounds that its

14  analysis of the factors considered in denying Avocent's first motion to lift the stay remained

15  valid and lifting the stay may result in duplicative proceedings.

16          On July 7, 2010, following receipt of Judge Margolis' Markman claim construction

17  ruling in the Court of Federal Claims action, and one of Judge Margolis' summary judgment

18  rulings, this Court requested that the parties file a Joint Status Report in this action.  (*See* Doc.

19  No. 223).  Upon review of that report, this Court declined to lift the stay on October 26, 2010.

20  (*See* Doc. No. 231).  In that Order, this Court instructed the parties to provide an updated Joint

21  Status Report on April 26, 2011.

22          Between July and November 2010, Judge Margolis issued ten additional summary

23  judgment rulings, each of which were filed with this Court.  (*See* Doc. Nos. 224, 226, 227, 228,

24  229, 230, 232).  Judge Margolis denied all five of Rose's non-infringement summary judgment

25  motions, leaving all of those issues for trial.

26          In November 2010 and February 2011, Judge Margolis successfully conducted two in-

27  chambers settlement conferences with Avocent, Rose, and the United States.  As a result of those

JOINT STATUS REPORT IN RESPONSE TO THE COURT'S
OCTOBER 26, 2010 ORDER - 2
(C06-1711-MJP)
3138299.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

meetings, the parties have agreed in principle to settle their dispute in a manner that would encompass Avocent's claims against Rose in the present case as well.  The details of that agreement are in the process of being finalized and no payment has been received yet, but the parties in that action expect to file a Stipulated Judgment to end the Court of Claims litigation, and to file a stipulated dismissal of Avocent's claims against Rose in this action.  Once the parties in the Court of Claims action finalize their settlement agreement, only Aten and Belkin will remain as defendants in the present action.  With settlement in the Court of Federal Claims action imminent, that case will not further narrow any of the small number of issues that overlap those in this case.

Avocent responds to the Defendants' April 22, 2011 proposed section of this Report, attached at Tab A, as follows[1]:

1.   The Defendants' submission is not a factual recitation of current status, but rather an argument identifying reasons for more delay;

2.   The Defendants mischaracterize the status of the Court of Federal Claims action as "nearing trial." The parties in that action have reached agreement in principle to settle and are finalizing the settlement agreement.  Given Judge Margolis' personal participation with the parties during two days of mediation, it is not clear that he would preside over trial if the parties fail to finalize that agreement.  Lifting the stay in this action would not "disrupt" settlement of that action, if anything, it would provide impetus to the parties to finalize the settlement agreement.  Moreover, even if Avocent and Rose did not settle, and a trial were to occur at some unknown point in the future, that trial would not address Avocent's infringement claims against the

---

[1] Avocent's counsel wrote defense counsel on April 1 proposing a schedule for preparing the JSR to avoid the parties' prior problems with creation of joint submissions.  Avocent proposed to circulate a draft JSR on April 12, the defendants circulate a draft with their revisions on April 18 and Avocent circulate another draft with its responses to defendants' additions on April 21.  Defense counsel never responded to this letter, so Avocent's counsel again wrote defense counsel on April 11. soliciting their proposal for preparing the JSR.  Defense counsel responded on April 15, proposing that the parties cross-exchange their respective sections on April 22 and cross-exchange their updated final sections by noon on April 26 with Avocent charged with combining the final sections "without making any changes" and circulating a final draft for approval before filing. This Report was created according to the defense proposal.

JOINT STATUS REPORT IN RESPONSE TO THE COURT'S
OCTOBER 26, 2010 ORDER - 3
(C06-1711-MJP)
3138299.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1   Aten or Belkin defendants, and it would account for a small portion of even the Rose

2   defendants' sales;

3.  The Defendants overstate the overlap between this litigation and the action Avocent

4       initiated against Raritan in August 2010.  Not one of the defendants in this action is

5       party to the action filed against Raritan in 2010.  Moreover, not one of the products

6       accused of infringement in this action is accused of infringement in the 2010 Raritan

7       action.   The infringement analyses in that case are unique to it.  No trial is currently

8       scheduled in the Raritan action; and,

9.  4.  The Defendants' discussion of the status of the PTO reexaminations fails to

10      acknowledge that all claims of two of the three patents-in-suit have been re-confirmed

11      during reexamination, twice.  Each and every one of the re-confirmed claims are

12      directed to KVM switches that include an on-screen menu through which the switch

13      can be controlled.  The thirty three claims of the '978 patent directed to the on-screen

14      menu control feature were also twice confirmed during reexamination; nine claims of

15      that patent, directed to the so-called "pod-switch-pod" architecture, were rejected

16      during the second round of reexaminations.  Each and every one of the products

17      accused of infringement in this action include the patented on-screen switch control

18      feature, only a handful of those products also include the "pod-switch-pod"

19      architecture.  To infringe a patent, a product need only infringe one claim of the

20      patent.  Even if the PTO cancels the nine rejected claims of the '978 patent, and that

21      decision is more than two years away, Avocent could still establish infringement of

22      the other thirty three, twice re-confirmed, claims of this patent, for each and every

23      one of the products accused of infringement in this case.  Trial of Avocent's

24      infringement claims under the '978 patent will be necessary whether or not the nine

25      rejected claims are cancelled.

26  ///

27  ///

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

## II.    DEFENDANTS'[2] STATUS SUBMISSION

The Court stayed this case pending the outcome of reexamination proceedings at the Patent Office involving each of the three patents Avocent asserted in this case (Dkt. Nos. 177, 191), and later further in view of Avocent's pending parallel case involving the same three patents at the Court of Federal Claims  (Dkt. No. 218).  In denying Avocent's most recent request to lift the stay, the Court held:

> Where there are two related patent cases pending in separate federal courts, a district court may stay its proceedings 'in deference to the related action'.  Pfizer v. Apotex Inc., No. 08-cv-7231, 2009 WL 1657572, at *4 (N.D. Ill. June 12, 2009).  In light of the parallel proceeding, the Court's analysis of the factors considered when it denied Plaintiff's first motion to lift the stay remains valid.  (See Dkt. No. 191.)  The Court declines to lift the stay at this time as it may result in duplicative proceedings.

(Dkt. No. 218, October 27, 2009 Order on Motion to Lift Stay at pp. 1-2.)

As described below, Avocent's parallel proceeding at the Court of Federal Claims is approaching trial, and Avocent is currently appealing the Patent Office's final rejection of several of Avocent's asserted patent claims.  Exacerbating the prospect of confusion, inconsistent rulings, and wasted effort from duplicative proceedings, Avocent recently initiated a third related litigation—this time in the Southern District of New York—involving the same patents asserted in this case and in the Court of Federal Claims.  Without the stay in place, Avocent will be litigating the same three patents in three different courts simultaneously with overlapping issues of discovery, claim construction, patent validity, infringement, enforceability, and damages.  Such unnecessary toll on three separate courts' and multiple parties' resources is what this Court in its initial and subsequent orders staying this case attempted to prevent and has prevented.  Indeed, the Court's stated reasons for staying this case, and keeping it stayed, are more compelling now than they ever were.

---

[2] Two of the Defendant groups, ATEN (ATEN Technology Inc. and ATEN International Co., Ltd.) and Belkin (Belkin International, Inc. and Belkin Inc.) do not participate in the case before the U.S. Court of Federal Claims and the reexamination proceedings before the United States Patent and Trademark Office, and, therefore, defer to the other defendants regarding the status of those matters submitted herein.  As to the reasons that the Court should maintain the stay that is currently in place, ATEN and Belkin join other defendants in submitting the points discussed below.

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

**A.    The Status of Avocent's Pending, Duplicative Case at The Court of Federal Claims**

Three months after the Court stayed this case, Avocent sought an end-run around that stay by filing suit on the same patents in the U.S. Court of Federal Claims.  Avocent's claims, while being asserted against the U.S. government, were directed to many of Rose's products that Avocent previously accused of infringement in this Court, forcing Rose to intervene in the Court of Federal Claims.  That case is now nearing trial.  The court issued its claim construction ruling, fact and expert discovery is complete, pretrial memorandums of fact and law have been exchanged, and the witness and exhibit lists have been exchanged.  The parties have submitted deposition designations, filed motions in limine, and filed 14 dispositive motions.  According to the court's scheduling order, trial will begin 49 days after the court rules on one remaining dispositive motion.  (Exh. 1, Scheduling Order.)(The court has issued rulings on the parties' other 13 dispositive motions.)

As indicated above, this Court previously found that this case and the Court of Federal Claims case are duplicative.  (Dkt. No. 218, October 27, 2009 Order on Motion to Lift Stay.)  Specifically, Avocent can no longer maintain this case if the Court of Federal Claims finds Avocent's patents invalid or unenforceable.  Similarly, the Court of Federal Claims' non-infringement findings may also moot many of the issues disputed in this case.

Finally, the parties to the Court of Federal Claims case have been engaging in court-mediated settlement discussions, which contrary to Avocent's characterization as "successful" and "imminent," remain active at the time the parties submit this report.  (Attached as Exhibit 2 is an email Avocent sent Rose on April 20, 2011, withdrawing all of Avocent's prior settlement offers and attaching a very different proposal that Rose is in the process of evaluating.)  The premise of all those discussions has been "global" in nature, meaning that if that case settles, it will involve settlement of this case and the Court of Federal Claims case.  Thus, if the Court of Federal Claims case settles, three of the parties to this case (Rose Electronics, Darioush Rahvar,

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1   and Peter Macourek) will no longer be involved if the case is reinstated.  Lifting the stay in this

2   case would disrupt and likely scuttle that potential settlement.

3       **B.**    **The Status of Avocent's Pending, Duplicative Case at The Southern District**

4               **of New York**

5         Again circumventing the stay in this case, Avocent filed yet another duplicative suit on

6   August 14, 2010.  This time Avocent sued Raritan Americas, Inc. and Raritan, Inc. in the

7   Southern District of New York for, among other things, infringement of each of the same three

8   patents asserted in this case.  Fact discovery in that case is scheduled to close in five months on

9   August 30, 2011 and expert discovery closes another three months later on November 29, 2011.

10  (Exh. 3, Scheduling Order.)

11        Due to the complete overlap of the asserted patents in this and the Southern District of

12  New York case, many overlapping issues of discovery, claim construction, patent validity,

13  infringement, enforceability, and damages will arise in that case that have arisen or will arise in

14  the Court of Federal Claims case, and in this case if the stay was not in place to preclude

15  unnecessarily duplicative efforts by three different courts.  (Dkt No. 218, Order on Motion to Lift

16  Stay, p. 2 ("The Court declines to lift the stay at this time as it may result in duplicative

17  proceedings.").)

18      **C.**    **The Status of the Patent Reexamination Proceedings**

19        The Patent Office has twice ordered reexamination of the Avocent patents.  Contrary to

20  Avocent's characterization that the reexamination proceedings have been concluded, one of the

21  three patents asserted in this case is still in the second reexamination process.  On January 18,

22  2011 the Patent Office rejected claims 27-32, 34, 38, and 41 of U.S. Patent 7,113,978  (Exh. 4,

23  Final Rejection), all of which Avocent has asserted in this case.  On February 18, 2011, Avocent

24  appealed the patent examiner's final rejection to the Board of Patent Appeals and Interferences.

25  (Exh. 5.)  Unless Avocent prevails on its appeal, all of those rejected claims will be declared

26  invalid.

27

JOINT STATUS REPORT IN RESPONSE TO THE COURT'S
OCTOBER 26, 2010 ORDER - 7
(C06-1711-MJP)
3138299.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1    With the possible elimination of at least 9 patent claims from this case, the reexamination

2  process appears likely to accomplish one of the Court's stated reasons for initially staying this

3  case.  (Dkt. No. 191, Order Denying Plaintiff's Motion to Lift Stay ("Before issuing its [stay]

4  order….the court considered the three factors relevant to the issue of a stay… (2) whether the

5  results of the reexamination proceedings are likely to simplify this action…. .").).)

6    For the above reasons, Defendants respectfully submit that the Court should maintain the

7  stay in this case because Avocent's pending and parallel litigation, as well as its pending appeal

8  of the Patent Office's rejections of some of Avocent's asserted claims, once concluded, will

9  render Avocent's pending case or many of the parties' disputed issues moot.

10    DATED this 26th day of April, 2011.

11                               s/John A. Knox
                                 John A. Knox, WSBA #12707
12                               WILLIAMS, KASTNER & GIBBS PLLC
                                 601 Union Street, Suite 4100
13                               Seattle, WA  98101-2380
                                 Tel:  (206) 628-6600
14                               Fax:  (206) 628-6611
                                 jknox@williamskastner.com
15

16                               James D. Berquist
                                 J. Scott Davidson
17                               Donald L. Jackson
                                 DAVIDSON BERQUIST JACKSON & GOWDEY, LLP
18                               4300 Wilson Blvd., Suite 700
                                 Arlington, Virginia 22203
19                               Tel: (703) 894-6400
                                 Fax: (703) 894-6430
20
                                 jay.berquist@davidsonberquist.com
21                               scott.davidson@davidsonberquist.com
                                 don.jackson@davidsonberquist.com
22

23                               *Attorneys for Plaintiff Avocent Redmond Corp.*

24

25

26

27

JOINT STATUS REPORT IN RESPONSE TO THE COURT'S
OCTOBER 26, 2010 ORDER - 8
(C06-1711-MJP)
3138299.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1

## CERTIFICATE OF SERVICE

2

3    The undersigned hereby certifies that the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

4

5    *Attorneys for Rose Electronics, Peter Macourek, and Darioush "David" Rahvar:*

6    Jeremy E Roller                           Michael S. Dowler
     Yarmuth Wilsdon Calfo PLLC                Park Vaughn Fleming & Dowler
7    818 Stewart St. Ste. 1400                 5847 San Felipe Ste 1700
     Seattle, WA 98101                         Houston, TX 77057

8    Jeffrey J. Phillips                       Brian L. Jackson
     Floyd R. Nation                           LAW OFFICE OF BRIAN L. JACKSON
9    WINSTON & STRAWN LLP                      1302 Waugh Drive, #582
     1111 Louisiana, 25th Floor                Houston, TX 77019-3908
10   Houston, TX 77002

11

12   *Attorneys for Aten Technology, Inc. and Aten International Co., Ltd.:*

13   Thomas F. Ahearne                         Ming-Tao Yang
     FOSTER PEPPER PLLC                        FINNEGAN, HENDERSON, FARABOW,
14   1111 Third Avenue, Suite 3400            GARRETT & DUNNER, LLP
     Seattle, WA 98101-3299                    Stanford Research Park
15                                             3300 Hillview Avenue
                                               Palo Alto, CA 94304-1203
16

17   *Attorneys for Belkin International, Inc. and Belkin, Inc.:*

18   Michael A. Moore                          David P. Enzminger
     CORR CRONIN MICHELSON BAUMGARDNER         Ryan K. Yagura
19   & PREECE LLP                              Vision L. Winter
     1001 4th Ave Ste 3900                     O'MELVENY & MYERS LLP
20   Seattle, WA 98154-1051                    400 South Hope Street
                                               Los Angeles, CA 90071-2899

21   DATE this 26th day of April, 2011.

22                                   s/John A. Knox _____

23

24

25

26

27

JOINT STATUS REPORT IN RESPONSE TO THE COURT'S
OCTOBER 26, 2010 ORDER - 9
(C06-1711-MJP)
3138299.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600