THE HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
SEATTLE DIVISION

| | |
|---|---|
| AVOCENT REDMOND CORP., a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>ROSE ELECTRONICS, a Texas general partnership; PETER MACOUREK, an individual; DARIOUSH "DAVID" RAHVAR, an individual; ATEN TECHNOLOGY INC., a California corporation; ATEN INTERNATIONAL CO., LTD., a Taiwanese Company; TRIPPE MANUFACTURING COMPANY, an Illinois corporation; BELKIN INTERNATIONAL, INC., Delaware corporation, and BELKIN, INC., a Delaware corporation,<br><br>Defendants. | CASE NO. 2:06-1711 MJP<br><br>**DEFENDANTS' OPPOSITION TO AVOCENT'S MOTION TO LIFT THE STAY AND REQUEST FOR A SCHEDULING CONFERENCE**<br><br>NOTE FOR MOTION CALENDAR:<br>May 13, 2011 |

DEFENDANTS' OPPOSITION TO AVOCENT'S MOTION
TO LIFT THE STAY AND REQUEST FOR A
SCHEDULING CONFERENCE
No. 06-1711 MJP

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

## I. INTRODUCTION

Avocent once again asks this Court to lift the stay in this case arguing the same facts relied upon in its prior requests to lift the stay. Straining for new facts to support what is really an untimely motion for reconsideration, Avocent alleges that the parallel case before the Court of Federal Claims ("COFC") is "drawing to a close" and claims that the nine asserted claims still subject to reexamination are relatively unimportant. Avocent's one new argument is that the competition between Avocent and Aten has grown "sharper over the past year" which allegedly favors lifting the stay.[1] Avocent's arguments miss the point and the current facts support maintaining the stay more than ever.

All of the key facts that previously counseled in favor of maintaining the stay are still present -- the parallel COFC litigation is ongoing, and the reexamination proceedings have not concluded. In addition, Avocent recently sued Raritan on the same patents in the Southern District of New York -- a third parallel federal court proceeding litigating the same validity, infringement, and damages issues for the same patents. Avocent's claim that the COFC litigation is all but settled is belied by the fact that Avocent withdrew all settlement offers and proposed a new settlement agreement just one week prior to filing their request to lift the stay. (See Dkt. No. 236-3, April 20, 2011 email from S. Davidson to M. Dowler). While the parties have discussed

---

[1] Ironically, in the case that Avocent cited for this proposition, Avocent's local counsel, who was appearing for the defendant in that case, argued that direct competition between the parties was a "relatively insignificant point[]" that is "just not the type[] of factor[] that this Court considers." See F5 Networks, Inc. v. A10 Networks, Inc., Case No. 2:10-cv-00654-MJP (Dkt. No. 53) ("this Court has never recognized a 'direct competitor' factor [and should not do so now]").

DEFENDANTS' OPPOSITION TO AVOCENT'S MOTION
TO LIFT THE STAY AND REQUEST FOR A
SCHEDULING CONFERENCE – Page 1
**No. 06-1711 MJP**

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

settlement for months, there is no final settlement. Further, Avocent does not even argue that the reexamination proceedings are almost complete, instead, Avocent claims that the nine rejected claims still in reexamination are only found in "one or two" of the accused KVM products. If true, why does Avocent insist on appealing the PTO rejections and keeping the claims in the case? The facts are that one of the three asserted patents remains in reexamination and nine asserted claims that Avocent is litigating currently stand finally rejected. [2]

Lifting the stay now would force the parties and the Court to litigate issues that two other federal courts are currently considering, one of which is on the eve of trial. Lifting the stay now would also result in a trial on nine patent claims that the Patent Office has already declared invalid -- thus virtually assuring a waste of the Court's and the parties' time and resources.

## II. ARGUMENT

### A. Avocent's Motion Is Nothing More Than an Untimely Motion For Reconsideration

Avocent's current motion, despite the caption, is an untimely motion for reconsidering the Court's October 27, 2009 Order denying Avocent's Motion to Lift the Stay (Dkt. No. 218) and the Court's October 26, 2010 Order continuing the stay in this case (Dkt. No. 231). In its current

---

[2] Again, in the words of Avocent's local counsel in the *F5 Networks* case: "[b]ecause the scope of those patents will be virtually indeterminate until the Patent Office's work is completed, [a stay is appropriate] during which time the Patent Office can apply its expertise and fully reconsider the patentability of the asserted claims in light of the relevant prior art." *F5 Networks, Inc. v. A10 Networks, Inc.*, Case No. 2:10-cv-00654-MJP (Dkt. No. 46) at 1-2.

DEFENDANTS' OPPOSITION TO AVOCENT'S MOTION
TO LIFT THE STAY AND REQUEST FOR A
SCHEDULING CONFERENCE – Page 2
**No. 06-1711 MJP**

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

motion, Avocent rehashes the arguments that were, or could have been, raised in its prior two attempts to lift the stay. The Court should deny the motion on this basis alone.

Motions for reconsideration are "disfavored," and will be denied unless the moving party shows manifest error or new facts or legal authority that could not reasonably have been brought to the Court's attention earlier. Local Rule CR 7(h)(1). Further, they must be filed within ten court days of the ruling. Local Rule CR 7(h)(2)-(3). Because Avocent's motion for reconsideration is untimely (filed roughly 19 months after the Court's 2009 Order and seven months after the Court's 2010 Order), it should be denied. Local Rule CR 7(h)(2); *Walker v. U.S.*, 2008 WL 375204 at *7 (W.D. Wash. Feb 11, 2008). In addition to being untimely, the motion identifies no manifest error in the Court's prior ruling or any facts or law that could not have been raised previously. The only "new" facts that Avocent identifies are settlement talks by the parties in the COFC case and allegedly sharper competition between Avocent and Aten. Aside from attorney argument, the only evidence regarding settlement discussions is the April 20, 2011 email where Avocent withdraws all prior settlement offers and proposes a new agreement. (*See* Dkt. No. 236-3). No agreement has been reached and mere settlement discussions hardly constitute a new fact, let alone one that justifies lifting the stay. In regards to allegedly "sharper" competition, Avocent submits a declaration from Avocent employee Steven Jehring (Dkt. No. 239) explaining how Avocent's **2009** bids and proposals were rejected. (*See Id.* at 2). Without addressing the truth or relevance of these alleged facts, that evidence could have been presented to the Court in Avocent's previous requests to lift the stay.

DEFENDANTS' OPPOSITION TO AVOCENT'S MOTION
TO LIFT THE STAY AND REQUEST FOR A
SCHEDULING CONFERENCE – Page 3
No. 06-1711 MJP

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

Further, as discussed below, even if the Court finds Avocent's motion to be procedurally proper and considers the motion on the merits, the one new event that has taken place, the parallel *Avocent v. Raritan* litigation, weighs heavily in favor of maintaining the stay, not lifting it.

B.  **The Parallel Proceedings in the Court of Claims Case Have Not Been Settled**

Contrary to Avocent's contention, Avocent's recent letter to Rose affirmed there has been no agreement or settlement of the parallel COFC case involving these same three patents. Just days before Avocent filed its request to lift the stay, Avocent withdrew all of its prior settlement offers in that case and proposed a new settlement agreement. (Dkt. No. 236-3) (counsel for Avocent stated "**It does not appear that Avocent and Rose are going to reach agreement** . . . so to the extent any of Avocent's versions could be considered offers, Avocent is withdrawing all of them.")(emphasis added). By any objective measure, that case is now poised for trial.

According to Judge Margolis' scheduling order in the COFC case, trial will begin 49 days after the court rules on the one remaining dispositive motion.[3] (Dkt. No. 236-2). Fact and expert discovery have closed and claim construction is complete. Pre-trial memorandums of fact and law, trial witness lists, and exhibit lists have all been exchanged. The parties there have already submitted deposition designations, filed motions *in limine*, and all dispositive motions. In short, aside from the one pending motion for summary judgment (which could substantially invalidate

---

[3] Judge Margolis has already issued rulings on the parties' other 13 dispositive motions.

DEFENDANTS' OPPOSITION TO AVOCENT'S MOTION
TO LIFT THE STAY AND REQUEST FOR A
SCHEDULING CONFERENCE – Page 4
No. 06-1711 MJP

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

all of Avocent's patents), that case is ready for trial 49 days thereafter in conformance with the COFC's scheduling order.[4]

The overlap and duplicative nature of this case and the COFC case is beyond dispute, as this Court has already recognized. (Dkt. No. 218). In fact, in the 2009 Order denying Avocent's motion to lift the stay, this Court ordered that "[t]he stay shall remain in place pending the Court of Claim's consideration of any dispositive motions." *Id.* at 2. It is undisputed that the COFC has not ruled on the final (and arguably most important) dispositive motion. If the stay were lifted now, on the eve of trial in that case, this Court would be compelled to entertain arguments and briefing and to issue rulings regarding the validity, infringement, and enforceability of the claims of the same three patents currently before the COFC at the same time those issues are being tried in the COFC. That is the exact type of wastefulness and duplication that this Court sought to avoid by imposing the current stay.

Further, Judge Margolis has now had extensive exposure to the various issues related to the Rose defendants and his rulings may be of interest to the extent the same issues come before this Court. For example this Court may benefit from Judge Margolis' rulings on:

- Whether Avocent's asserted claims are invalid due to Rose's prior invention under 35 U.S.C. § 102(g);
- Whether the alleged OSD KVM invention is an obvious-at-the-time-of-invention combination of a prior art OSD with a prior art KVM switch;
- Whether Avocent's asserted claims are unenforceable due to inequitable conduct before the Patent Office;

---

[4] Avocent states that discovery in the COFC case closed 16 months ago, in December 2009. That is incorrect. In fact, Avocent filed a motion to re-open discovery in that case, which the Court granted, and Avocent proceeded to notice and take several depositions throughout much of 2010.

DEFENDANTS' OPPOSITION TO AVOCENT'S MOTION
TO LIFT THE STAY AND REQUEST FOR A
SCHEDULING CONFERENCE – Page 5
**No. 06-1711 MJP**

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

- Whether, under the proper claim construction, a square wave is the equivalent of an analog signal;
- Whether, under the proper claim construction, the accused products contain three "independent" cables;
- Whether, under the proper claim construction, a user workstation located just a few feet from a connected computer is "remote" from that computer;
- Whether, under the proper claim construction, a hard wired device known as a "latch" is programmable; and
- Whether, under the proper claim construction, the accused KVM switches can function by delivering a "serial data packet" to a connected computer.

### C. The Duplicative Raritan Litigation Provides Additional Justification for the Stay

This Court declined to lift the stay in this case in 2009 because it recognized that multiple proceedings related to the same patents was wasteful. (Dkt. No. 218) ("[t]he Court declines to lift the stay at this time as it may result in duplicative proceedings.") Now that Avocent filed yet another duplicative infringement suit involving these same three patents in the Southern District of New York (*Avocent Redmond Corp. v. Raritan Americas, Inc. et al.* Case No. 1:10-cv-06100-PKC), the danger of duplicative proceedings is even greater. As this court stated in denying Avocent's previous motion to lift the stay, "[w]here there are two related patent cases pending in separate federal courts, a district court may stay its proceedings in deference to the related action" Dkt. No. 218 at 1 (citing *Pfizer Inc. v. Apotex Inc.*, 640 F. Supp. 2d 1006, 1007 (N.D. Ill. 2007) ("[t]his Court has a duty to avoid duplicative litigation in more than one federal court.")). The *Avocent v. Raritan* case is on an aggressive schedule with fact discovery scheduled to close on August 30, 2011 and expert discovery closing on November 29, 2011. *Avocent Redmond Corp. v. Raritan Americas, Inc., et al.* Case No. 1:10-cv-06100-PKC, Dkt. No. 26. Because of the

DEFENDANTS' OPPOSITION TO AVOCENT'S MOTION TO LIFT THE STAY AND REQUEST FOR A SCHEDULING CONFERENCE – Page 6
No. 06-1711 MJP

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

complete overlap of the asserted patents in this case and the *Avocent v. Raritan* case, the overlapping issues of validity, enforceability, claim construction, infringement, and damages that favored maintaining the stay in light of the COFC case apply equally here. If the stay is lifted in the instant case, three federal cases adjudicating many of the same issues will be proceeding simultaneously, virtually assuring wasteful duplication of efforts. And, unlike the reexamination proceedings where Avocent plays the hapless victim targeted by delay-seeking defendants, Avocent chose to separately pursue each of the three current federal court litigations. Avocent has no one to blame but itself for any delays that result from this choice.

### D. The Court and the Parties Should not Waste Their Time Litigating Claims that the Patent Office has Declared Invalid

Avocent's proposal of litigating infringement, validity, enforceability, and damages issues with respect to the nine '978 patent claims that the Patent Office has already declared invalid would be wasteful. On January 18, 2011, the Patent Office issued a final rejection of nine claims asserted in this case -- claims 27-32, 34, 38, and 41 of U.S. Patent 7,113,978 (Dkt. No. 236-5 at 3). On February 18, 2011, Avocent appealed the patent examiner's final rejection to the Board of Patent Appeals and Interferences. (Dkt. No. 236-6). Unless Avocent prevails on its appeal, each of those nine claims will be declared invalid. By requesting that this Court lift the current stay before that appeal concludes, Avocent seeks to compel this Court to waste time and resources hearing evidence, conducting a trial, and deciding complex issues pertaining to nine different patent claims -- all of which will likely be for nothing. The Court imposed this stay in the first place precisely to avoid this very scenario. *See* Dkt. No. 191 (Order Denying Plaintiff's Motion

DEFENDANTS' OPPOSITION TO AVOCENT'S MOTION TO LIFT THE STAY AND REQUEST FOR A SCHEDULING CONFERENCE – Page 7
No. 06-1711 MJP

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

to Lift Stay - "Before issuing its [stay] order . . . the court considered the three factors relevant to the issue of a stay . . . (2) whether the results of the reexamination proceedings are likely to simplify this action . . . .")

Avocent misses the point in arguing that some claims have survived re-examination, and that therefore, a trial here will be inevitable in any event. (Mot. at 8-9). As an initial matter, that is incorrect. Every asserted claim in this case could be declared invalid and/or unenforceable as a result of decisions in the pending parallel proceedings, thus rendering trial here unnecessary. But even were that not the case, lifting the stay now would still virtually guarantee an enormous waste of time, effort, and resources litigating claims and issues that will be invalidated or otherwise rendered moot. The nine claims currently at issue before the Board of Patent Appeals and Interferences provide a perfect example. Avocent itself has divided the asserted claims in this case into two categories -- those involving an OSD KVM switch, and those involving a "pod-switch-pod" configuration. Avocent claims a much earlier conception date for the nine "pod-switch-pod" claims (those that currently stand rejected by the Patent Office) than it does for the OSD KVM claims. If the Court were to lift the stay now and this litigation were to re-commence with respect to those nine claims, the parties would be presenting separate arguments, evidence, and witnesses for those nine claims than it would for the OSD claims, resulting in much waste of time. Nor does it matter, as Avocent suggests, that removing these nine claims from the case would not reduce the number of accused products. (Mot. at 8). That is irrelevant to the issue of duplication and waste. Regardless the number of accused products, Avocent would still have to

DEFENDANTS' OPPOSITION TO AVOCENT'S MOTION
TO LIFT THE STAY AND REQUEST FOR A
SCHEDULING CONFERENCE – Page 8
No. 06-1711 MJP

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

present evidence and expert testimony comparing each limitation of each of those nine claims to each of the accused products in order to establish infringement.

The question here is not whether eliminating these nine claims from the case would avoid the need for a trial altogether. The question is whether judicial economy and efficiency are achieved by lifting the stay now and moving forward with this case which would entail conducting a *Markman* hearing, ruling on claim construction issues and dispositive motions, and conducting a jury trial on the issues of infringement, validity, enforceability, and damages with respect to nine patent claims that have been declared invalid by the PTO. If Avocent is unsuccessful in its appeal of those rejections, all of the time and effort litigating those claims would have been meaningless. *See Translogic Tech., Inc. v. Hitachi, Ltd., et al.* 504 F.3d 1249, 1251 (Fed. Cir. 2007) (despite a parallel reexamination proceeding, the parties to the district court case continued litigating the patent, filed summary judgment motions, tried the case, and ultimately found the patents valid and infringed -- only to have the Patent Office then declare the patents invalid, thus resulting in a waste of six years of litigation, two jury trials, a summary judgment motion, and enormous cost and effort by the court and the parties).

E.    **Avocent's Claims of Prejudice are Greatly Exaggerated**

For the first time, Avocent argues that the stay should be lifted because the Defendants are "direct competitors" and Avocent is allegedly losing sales in the marketplace. The facts supporting this argument are not new -- Avocent had the same relationship vis-a-vis the defendants when the Court initially decided to stay this case and Avocent has always sought lost

DEFENDANTS' OPPOSITION TO AVOCENT'S MOTION
TO LIFT THE STAY AND REQUEST FOR A
SCHEDULING CONFERENCE – Page 9
No. 06-1711 MJP

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

profits as part of its damages case. (Dkt. No. 93). Interestingly, just six months ago, Avocent's counsel strenuously (but unsuccessfully) argued in a different case that "direct competition" should not be considered in deciding whether to grant a stay. *See F5 Networks, Inc. v. A10 Networks, Inc.*, Case No. 2:10-cv-00654-MJP (Dkt. Nos. 46 and 53). Avocent's counsel now seizes upon their loss in that case to argue that a stay is not favored where litigants are direct competitors. (Mot. at 11). This Court denied to stay the *F5 Networks* proceedings based on a host of factors, different from this case, such as (1) defendant had not even filed requests for reexamination, (2) defendants had not identified a single claim or a single issue or patentability that would be presented to the PTO and (3) the case included trade secret claims that would not be affected by the potential reexamination. *F5 Networks, Inc. v. A10 Networks, Inc.*, 2010 U.S. Dist. LEXIS 136238, 4-6 (W.D. Wash. Dec. 10, 2010).

Avocent's claim of prejudice argument is also belied by its own actions. In the past decade, Avocent has filed three separate infringement lawsuits against Rose (or Rose's products) pertaining to this patent family, two separate suits again Raritan, as well as suits against two separate ATEN entities, two Belkin entities, Trippe Lite Corporation, and the United States government. In all of those cases, not once did Avocent seek a preliminary injunction to bar any competitor from the marketplace. Nor has Avocent ever sought anything but damages during settlement discussions related to those disputes. Clearly, Avocent's motivation is money, not an injunction. The Patent Act authorizes a patentee to recover damages to compensate it for any infringement, including past damages. If Avocent is able to prove its case here, it may recover

DEFENDANTS' OPPOSITION TO AVOCENT'S MOTION
TO LIFT THE STAY AND REQUEST FOR A
SCHEDULING CONFERENCE – Page 10
**No. 06-1711 MJP**

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

damages that will fully compensate it. In short, contrary to its contention, Avocent is not suffering any harm that the Patent Act cannot remedy.

Further, given the manner in which Avocent has chosen to litigate this patent family, its current prejudice argument does not appear sincere. Despite resources to litigate multiple cases simultaneously, Avocent has chosen the course of pursuing one defendant at a time since it first began litigating this patent family in 1998. Avocent first sued Rose and Cybex in a consolidated lawsuit in 1998. After that case was dismissed, in 2001, Avocent sued Raritan. During the Raritan case, Avocent specifically told Rose that it planned to sue Rose again when the Raritan case was complete. As for the U.S. government, Avocent has admitted that it believed the United States was infringing this patent family at least as early as 1999, but chose not to initiate a lawsuit until 2008.

In short, piecemeal litigation of these patents has been Avocent's preferred practice all along. For Avocent to now complain of prejudice on the grounds that the stay prevents it from entertaining three separate suits on the same patents simultaneously appears disingenuous.

### III.  CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Avocent's Motion to Lift the Stay and Request for a Scheduling Conference.

DEFENDANTS' OPPOSITION TO AVOCENT'S MOTION
TO LIFT THE STAY AND REQUEST FOR A
SCHEDULING CONFERENCE – Page 11
No. 06-1711 MJP

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

DATED this 9th day of May, 2011

        s/ Michael A. Moore
        CORR CRONIN MICHELSON BAUMGARDNER
        & PREECE LLP
        1001 4th Ave Ste 3900
        Seattle, WA 98154-1051


Ryan K. Yagura
Vision L. Winter
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071-2899
*Attorneys for Belkin International, Inc. and Belkin, Inc.*


        s/ Michael S. Dowler
Michael S. Dowler
Park Vaughn Fleming and Dowler
5847 San Felipe Ste 1700
Houston, TX 77057


Jeffrey J. Phillips
Floyd R. Nation
WINSTON & STRAWN LLP
1111 Louisiana, 25th Floor
Houston, TX 77002


Jeremy E. Roller
YARMUTH WILSDON CALFO PLLC
818 Stewart St., Ste. 1400
Seattle, WA 98101
*Attorneys for Rose Electronics, Peter Macourek, and Darioush "David" Rahvar*

DEFENDANTS' OPPOSITION TO AVOCENT'S MOTION TO LIFT THE STAY AND REQUEST FOR A SCHEDULING CONFERENCE – Page 12
No. 06-1711 MJP

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

|  |  |
|---|---|
| 1 | s/ Ming-Tao Yang |
| 2 | Ming-Tao Yang<br>FINNEGAN, HENDERSON, FARABOW, GARRETT & |
| 3 | DUNNER, LLP<br>Stanford Research Park |
| 4 | 3300 Hillview Avenue<br>Palo Alto, CA  94304-1203 |
| 5 |  |
| 6 | Thomas F. Ahearne |
| 7 | FOSTER PEPPER PLLC<br>1111 Third Avenue, Suite 3400 |
| 8 | Seattle, WA 98101-3299<br>*Attorneys for Aten Technology, Inc. and Aten* |
| 9 | *International Co., Ltd.* |

DEFENDANTS' OPPOSITION TO AVOCENT'S MOTION TO LIFT THE STAY AND REQUEST FOR A SCHEDULING CONFERENCE – Page 13
**No. 06-1711 MJP**

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900