The Honorable Marsha J. Pechman

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9  AVOCENT REDMOND CORP., a Washington
   corporation,
10
                        Plaintiff,
11
              v.
12
   ROSE ELECTRONICS, a Texas general
13 partnership; PETER MACOUREK, an
   individual; DARIOUSH "DAVID" RAHVAR,
14 an individual; ATEN TECHNOLOGY INC., a
   California corporation; ATEN
15 INTERNATIONAL CO., LTD., a Taiwanese
   Company; BELKIN INTERNATIONAL, INC.,
16 a Delaware corporation, and BELKIN INC., a
   Delaware corporation,
17
                        Defendants.
18

NO. C06-1711-MJP

AVOCENT'S REPLY IN SUPPORT OF
MOTION TO LIFT THE STAY AND
REQUEST FOR A SCHEDULING
CONFERENCE

19
20
21
22
23
24
25
26
27

AVOCENT'S REPLY IN SUPPORT OF MOTION TO LIFT THE
STAY AND REQUEST FOR A SCHEDULING CONFERENCE
(C06-1711MJP)
3146899.2

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1    Defendants plainly want more delay and they are not afraid of seizing on *any* excuse to

2    ask for it.  Defendants' combined Opposition ("Opp.") makes clear that new grounds upon which

3    to request delay can always be found.  More than 42 months into the stay, it is not clear what

4    event, or combination of events, will warrant resumption of this case.  Nor is it clear when those

5    events will occur.  But it is not proper to indefinitely delay an action to see what happens in other

6    litigation.  Indeed, that approach runs counter to the express instruction of Fed. R. Civ. P. 1 that

7    all other rules are to be administered to "secure the just, speedy, and inexpensive determination

8    or every action and proceeding."  Awaiting the conclusion of other litigation, especially when

9    that litigation was initiated years *after* the proceeding at issue, seriously impairs a party's access

10   to court.

## A.  Litigation Should Not Be Stayed Pending Other Litigation

12   Defendants urge this Court to maintain the stay while any other "related" case, including

13   those filed against unrelated parties years after this case was filed, is still pending.  Defendants

14   suggest that the conservation of resources and the avoidance of duplicative litigation, with the

15   attendant risk of inconsistent judgments, justify the additional delay.  But the Federal Circuit and

16   the Supreme Court agree that litigation should not be stayed pending conclusion of other, even

17   related, litigation.  *Landis v. North Am. Co.*, 299 U.S. 248 (1936) (reversing stay granted on the

18   basis of other litigation); *Cherokee Nation of Oklahoma v. United States*, 124 F.3d 1413, 1416

19   (Fed. Cir. 1997) (finding that avoidance of duplicative litigation and conservation of judicial

20   resources are an inadequate basis to suspend proceedings pending conclusion of other litigation).

21   The logic is simple, litigation calendars are not predictable.

22   This case demonstrates the point.  When this Court denied Avocent's earlier motion to

23   lift the stay on October 27, 2009, the Court of Federal Claims case was scheduled for trial less

24   than seven months later, starting on May 11, 2010.  Trial obviously did not start as scheduled.  A

25   year later, not only has no trial date been set, there may never be a trial.  And if that case were

26   tried, the defendants in this action would no doubt ask this Court to continue the stay pending

27   appeal in that action irrespective of who won at trial.  The grounds for that request would be the

AVOCENT'S REPLY IN SUPPORT OF MOTION TO LIFT THE
STAY AND REQUEST FOR A SCHEDULING CONFERENCE - 1
(C06-1711MJP)
3146899.2

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1    same as the defendants' basis for maintaining the stay now, avoidance of duplicative litigation

2    and the risk of inconsistent judgments.  Courts routinely deny requests to stay litigation pending

3    resolution of other litigations.  *Privasys, Inc. v. Visa Int'l*, 2007 U.S. Dist. LEXIS 86838 (N.D.

4    Cal. 2007) (denying defendant's motion to stay patent infringement claims against it pending

5    conclusion of infringement claims against other defendants);  *Lifelink Pharma., Inc. v. NDA*

6    *Consulting, Inc*., 2007 U.S. Dist. LEXIS 62674 (N.D. Ohio 2007) (same); *Transmation, Inc. v.*

7    *Gay Engineering & Sales Co.,* 336 F. Supp. 959 (S.D. Tex. 1971) (same).

8         Nor could the defendants find case authority for the stay they request.  Defendants cite

9    *Pfizer Inc. v. Apotex Inc.,* 640 F. Supp. 2d 1006, 1007 (N.D. Ill. 2007).  In *Pfizer*, however, the

10   patent owner had filed an infringement action in a first state, and the defendant in that action

11   challenged jurisdiction in that proceeding and filed a declaratory judgment action in a second

12   state.  Courts entertaining the second-filed declaratory judgment action routinely stay the _second_

13   filed action in order to provide the court handling the first-filed action the short period necessary

14   to resolve the defendant's jurisdictional challenge, and that is exactly what the *Pfizer* court did.

15   That situation, however, is different than the present case.  First, this is the first-filed action

16   (2006 vs. 2008).  Second, in *Pfizer*, either the first-filed or the second-filed action would go

17   forward, not both.  Here, an Avocent win in the Court of Claims action will not vitiate the need

18   for a trial in this Court.  The Aten and Belkin defendants are not parties to the Court of Claims

19   action and Rose has vowed to re-litigate any infringement finding made by the Court of Claims.[1]

20        Defendants mischaracterize the *Avocent v. Raritan* action as "duplicative" of this case

21   knowing full well that the parties are different; the accused products are different; the

22   infringement issues are different; Raritan has asserted unenforceability defenses not asserted by

23   the defendants here; the prior art relied upon by the defendants and Raritan is different; and the

24   damages at issue in *Raritan* are different than those claimed here.  The Raritan case is not

25   "duplicative."

26

27   _____

[1] Conversely, a judgment against Rose in this action, where the vast majority of Rose's sales will be accounted for, would preclude litigation of those same issues in the Court of Claims action.

AVOCENT'S REPLY IN SUPPORT OF MOTION TO LIFT THE
STAY AND REQUEST FOR A SCHEDULING CONFERENCE - 2
(C06-1711MJP)
 3146899.2

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1    **B.  The Court of Federal Claims Is Nowhere Near the Eve of Trial**

2           Contrary to defendants' suggestion, the Court of Federal Claims action is <u>not</u> on the "eve

3    of trial" and the parties are <u>not</u> awaiting a decision by Judge Margolis on the last remaining

4    summary judgment motion.  Avocent, Rose and the United States twice met with Judge Margolis

5    to mediate the Court of Claims action, and twice the parties walked out of the mediation with an

6    agreement.  In both cases, Rose sought additional terms.  The parties, with Judge Margolis' help,

7    were able to reach agreement on Rose's first round of additional terms, and the parties are in the

8    process of negotiating on Rose's second round of additional terms.  In the meantime, however,

9    Judge Margolis has been operating under the assumption that the Court of Claims litigation will

10   <u>not</u> go to trial.  He is <u>not</u> working on the last of the summary judgment motions or making any

11   other trial preparations.  Judge Margolis advised both Rose and Avocent of this fact six months

12   ago (when the parties first reached agreement) and then again in February (when the parties

13   reached agreement on Rose's first set of additional demands).

14          Although defendants here assert that trial in the Court of Claims action has in fact been

15   scheduled, no date has been set.  Rather, the current Scheduling Order provides a sliding

16   schedule in that trial will commence 49 days after Judge Margolis decides the last remaining

17   dispositive motion.  But Judge Margolis is <u>not</u> working on that motion – he thinks the case has

18   settled.  Thus, no one is in a position to even guess when, or even if, the Court of Claims case

19   will go to trial.  Whatever else may be said about the case, it is plainly <u>not</u> on the eve of trial.

20          Rose, of course, is in the best position to determine its true settlement intentions, but

21   Rose has not advised Judge Margolis that it is not settling.  In their Opposition, defendants crop

22   language from Avocent's transmittal of its most recent draft of the agreement so as to wrongly

23   suggest that Avocent and Rose would not settle.  Avocent stated that it did not think that the

24   parties would agree "on the prior versions of the Settlement Agreement that we have

25   exchanged." (Dkt. No. 236-3).  That is the language cropped out of defendants' quotation of that

26   email.  That is quite different than saying that the parties are not going to reach any agreement as

27   defendants suggest, in bold, in their Opposition.  (Opp. at 4).  The previous versions of the

---

AVOCENT'S REPLY IN SUPPORT OF MOTION TO LIFT THE
STAY AND REQUEST FOR A SCHEDULING CONFERENCE - 3
(C06-1711MJP)
3146899.2

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1   settlement agreement did not include the additional terms Rose sought, and thus, those versions

2   were taken off the table to avoid confusion as to the current state of the proposed agreement.

3   Avocent's latest proposal built on the parties' prior agreements and added the additional terms

4   requested by Rose.  That draft simply superseded the earlier drafts.

5          In any event, the continuing uncertainty as to the fate of the Court of Claims litigation

6   underscores the policy of not staying litigation to await conclusion in even related litigation.

7   Predicating a stay on the conclusion of another litigation renders the stay indefinite by leaving

8   the schedule open.  The effect is a denial of court access.  *See Landis*, 299 U.S. at 256 (finding

9   stay that continued through the completion of related litigation exceeded the district court's

10   discretion).  Indeed, at the moment, neither this case nor the Court of Claims case is moving

11   towards trial.

12          Though defendants claim their position is motivated by judicial economy and avoiding

13   duplicative litigation, the real goal is more delay.  If defendants were actually concerned about

14   judicial economy and "duplicative" litigation, they would have jumped on Avocent's proposal to

15   transfer the present action to New York where Avocent's claims against Raritan are pending.

16   The defendants' failure to even address Avocent's proposal speaks volumes about defendants'

17   actual motives.  Avocent filed its infringement claims against Raritan in August 2010, nearly

18   four years *after* Avocent initiated this action.  The defendants' suggestion that this Court stay this

19   case until the conclusion of that litigation, filed years later, is simply absurd.[2]

20          **C.   This Is Not A *Translogic* Case**

21          Undeterred by the fact that Avocent has twice prevailed as to all of the OSD-based claims

22   during the Patent Office reexamination proceedings, defendants urge this Court to continue the

23   stay while the reexamination of nine claims of the '978 patent continue.  If those nine claims

24   remain rejected at the time of trial, Avocent will voluntarily withdraw its infringement claims to

25   avoid the potential *Translogic* issue the defendants identify as a basis to continue the stay.

26

27   _____

[2] Depositions in the *Raritan* case started just this week and will continue for the next four months.  Lifting the stay now will permit the parties to consolidate discovery of former employees and other third parties so as to minimize burden.  Multiple depositions of the same witnesses, especially non-parties, are burdensome, unfair and inefficient.

AVOCENT'S REPLY IN SUPPORT OF MOTION TO LIFT THE
STAY AND REQUEST FOR A SCHEDULING CONFERENCE - 4
(C06-1711MJP)
  3146899.2

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1   Avocent is confident that it will ultimately prevail on the patentability of these nine claims, but

2   those claims are not essential to Avocent's infringement allegations against these defendants.

3   Defendants appear to be of the same view as to Avocent's chances on appeal.  Tellingly,

4   defendants do not even address the Examiner's contention that Avocent's "pod-switch-pod"

5   claims, which Avocent has asserted against KVM switch systems that utilize both a workstation

6   pod and a computer interface pod, do <u>not</u> require separate "pods."

7         As to the numerous other claims Avocent asserts in this action, the Patent Office has

8   twice reconfirmed the patentability of those claims, and Avocent's contentions as to at least

9   those claims will require trial.  Defendants argue that Avocent's assumption is not true, and that

10   despite the Patent Office's repeated confirmation of these claims, they may be invalidated by

11   decisions in the Court of Claims or *Raritan* actions.  (Opp. at 8.)  But that is not a *Translogic*

12   issue.  Rather, it is a request that this Court defer action in this case in deference to the courts

13   handling the two later-filed actions.  That was the position considered and squarely rejected by

14   the Supreme Court in *Landis*.  (*See* Section A, above).  Defendants' argument, however, is

15   noteworthy for another reason.  Although defendants all urged this Court to stay the proceeding

16   in order to obtain the Patent Office's "expert" opinion of the patentability of Avocent's patent

17   claims in light of an alleged recent "sea change" in the law, once the defendants obtained that

18   opinion, twice in fact, they trivialized it – and assure the Court that they, or Raritan, will prove it

19   wrong at trial.  What then was the purpose of staying the case in deference to the Patent Office

20   reexamination process?  Defendants' objective then was the same as it is now:  Delay, forty-two

21   months and counting.  Most patent cases are tried in half that time.

22       **D.  <u>Avocent's Motion Is Not An Untimely Motion For Reconsideration</u>**

23         Finally, defendants again attempt to erect a procedural barrier to substantive

24   consideration of Avocent's motion, arguing that Avocent's motion is an untimely motion for

25   reconsideration.  But defendants do not identify what decision Avocent is untimely asking the

26   Court to reconsider. The Court's October 30, 2007 Order stayed the action pending conclusion of

27   the Patent Office reexamination proceedings and the Court's October 27, 2009 Order continued

AVOCENT'S REPLY IN SUPPORT OF MOTION TO LIFT THE
STAY AND REQUEST FOR A SCHEDULING CONFERENCE - 5
(C06-1711MJP)
  3146899.2

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

that stay, adding the requirement that the parties to the Court of Claims action submit decisions on substantive motions and the claim construction process to it.  The parties all agree that the first round of reexaminations ended no later than November 3, 2009, when the Patent Office issued the first Reexamination Certificate for the '096 patent.  Nor can there be any dispute that Avocent and Rose fully complied with the requirement to submit to this Court decisions rendered by the Court of Claims.

Thus, it is not fair to describe Avocent's motion as a request for reconsideration – the conditions this Court imposed have been met.  Although defendants requested it, this Court did not condition lifting the stay on completion of the Court of Claims action.  Even if it had, the current status of that case warrants consideration as a changed circumstance, and defendants' decision to argue in favor of continuing the stay in the Joint Status Report filed on April 26, 2011 makes clear that the continuation of the stay is very much a live issue before the Court.  Indeed, the Patent Office issued the second Reexamination Certificate for the '096 patent on March 8, 2011, just two months ago.  (Dkt. 238-1, pp. 42-46 (Certificate)).

Moreover, and as explained in Avocent's Opening Memorandum, competition between at least Avocent and Aten has recently intensified.  Rather than disputing the correctness of Avocent's factual assertions regarding this heightened competition, the defendants wrongly suggest that Avocent should have brought this issue to the Court's attention earlier.  (Opp. at 3).  But the events in question began in 2009 with the *submission of bids*; the result of that competitive bidding did not unfold for some time.  Indeed, Mr. Jehring advised that although he understands that his former customer APC awarded the contract to Aten, he will be unable to confirm that fact until APC unveils its new product line.  (Jehring Declaration, point 9).  Thus, contrary to defendants' suggestion, these events are only now unfolding.  Whatever the previous level of competition, Aten is *right now* in the process of using Avocent's patented technology to take a multi-million dollar annual account from Avocent.  This level of competition qualifies as a changed circumstance and weighs heavily in favor of lifting the stay.  *F5 Networks, Inc. v. A10 Networks, Inc.*, 2010 U.S. Dist. LEXIS 136238 (W.D. Wash. Dec. 10, 2010).

AVOCENT'S REPLY IN SUPPORT OF MOTION TO LIFT THE
STAY AND REQUEST FOR A SCHEDULING CONFERENCE - 6
(C06-1711MJP)
3146899.2

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1

DATED this 13th day of May, 2011.

2

s/John A. Knox  #12707
WILLIAMS, KASTNER & GIBBS PLLC

3

601 Union Street, Suite 4100
Seattle, WA  98101-2380

4

Tel:  (206) 628-6600

5

Fax:  (206) 628-6611
Email:  jknox@williamskastner.com

6

7

James D. Berquist
J. Scott Davidson

8

Donald L. Jackson
DAVIDSON BERQUIST JACKSON & GOWDEY, LLP

9

4300 Wilson Blvd., Suite 700
Arlington, Virginia 22203

10

Tel: (703) 894-6400

11

Fax: (703) 894-6430
Email:  jberquist@davidsonberquist.com

12

sdavidson@davidsonberquist.com
djackson@davidsonberquist.com

13

14

Attorneys for Plaintiff Avocent Redmond Corp.

15

16

17

18

19

20

21

22

23

24

25

26

27

AVOCENT'S REPLY IN SUPPORT OF MOTION TO LIFT THE
STAY AND REQUEST FOR A SCHEDULING CONFERENCE - 7
(C06-1711MJP)
3146899.2

1

## CERTIFICATE OF SERVICE

2

3        The undersigned hereby certifies that on May 13, 2011 the foregoing was electronically
filed with the Clerk of the Court using the CM/ECF system which will send notification of such
filing to the following:

4

5    *Attorneys for Rose Electronics, Peter Macourek, and Darioush "David" Rahvar:*

6        Jeremy E Roller                         Michael S. Dowler
         Yarmuth Wilsdon Calfo PLLC              Park Vaughn Fleming & Dowler
7        818 Stewart St., Ste. 1400             5847 San Felipe Ste 1700
         Seattle, WA 98101                       Houston, TX 77057

8        Floyd R. Nation                         Brian L. Jackson
         Jeffrey J. Phillips                     LAW OFFICE OF BRIAN L. JACKSON
9        WINSTON & STRAWN LLP                    1302 Waugh Drive, #582
         1111 Louisiana, 25th Floor              Houston, TX  77019-3908
10       Houston, TX 77002

11

12   *Attorneys for Aten Technology, Inc. and Aten International Co., Ltd.:*

13       Thomas F. Ahearne                       Ming-Tao Yang
         Jeremy R. Larson                        FINNEGAN, HENDERSON, FARABOW,
14       FOSTER PEPPER PLLC                      GARRETT & DUNNER, LLP
         1111 Third Avenue, Suite 3400           Stanford Research Park
15       Seattle, WA 98101-3299                  3300 Hillview Avenue
                                                 Palo Alto, CA  94304-1203
16

17   *Attorneys for Belkin International, Inc. and Belkin, Inc.:*

18       Michael A. Moore                        David P. Enzminger
         CORR CRONIN MICHELSON BAUMGARDNER       Ryan K. Yagura
19       & PREECE LLP                            Vision L. Winter
         1001 4th Ave Ste 3900                   O'MELVENY & MYERS LLP
19       Seattle, WA  98154-1051                 400 South Hope Street
20                                               Los Angeles, CA 90071-2899

21       DATED this 13th day of May, 2011.

22                                               s/John A. Knox _____

23

24

25

26

27

AVOCENT'S REPLY IN SUPPORT OF MOTION TO LIFT THE
STAY AND REQUEST FOR A SCHEDULING CONFERENCE - 8
(C06-1711MJP)
3146899.2

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600