1                            THE HONORABLE ROBERT S. LASNIK

7                 UNITED STATES DISTRICT COURT

8             WESTERN DISTRICT OF WASHINGTON

9                     AT SEATTLE

| | |
|---|---|
| AVOCENT REDMOND CORP., a Washington corporation,<br><br>            Plaintiff,<br><br>  vs.<br><br>ATEN TECHNOLOGY INC., a California corporation; ATEN INTERNATIONAL CO., LTD., a Taiwanese Company; BELKIN INTERNATIONAL, INC., a Delaware corporation, and BELKIN, INC., a Delaware corporation,<br><br>            Defendants. | Case No.  2:06-CV-01711 (RSL)<br><br>**DEFENDANTS' MOTION FOR LEAVE TO AMEND INVALIDITY CONTENTIONS**<br><br>NOTE ON MOTION CALENDAR:<br>December 16, 2011 |

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1   **I.    INTRODUCTION AND RELIEF REQUESTED**

2           Defendants Belkin International, Inc. and Belkin Inc. ("Belkin") and ATEN

3   Technology, Inc. and ATEN International Co., Ltd. ("ATEN"; collectively, "Defendants")

4   seek leave to amend their June 15, 2007 invalidity contentions to include the prior art others

5   identified to Plaintiff Avocent Redmond Corp ("Avocent") in related litigation in 2009 and

6   2010. The amendment does not prejudice Avocent because Avocent was well aware of this

7   art and its relevance no later than 2009. Indeed, before the stay in this case was lifted, ***all of***

8   ***this art*** was disclosed to Avocent in a 2009 expert report on the invalidity of Avocent's

9   asserted patents and much of it was the subject of a 2010 motion for summary judgment of

10  invalidity of the patents in suit.[1]  Moreover, in a joint submission to the Court, Avocent

11  previously proposed a January 25, 2012 due date for Defendants to provide final invalidity

12  contentions. Thus, far from being untimely or prejudicial, Defendants are seeking leave to

13  amend almost two months *before* the date which Avocent previously proposed was

14  reasonable.

15  **II.    FACTS**

16          This was first filed against Rose Electric, Inc. and Rose Electronics (the "Rose

17  Defendants") on November 27, 2006.[2]  The only Defendants named in the initial complaint

18  were the Rose Defendants,[3] who were represented by separate counsel and have since settled

19  with Avocent.

20

---

21  [1] The prior art Defendants seek to rely on was identified to Avocent in the pleadings from
    *Avocent Redmond Corp. v. United States & Rose Electronics* (Intervenor), No. 08-69C (Ct.
22  of Fed. Cl. Jan. 31, 2008) ("*Rose II litigation*"). Specifically, Defendants seek to incorporate
    the prior art invalidity contentions set forth in the following pleadings from that litigation:

23          1)      the Expert Report of Steven Eisenbarth, Ph.D. PE (including the invalidity
24  claim charts attached as Exhibits thereto) served on Avocent on November 23, 2009 by
    Defendant Rose Electronics, and

25          2)      Rose Electronics' Motion for Summary Judgment of Invalidity of All 17
    Claims Asserted Against the ServeView Pro Product Based on 35 U.S.C. § 102(g), filed
26  under seal on April 29, 2010 in the *Rose II litigation* and exhibits and supporting documents
    thereto, and Reply briefs thereon.

27  [2] *See* Docket No. 1.

28  [3] *See Id.*

2

DEFENDANTS' MOTION FOR LEAVE TO AMEND
INVALIDITY CONTENTIONS – CASE NO. 2:06-CV-01711-RSL

1    On January 17, 2007, Avocent amended its Complaint to allege infringement of three

2 patents by ATEN and Belkin.[4] Belkin answered Avocent's amended complaint on February

3 22, 2007.[5] ATEN answered on April 9, 2007.[6] Avocent served its preliminary infringement

4 contentions on May 25, 2007 and Defendants served their preliminary invalidity contentions

5 on June 15, 2007.[7] Avocent asserted over 50 claims from the three patents in suit and

6 accused of infringement dozens of Belkin and ATEN products spanning numerous product

7 lines and families.[8] Avocent's asserted patents belong to a much larger family of U.S. and

8 foreign patents and applications, which collectively have extensive prosecution histories with

9 hundreds of prior art references cited.[9] At least three of these Avocent patents had been

10 asserted in several prior infringement actions in this Court and elsewhere, including the

11 Southern District of New York, and the Court of Appeals for the Federal Circuit.[10]

12    On October 30, 2007, this Court stayed the case immediately before the claim

13 construction hearing, and the stay remained in effect until August 2011. During the four-year

14 stay, Avocent filed two additional infringement actions asserting the same patents it asserted

15 against Belkin and ATEN as well as additional patents in the family: (1) *Avocent Redmond*

16 *Corp. v. United States & Rose Electronics (Intervenor)*, No. 08-69C (Ct. of Fed. Cl. Jan. 31,

17 2008) ("*Rose II* litigation"); and (2) *Avocent Redmond Corp. v. Raritan Americas, Inc.,* No.

18 10-CV-6100 (S.D.N.Y Aug. 14, 2010) ("*Raritan II* litigation").[11] In addition, the United

19 States Patent Office ("USPTO") declared  eight separate reexamination proceedings

20 concerning the patents-in-suit, relying on previously-undisclosed prior art references and

21

22 ─────────────────────
[4] *See* Docket No. 11.

23 [5] *See* Docket No. 40.

24 [6] *See* Docket No. 60-61.

[7] *See* Docket No 78.

25 [8] See Docket No 148 (filed Under Seal).

26 [9] Declaration of Yasser El-Gamal in Support of Defendants' Motion for Leave to Amend
Invalidity Contentions ("El-Gamal Decl."), ¶ 15-17.

27 [10] El-Gamal Decl., ¶ 19.

28 [11] El-Gamal Decl., ¶ 20.

3

DEFENDANTS' MOTION FOR LEAVE TO AMEND
INVALIDITY CONTENTIONS – CASE NO. 2:06-CV-01711-RSL

1   prior art combinations.[12]  Since the stay was lifted, Avocent has accused of infringement

2   many more of Defendants' products, on top of the dozens of products initially accused.

3       Defendants' proposed amendment to their invalidity contentions[13] merely seeks to

4   incorporate what was already disclosed and highlighted in these intervening reexaminations

5   and in the *Rose II* litigation.  Specifically, Defendants' contentions seek to incorporate the

6   prior art invalidity contentions set forth in: (1) the Expert Report of Steven Eisenbarth, Ph.D.

7   PE (including the invalidity claim charts attached as Exhibits thereto) served on Avocent on

8   November 23, 2009 by Defendant Rose Electronics in the *Rose II* litigation[14] and; (2) the

9   briefing relating to the Rose Electronics' Motion for Summary Judgment of Invalidity of All

10  17 Claims Asserted Against the ServeView Pro Product Based on 35 U.S.C. § 102(g), filed

11  under seal on April 29, 2010 in the *Rose II* litigation, as well as the supporting briefs and

12  pleadings.[15]  This prior art information, including invalidity positions, was disclosed to

13  Avocent by November 2009, and was not known or fully appreciated by ATEN and Belkin

14  until after this case was stayed in October 2007.[16]  Indeed, the activities, events and

15  documents that evidenced the prior invention of Rose's OSD product, which constitutes prior

16  invention defense under 35 U.S.C. § 102(g), was private information of Rose Electronics and

17  unavailable to ATEN or Belkin prior to the stay.[17]

18      Avocent also contemplated, as evidenced by the August 24, 2011 Joint Submission

19  Regarding Case Schedule, that Defendants would supplement their "Invalidity Contentions"

20  – proposing a January 25, 2012 due date for Final Invalidity Contentions.[18]  Notwithstanding

21  [12] El-Gamal Decl., ¶ 18.

22  [13] Defendants' proposed First Supplemental Combined Statement of Preliminary Invalidity
    Contentions (excluding Appendix C and D) is attached in redline format.  El-Gamal Decl.,
23  Ex. 1.

    [14] El-Gamal Decl., Ex. 2.
24
    [15] El-Gamal Decl., Ex. 3.

25  [16] See Declaration of Vision Winter in Support of Defendants' Motion for Leave to Amend
    Invalidity Contentions ("Winter Decl."), ¶ 4; Declaration of Ming Yang in Support of
26  Defendants' Motion for Leave to Amend Invalidity Contentions ("Yang Decl."), ¶ 2. El-
    Gamal Decl., ¶ 21.
27
    [17] Winter Decl., ¶ 11; Yang Decl., ¶ 3.

28  [18] Docket No. 248 at 2:10-12.

                                        4

1  the foregoing, Avocent has nevertheless stated that it would oppose this motion, suggesting

2  that the fact Rose was a co-defendant with ATEN and Belkin somehow prevents them from

3  showing of "good cause." Specifically, Avocent's counsel took the position:

> I write in response to your letter of November 3, 2011. The defendants were required to disclose their invalidity contentions regarding the patents-in-suit no later than June 15, 2007. The rose, Belkin and ATEN defendants all worked together and presented their "Joint Invalidity Contentions" on that date. It is our understanding that the defendants can interject new invalidity contentions into the case *only* upon the showing of good cause. The fact that the prior art that exists today is the same as the prior art that existed in 2007 makes that showing difficult. This is especially true of Roses alleged 102(g) invalidity defense. Rose was a party to this litigation and worked jointly with Aten and Belkin to create the defendants' Joint Invalidity Contentions. Avocent believes that the parties must show good cause for adding new contentions in this case and will oppose the remaining defendants' efforts to add new invalidity contentions at this point.[19]

## III.   DEFENDANTS SHOULD BE GRANTED LEAVE TO AMEND.

12     Under the prior governing scheduling order the parties could freely update their

13  respective infringement and invalidity contentions through September 24, 2007, the

14  beginning of the claim construction phase.[20] Thereafter, the parties would need to make a

15  "good cause" showing.[21] The patent local rules also allow for amendments upon a showing

16  of "good cause."[22] Federal courts recognize a "strong federal policy" in challenging invalid

17  patents and therefore "permitting full and free competition in the use of ideas which are in

18  reality a part of the public domain." *Lear, Inc. v. Adkins*, 395 U.S. 653 (1969). Under the

19  Local Patent Rules, examples of good cause expressly includes "(b) *recent discovery of*

20  *material prior art despite earlier diligent search.*"[23]

---

[19] El-Gamal Decl., Ex. 4.

[20] Docket No. 78.

[21] Because of the four-year stay, the parties have agreed and the Court has ordered that claim construction briefing be supplemented by December 16, 2011. Docket No. 248 and 262.

[22] The Local Patent Rules apply to cases filed after January 1, 2009 or to any pending case in which the Rule 26(f) discovery conference has not taken place. Avocent filed this case before January 1, 2009 and the Court held its Rule 26(f) conference on March 29, 2007. Accordingly, the Local Patent Rules appear inapplicable. Nonetheless, the examples set forth therein that justify amendments to invalidity contentions provides guidance to the "good cause" analysis.

[23] Local Pat. R. 124.

5

DEFENDANTS' MOTION FOR LEAVE TO AMEND
INVALIDITY CONTENTIONS – CASE NO. 2:06-CV-01711-RSL

### A.   Defendants Have Good Cause To Amend Their Invalidity Contentions.

Defendants' proposed supplemental invalidity contentions[24] merely seek to incorporate newly discovered prior art references and combinations identified in Avocent's reexaminations and litigations that occurred *after* the October 30, 2007 stay of this case.[25] This prior art was not known or appreciated by ATEN or Belkin prior to the stay, and was largely developed in connection with the *Rose II* litigation filed in 2008 after this case was stayed.[26]

Even though all of this art was *specifically disclosed* to Avocent in the *Rose II* litigation no later than November 2009,[27] Avocent has nevertheless stated that it will oppose this motion. Avocent's position seems to be that that ATEN and Belkin were somehow not diligent in discovering this information because some or all of it was in the possession of their former co-defendant, Rose. This position has no merit and is directly contrary to governing law and the Local Patent Rules, which recognize that recent discovery of prior art despite earlier diligent search constitutes good cause to supplement. Furthermore, neither Rose nor its attorneys disclosed the existence or significance of Rose's prior development efforts relating to this art prior to the stay.[28] Rose itself apparently did not know this art defense until after this case was stayed.[29]

---

[24] El-Gamal Decl., Ex. 1.

[25] Defendants' supplemental invalidity contentions seek to incorporate the following groups of prior art:

- Rose OSD KVM Product: prior invention under 35 U.S.C. § 102(g) first disclosed in September 2009 in the Rose II litigation. This prior art, uniquely in Rose's possession, custody and control, was previously unavailable to Belkin and ATEN;

- Horiuchi and Ishihara et al.: two Japanese references from a, Japanese counterpart prosecution file that was not produced to Belkin or ATEN at the time the Defendants served their Preliminary Invalidity Contentions prior to the stay; and

- Diefendorff et al., PolyCon, Engelbart, Howse, Tragen/Q-Net: prior art references first employed during the Rose II litigation and/or in connection with the intervening reexamination requests developed and filed by Rose. El-Gamal Decl., ¶ 22-27.

[26] Winter Decl., ¶ 10; Yang Decl., ¶ 2-3. El-Gamal Decl., ¶ 20.

[27] El-Gamal Decl., ¶ 23.

[28] Winter Decl., ¶ 11; Yang Decl., ¶ 3.

[29] El-Gamal Decl., ¶ 25.

DEFENDANTS' MOTION FOR LEAVE TO AMEND
INVALIDITY CONTENTIONS – CASE NO. 2:06-CV-01711-RSL

1    Nor can Avocent plausibly argue that ATEN and Belkin were not diligent.  Prior to

2    the four-year stay, Belkin and ATEN diligently searched for prior art.[30]  Their search

3    included reviewing hundreds of documents cited in the extensive prosecution histories,

4    requesting prior art searches, reviewing the additional prior art references, propounding

5    discovery seeking prior art and documents from prior litigations.[31]  *See Halo*, 2010 WL

6    3489593, at *2 (granting leave to amend where previous prior art search "required an

7    assessment of activities that occurred over fifteen years ago, 'tantamount to a lifetime in the

8    electronics industry'").  The significance of ATEN and Belkin's undertaking is further

9    appreciated when placed in the context of Avocent's broad infringement contentions –

10   asserting three patents and over 50 claims and accusing dozens of products spanning

11   numerous product lines and families.[32]  *See Halo Elecs., Inc. v. Bel Fuse Inc.*, 2010 WL

12   3489593, at *2 (N.D. Cal. Sept. 3, 2010) (granting leave to amend where defendants had to

13   evaluate hundreds of accused products, as well as the asserted patent claims and prosecution

14   histories).

15   The facts clearly show that ATEN and Belkin have good cause to amend: the

16   supplemental prior art was only recently discovered and despite their diligent efforts, was not

17   discovered and appreciated prior to the October 30, 2007 stay.

18   **B.    There is No Prejudice to Avocent.**

19   Avocent cannot demonstrate any prejudice from the Defendants' amended invalidity

20   contentions for several reasons.

21   First and foremost, there can be no prejudice because the identity and significance of

22   each of the supplemental prior art references has been well known to Avocent since at least

23   the November 2009 Expert Report served by the Defendants in the *Rose II* litigation.

24   Moreover, much of the supplemental prior art formed the basis for the 2010 Motion for

25   Summary Judgment of Invalidity filed in the *Rose II* litigation.  Thus, none of the prior art is

26   _____

27   [30] Winter Decl., ¶ 7-9, 12-21; Yang Decl., ¶ 1.

     [31] Winter Decl., ¶ 7-9, 12-21; Yang Decl., ¶ 1.

28   [32] Winter Decl., ¶ 9, 18; Yang Decl., ¶ 1.

7

1   new to Avocent. There is no unfair surprise to Avocent because Defendants' supplemental

2   invalidity contentions incorporate prior art references and combinations already identified in

3   the intervening reexaminations before the USPTO and developed by Rose and the United

4   States in the intervening *Rose II* litigation. Nor will these supplemental contentions create

5   any additional burden on the Court because Defendants' supplemental contentions will not

6   affect any pending or previously decided motion.

7          Second, the parties here expressly contemplated supplementation of invalidity

8   contentions before and after the stay. When serving their preliminary contentions,

9   Defendants expressly informed Avocent that, "Defendants discovery and investigation into

10  the claims and defenses in this action are ongoing and these Preliminary Invalidity

11  Contentions will be supplemented as Defendants' investigation continues, as new references

12  are discovered and as the significance of previously discovered references is more fully

13  appreciated."[33] Moreover, the parties — including Avocent —contemplated supplementation

14  of invalidity contentions in connection with the stay being lifted a few months ago. The

15  parties' Joint Submission Regarding Case Schedule provided proposed dates for "Final

16  Invalidity Contentions" to be served in early 2012.[34] Accordingly, Avocent cannot credibly

17  claim prejudice from an amendment that is taking place well before the date that all parties,

18  including Avocent, represented to the Court as a reasonable date for supplemental invalidity

19  contentions.

20         Third, to the extent necessary, Avocent has ample time to take discovery related to

21  the additional references and invalidity theories set forth in Defendants' supplemental

22  contentions. Defendants' supplemental contentions come at an early posture in the case

23  following a 4-year stay of proceedings. This case is still seven months before the close of

24  fact discovery, five months before opening expert reports are exchanged, and two months

25

26

27  [33] El-Gamal Decl., Ex. 6, at 2.

28  [34] 09/21/11 Amended Order Setting Trial Date & Related Dates (Docket No. 248) at 2.

DEFENDANTS' MOTION FOR LEAVE TO AMEND
INVALIDITY CONTENTIONS – CASE NO. 2:06-CV-01711-RSL

1    before the claim construction hearing. These are precisely the kinds of circumstances where

2    courts have found no evidence of prejudice.[35]

3         Fourth, although not untimely in any event, to the extent Avocent contends these

4    amendments could have been made even earlier, Avocent is at least partially to blame. When

5    the Defendants served their preliminary invalidity contentions, Defendants expressly noted

6    that many of the cited references submitted to the USPTO still remained unavailable and

7    Avocent had failed to produce allegedly invalidating prior art references uncovered in prior

8    litigations.[36] Avocent's failure to provide that information continues. Counsel for Belkin

9    and Avocent met and conferred on October 14, 2011 regarding, among other issues,

10   supplementing invalidity contentions.[37] Belkin informed Avocent that the Defendants in this

11   case had not received any documents relating to the *Raritan II* litigation, documents Avocent

12   represented it would produce in October and supplement on a regular basis.[38] Having not

13   received these documents (many are relevant to Defendants' invalidity contentions),

14   Defendants wrote to Avocent on November 3, 10, 14, and 15 regarding Avocent's failure to

15   respond.[39] On November 14, Avocent responded that it would oppose Defendants'

16   [35] *See, e.g., Play Visions, Inc. v. Dollar Tree Stores, Inc.*, Case No. C09-1769, Order
     Granting Motion to Amend Preliminary Invalidity Contentions (W.D. Wash. November 30,
17   2010) (Pechman, J.) ("There is no evidence of prejudice given that the parties have yet to
     engage in claims construction and discovery does not end for months."); *Halo Elecs., Inc. v.*
18   *Bel Fuse Inc.*, 2010 WL 3489593, at *2 (N.D. Cal. Sept. 3, 2010) ("Although the instant
     action was filed in 2007, this matter is still in its relatively early stages. As noted above, the
19   case was stayed for nearly eighteen months until November 20, 2009. While the parties have
     begun claim construction activities, the court has not yet held a claim construction hearing or
20   set discovery deadlines or a trial date.").

21   [36] El-Gamal Decl., Ex. 6, at 2.

     [37] El-Gamal Decl., Ex. 7, at 2.
22
     [38] El-Gamal Decl., Ex. 7 at 1-2.
23
     [39] El-Gamal Decl., Ex. 7, 8, 9, 10. Defendants are continuing to coordinate with Avocent and
24   Raritan the production of these litigation materials. As such, if new prior art references are
     discovered, Defendants may seek appropriate leave to amend. Of particular interest is
25   invalidity contentions from the *Raritan II* litigation and analysis of a prior art KeyView
     device alone and in combination with prior art matrix switch devices. Avocent has
26   represented that it does not have a sample of this device but has directed Defendants to
     Raritan. Defendants are working with Raritan to inspect the Raritan device and anticipate
27   that they may update their contentions thereafter. Based on documentation from other cases,
     the prior art KeyView device was well known to Avocent and its predecessors Apex and
28   Cybex for over a decade. Unfortunately, because it is very old, Defendants have had
     difficulty locating a prior art version of this device to inspect and analyze it.

DEFENDANTS' MOTION FOR LEAVE TO AMEND
INVALIDITY CONTENTIONS – CASE NO. 2:06-CV-01711-RSL

1  supplementing their invalidity contentions.[40]  Accordingly, a denial of leave to amend at this

2  early stage in the case would only reward Avocent for its failure to produce highly-relevant

3  discovery and compound the prejudice on Defendants.

4  **IV.    CONCLUSION**

5      For the reasons stated, Defendants respectfully requests that the Court enter an Order

6  granting Defendants' Motion for Leave to Amend Invalidity Contentions.

7

8  DATED:  December 1, 2011

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP

9

10  *s/ Michael A. Moore*
Michael A. Moore, WSBA No. 27047

11  Robert W. Dickerson (*pro hac vice*)
Yasser El-Gamal (*pro hac vice*)

12  Dickstein Shapiro, LLP
2049 Century Park East, Suite 700

13  Los Angeles, CA 90067
Tel. 310-772-8317

14  dickersonr@dicksteinshapiro.com
elgamaly@dicksteinshapiro.com

15

16  Jeffrey A. Miller (*pro hac vice*)
Dickstein Shapiro, LLP

17  700 Hansen Way
Palo Alto, CA 94304

18  Tel. 650-632-4328
millerj@dicksteinshapiro.com

19  Attorneys for Defendants

20  BELKIN INTERNATIONAL, INC. and
BELKIN, INC.

21

22

23

24

25

26

27

28  [40] El-Gamal Decl., Ex. 4.

10

DEFENDANTS' MOTION FOR LEAVE TO AMEND
INVALIDITY CONTENTIONS – CASE NO. 2:06-CV-01711-RSL

DATED:  December 1, 2011

FOSTER PEPPER PLLP

/s/ *Thomas F. Ahearne*
Thomas F. Ahearne, WSBA No. 14844

Ming-Tao Yang (*pro hac vice*)
Gregory K. Storey (*pro hac vice*)
Finnegan, Henderson, Farabow, Garrett
  & Dunner LLP
3300 Hillview Avenue
Palo Alto, CA 94304-1203
Tel. 650-849-6600
Fax: 650-849-6666
ming.yang@finnegan.com
Greg.storey@finnegan.com

Attorneys for Defendants
ATEN International Co., Ltd and ATEN
Technology, Inc.

11

## CERTIFICATE OF SERVICE

I hereby certify that on December 1, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

John A. Knox
Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
jknox@wkg.com

James D. Berquist
J. Scott Davidson
Donald L. Jackson
DAVIDSON BERQUIST JACKSON &
GOWDEY, LLP
4300 Wilson Blvd, Suite 700
Arlington, Virginia 22203
jay.berquist@davidsonberquist.com
scott.davidson@davidsonberquist.com
dlj@dbjg.com

Thomas F. Ahearne
Joel B. Ard
Foster Pepper PLLC
1111 Third Avenue, Suite 3400
Seattle, WA 98101-3299
ahearne@foster.com
ArdJB@foster.com

Ming-Tao Yang
Gregory K. Storey
Finnegan, Henderson, Farabow, Garrett &
Dunner, LLP
3300 Hillview Avenue
Palo Alto, CA 94304-1203
Ming.yang@finnegan.com
greg.storey@finnegan.com

Robert W. Dickerson
Yasser El-Gamal
Dickstein Shapiro, LLP
2049 Century Park East, Suite 700
Los Angeles, CA 90067
dickersonr@dicksteinshapiro.com
elgamaly@dicksteinshapiro.com

Jeffrey A. Miller
Dickstein Shapiro, LLP
700 Hanson Way
Palo Alto, CA 94304
millerj@dicksteinshapiro.com

David P. Enzminger
Winston & Strawn LLP
333 South Hope Street
Los Angeles, CA 90071
denzminger@winston.com

Jeffrey J. Phillips
Winston & Strawn LLP
1111 Louisiana, 25th Floor
Houston, TX 77002
jphillips@winston.com

s/ Michael A. Moore
Michael A. Moore, WSBA No. 27047
CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Telephone: (206) 625-8600
Fax: (206) 625-0900
e-mail: mmoore@corrcronin.com

CERTIFICATE OF SERVICE
No. C06-1711MJP

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900