THE HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

AVOCENT REDMOND CORP., a Washington corporation,

Plaintiff,

v.

ATEN TECHNOLOGY INC., a California corporation; ATEN INTERNATIONAL CO., LTD., a Taiwanese Company; BELKIN INTERNATIONAL, INC., a Delaware corporation, and BELKIN, INC., a Delaware corporation.

Defendants.

Case No. 2:06-CV-01711 (RSL)

**DECLARATION OF VISION L. WINTER IN SUPPORT OF DEFENDANTS' MOTION FOR LEAVE TO AMEND INVALIDITY CONTENTIONS**

I, Vision L. Winter, declare as follows:

1. I am an attorney with the law firm of O'Melveny and Myers LLP and a member of the bar of the State of California. I am admitted to practice *pro hac vice* before this Court. O'Melveny & Myers LLP was lead counsel for Defendants Belkin International, Inc. and Belkin, Inc. ("Belkin") in the above captioned action from February 2007 to September 2011. I have personal knowledge of the matters set forth in this declaration and if called upon to testify in court, I could and would do so competently.

2. I make this declaration in support of DEFENDANTS' MOTION FOR LEAVE TO AMEND INVALIDITY CONTENTIONS, by which Defendants seek leave to amend their invalidity contentions with the following prior art (the "New Prior Art").

3. The New Prior Art can be categorized into three groups, as follows:

a. Documents pertaining to a 35 USC 102(g) defense based on the Rose OSD KVM Product.

b. Previously undisclosed Japanese references (Horiuchi and Ishihara et al.) and

c. Diefendorff et al., PolyCon, Engelbart, Howse, Tragen/Q-Net.

4. It is my understanding that each of these prior art references was unknown to Belkin or the significance was not fully appreciated before the October 30, 2007 stay was entered. I understand that these references were developed or discovered after the stay in connection with litigation and reexamination proceedings involving primarily Avocent and the Rose Defendants.

5. The New Prior Art is identified in Appendix A-1 Supp to Defendants' Proposed First Supplemental Invalidity Contentions, which is reproduced below:

**<u>Appendix A-1 Supp</u>**

**Supplemental Listing of Invalidating References**

| **Patents/Applications** | **Inventors** | **Issue/Pub. Dates** |
|---|---|---|
| US 3,541,541 | Engelbart | November 17, 1970 |

| | | |
|---|---|---|
| US 4,404,551 | Howse et al. | Septemebr 13, 1983 |
| WO 87/00317 | Tragen et al. | January 15, 1987 |
| EU 0174099 | Diefendorff et al. | March 12, 1986 |
| Japanese Laid Open Pat. App. No. 5-27721 | Horiuchi | February 5, 1993 |
| Japanese Laid Open Pat. App. No. 5-81196 | Ishihara et al. | April 2, 1993 |

| **Publications:** | **Document Identification** (if any) |
|---|---|
| The PolyCon Management System Ordering Catalog, 1994 ("PolyCon") | ROSE 0004609-24 |
| Microscience Corp., Q-Net Installation and Operation Manual and related documents | ROSE 0244871-82; ROSE 0244883-5113 |

| **Products Offered for Sale, Publicly Used or Made Known** | **Person or Entity** | **Date Product Offered for Sale, Publicly Used or Made Known** |
|---|---|---|
| KVM switch sold to Black Box, consisting of VMCON4 Rev. I (KVM board) and PCB-OVL Rev. A (OSD board) ("Rose OSD product") | Rose Electronics | October 9, 1996 |
| Q-Net Resource Manager | Microscience Corp. | 1985 |

| **Other References** | **Identification** (if any) |
|---|---|
| **Technical Rose Documents Re: Development of Rose OSD Product – 102(g) Prior Invention** | |
| Rose Electronics, Station Master Installation and Operation Manual, Version 1.1, March 23, 1995 | ROSE 0243350-69 |
| Rose Electronics Schematic, Part No. VMCON4, Revision G ("VMCON4 rev. G") | ROSE 0242335 |
| Rose Electronics Schematic, Part No. VMCON4, Revision H ("VMCON4 rev. H") | ROSE 0242336 |
| Rose Electronics Schematic, Part No. VMCON4, Revision I ("VMCON4 rev. I") | ROSE 0242337 |
| Rose Electronics Schematic, OSD Board, Feb. 1995 ("Feb. 1995 schematics") | ROSE 2948-2952 |
| Rose Electronics Schematic, OSD Board, Aug. 1, 1995 ("Aug. 1, 1995 schematic") | ROSE 2657, 2769, 2779, 2846 |
| Rose Electronics Schematic, Doc. No. OVERLAY1.SCH, Rev. A ("Sep. 5, 1995 schematic") | ROSE 3253 |
| Rose Electronics Schematic, Doc. No. OVERLAY3.SCH, Rev. A ("Sep. 14, 1995 schematic") | ROSE 2931 |
| Rose Electronics Schematic, Doc. No. OVERLAY3.SCH, Rev. A ("Sep. 27, 1995 schematic") | ROSE 2771 |
| Rose Electronics Schematic, Doc. No. OVERLAY4.SCH, Rev. A ("Nov. 8, 1995 schematic") | ROSE 2903 |

| Other References | Identification (if any) |
|---|---|
| Rose Electronics Schematic, Doc. No. OVERLAY4.SCH, Rev. A ("Nov. 28, 1995 schematic") | ROSE 2895 |
| Rose Electronics Schematic, File C:\ROSE\OVL\OVERLAY.SCH ("Dec. 19, 1995 schematic") | ROSE 2894 |
| Rose Electronics Schematic, No. OVERLAY.SCH, ("Dec. 26, 1995 schematic") | ROSE 2860 |
| Rose Electronics Schematic, No. OVERLAY.SCH, Rev. A ("Jan. 25, 1996 schematic") | ROSE 1001, 1011 |
| Rose Electronics Schematic, Doc. No. A12MODOL.SCH, Rev. A ("Jan. 26, 1996 schematic") | ROSE 2861 |
| Rose Electronics Schematic, No. PCB-OVL, Rev. A ("Feb. 20, 1996 schematic") | ROSE 241853 |

6. As explained below, the case was filed on November 27, 2006, Belkin was named as defendant in this case on January 16, 2007, and the case was stayed on October 30, 2007.

7. Prior to the stay, Belkin was diligent in all aspects of the case, including particularly searching for and analyzing prior art.

8. Indeed, in the months between Belkin being named a Defendant in this case and the October 30, 2007 stay of proceedings, Belkin:

a. Studied prosecution histories for the patents-in-suit, related patents, and patent applications to the extent available;

b. Analyzed Avocent's infringement contentions relating to more than 50 asserted claims and dozens of Belkin accused products that extended over several product lines;

c. Responded to and propounded discovery seeking prior art and documents from plaintiff;

d. Reviewed hundreds of references from numerous additional prior art searches that were conducted both internally and through third party search entities and other parties;

e. Prepared invalidity contentions;

f. Worked with Avocent to submit the required Joint Claim Chart;

g. Prepared opening and responsive claim construction briefs.

9. The prior art search efforts were a significant undertaking in that:

a. Avocent asserted three patents and over fifty claims against Belkin for which prior art was being sought;

b. The three patents-in-suit constituted a subset of a larger family of patent applications and patents purporting to originate from an application filed a dozen years earlier on August 25, 1995 and as such analyzing the file histories and prior art cited in those related applications and patents was a significant undertaking;

c. At least some of the patents in suit and related patents were the subject of other litigation and hence there was substantial effort in reviewing information from those lawsuits to the extent produced by Avocent;

d. Prior art searches had been conducted by other parties, which Belkin reviewed in connection with its prior art search and analysis efforts.

10. Despite Belkin's diligent efforts to locate relevant prior art, Belkin did not become aware of New Prior Art or did not appreciate the significance of the New Prior Art until after the case was stayed.

11. Prior to the stay, neither Rose nor its attorneys disclosed to me the existence or significance of Rose's prior development efforts relating to the Rose OSD KVM Product that constitutes the 102(g) prior invention defense reflected in the supplemental invalidity contentions.

12. The following history helps show Belkin's diligence in all aspects of the case from the time Belkin was added as a defendant until the time the stay was entered:

13. On November 27, 2006, Plaintiff Avocent ("Avocent") filed the above-captioned case against Rose Electronics and Rose's founders Peter Macourek and Darioush "David" Rahvar (collectively "Rose"). Rose was represented by their own attorneys, and were not represented in this matter by O'Melveny & Myers, LLP.

14. On January 16, 2007, Avocent filed a First Amended Complaint which, among

other things, amended the complaint to add Aten Technology, Inc. and ATEN International Co., Ltd ("ATEN") and Belkin as defendants.

15. On February 22, 2007, Belkin filed its answer to the First Amended Complaint.

16. In April 2007, the parties engaged in contested motion practice regarding a protective order to protect the parties' confidential information. This was not resolved until June 5, 2007 [D.N. 116]. I understand that the bulk of Avocent's document productions prior to the stay were not produced until after the June 5, 2007 date:

Summary of Avocent Productions Prior to Stay

| **Production Date** | **Beg. Bates Nos.** | **End. Bates Nos.** |
|---|---|---|
| 5/18/2007 | APX00001 | APX006247 |
| 6/7/2007 | APX06248 | APX019799 |
| 6/11/2007 | APX019800 | APX058971 |
| 6/13/2007 | APX058972 | APX072918 |
| 6/20/2007 | APX072919 | APX082909 |
| 6/25/2007 | APX082910 | APX096932 |
| 7/2/2007 | APX096933 | APX105846 |
| | APX105847 | APX299999 |
| 7/31/2007 | APX300000 | APX306412 |
| 8/3/2007 | APX306413 | APX318138 |
| | APX318139 | APX399999 |
| 8/9/2007 | APX400000 | APX407328 |
| 8/10/2007 | APX407329 | APX418002 |
| 8/13/2007 | APX418003 | APX424247 |
| 8/14/2007 | APX424248 | APX428393 |
| 8/15/2007 | APX428394 | APX433865 |
| 8/16/2007 | APX433866 | APX436227 |
| 8/17/2007 | APX436228 | APX439721 |
| 8/20/2007 | APX439722 | APX440931 |
| 8/21/2007 | APX440932 | APX449039 |
| 8/23/2007 | APX449040 | APX459004 |
| 9/18/2007 | APX459005 | APX459013 |
| 9/26/2007 | APX459014 | APX800585 |
| 10/25/2007 | APX800586 | APX806711 |

17. On April 19, 2007, the Court issued a scheduling order which, among other things, required Avocent to serve its statement of asserted claims and preliminary infringement contentions on or before May 25, 2007 and Defendants to serve their

Statement of preliminary invalidity contentions by June 15, 2007.

18. On or about May 25, 2007, Belkin received Avocent's preliminary infringement contentions that asserted 55 claims against Belkin and accused dozens of Belkin products that extend across numerous product families. Reviewing and analyzing the accused products was a significant undertaking, since some of the accused products were obsolete and the majority were designed and manufactured by entities other than Belkin.

19. Prior to the stay, Belkin propounded and reviewed discovery responses directed to issues pertaining to prior art and invalidity. For example Belkin's First Set of Requests for Production to Plaintiff dated March 29, 2007 included numerous requests directed to obtaining prior art, file histories for the patents and related patents and applications; and documents from other litigations relating to the patents-in-suit or elated patents and applications.

20. Prior to the stay, Belkin responded to Avocent's significant discovery requests, including the discovery listed below:

a. Prepared Initial and Supplemental responses to Avocent's First set of Interrogatories to Belkin (Nos. 1-14);

b. Responded to Avocent's First set of Requests for Production to Belkin (Nos. 1-42); and

21. In connection with Avocent's requests for production of documents, Belkin worked diligently to locate and produce over 63,900 pages of documents as summarized below:

Summary of Belkin's Document Productions Prior to Stay

| **Production Date** | **Beg. Bates Nos.** | **End. Bates Nos.** |
|---|---|---|
| 5/15/2007 | BELKIN000001 | BELKIN0002527 |
| 6/27/2007 | BELKIN0002528 | BELKIN0003408 |
| 8/3/2007 | BELKIN0003409 | BELKIN0041418 |
| 8/10/2007 | BELKIN0041419 | BELKIN0060488 |

| Production Date | Beg. Bates Nos. | End. Bates Nos. |
|---|---|---|
| 9/14/2007 | BELKIN0060489 | BELKIN0062366 |
| 10/19/2007 | BELKIN0062367 | BELKIN0063930 |

22. Despite these efforts, the New Prior Art identified above was not known or the significance was not fully appreciated until after the case had been stayed.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 1st day of December, 2011 in Los Angeles, California.

Vision L. Winter

CERTIFICATE OF SERVICE

I hereby certify that on December 1, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

John A. Knox
Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
jknox@wkg.com

James D. Berquist
J. Scott Davidson
Donald L. Jackson
DAVIDSON BERQUIST JACKSON & GOWDEY, LLP
4300 Wilson Blvd, Suite 700
Arlington, Virginia 22203
jay.berquist@davidsonberquist.com
scott.davidson@davidsonberquist.com
dlj@dbjg.com

Thomas F. Ahearne
Joel B. Ard
Foster Pepper PLLC
1111 Third Avenue, Suite 3400
Seattle, WA 98101-3299
ahearne@foster.com
ArdJB@foster.com

Ming-Tao Yang
Gregory K. Storey
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
3300 Hillview Avenue
Palo Alto, CA 94304-1203
Ming.yang@finnegan.com
greg.storey@finnegan.com

Robert W. Dickerson
Yasser El-Gamal
Dickstein Shapiro, LLP
2049 Century Park East, Suite 700
Los Angeles, CA 90067
dickersonr@dicksteinshapiro.com
elgamaly@dicksteinshapiro.com

Jeffrey A. Miller
Dickstein Shapiro, LLP
700 Hanson Way
Palo Alto, CA 94304
millerj@dicksteinshapiro.com

David P. Enzminger
Winston & Strawn LLP
333 South Hope Street
Los Angeles, CA 90071
denzminger@winston.com

Jeffrey J. Phillips
Winston & Strawn LLP
1111 Louisiana, 25th Floor
Houston, TX 77002
jphillips@winston.com

s/ Michael A. Moore
Michael A. Moore, WSBA No. 27047
CORR CRONIN MICHELSON BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Telephone: (206) 625-8600
Fax: (206) 625-0900
e-mail: mmoore@corrcronin.com