THE HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| AVOCENT REDMOND CORP., a Washington corporation,<br><br>                Plaintiff,<br><br>v.<br><br>ATEN TECHNOLOGY INC., a California corporation; ATEN INTERNATIONAL CO., LTD., a Taiwanese Company; BELKIN INTERNATIONAL, INC., a Delaware corporation, and BELKIN, INC., a Delaware corporation.<br><br>                Defendants. | Case No. 2:06-CV-01711 (RSL)<br><br>**DECLARATION OF MING-TAO YANG IN SUPPORT OF DEFENDANTS' MOTION FOR LEAVE TO AMEND INVALIDITY CONTENTIONS** |

YANG DECL. IN SUPPORT OF DEFENDANTS'
MOTION FOR LEAVE TO AMEND INVALIDITY
CONTENTIONS – CASE NO. 2:06-CV-01711-RSL

I, Ming-Tao Yang, declare as follows:

I am an attorney with the law firm of Finnegan, Henderson, Farabow, Garrett & Dunner LLP ("Finnegan") and a member of the bar of the State of California. I am admitted *pro hac vice* before this Court. Finnegan is the lead counsel for Defendants ATEN International Co., Ltd. and ATEN Technology, Inc. I have personal knowledge of the matters set forth in this declaration and if called upon to testify in court, I could and would do so competently.

I make this declaration in support of DEFENDANTS' MOTION FOR LEAVE TO AMEND INVALIDITY CONTENTIONS, filed herewith. It is my understanding that each of the prior art references identified in Defendants' motion for leave to amend, and the information regarding their significance, was unavailable to ATEN before the October 30, 2007 stay was entered. These references were developed or identified by others after the stay in this case, in connection with subsequent litigation and reexamination proceedings involving, primarily, Avocent and Rose Electronics. Avocent's lawsuit against Rose in the United States Court of Federal Claims, Case No. 08-69C, which involved all three of the patents asserted in this case against ATEN, as well as the USPTO reexamination proceedings involving all three of these patents, were initiated after the stay in this case was entered.

Prior to the stay, ATEN conducted prior art searches, reviewed hundreds of references from the search results and from the prosecution and litigation histories of the asserted patents prior to 2007.

1. The prior art review, search, and analysis efforts were a significant undertaking in that:
   a. Avocent asserted three patents and over fifty claims against ATEN;
   b. The three patents-in-suit constituted a subset of a larger family of patent applications and patents; therefore, analyzing the file histories and prior art cited in those related applications involved analyzing thousands of pages and hundreds of cited and related prior art references;
   c. At least two of the asserted patents were the subject of prior litigation, making the review of available documents from prior litigation for prior art and for developing invalidity positions necessary and time-consuming;

      d. ATEN and other defendants initiated prior art searches and reviewed the prior art search results to identify the references identified and formulate the positions set forth in the defendants' preliminary invalidity contentions, which identified 43 references and contained 87 pages of invalidity claim charts.

2. Despite ATEN's efforts to locate relevant prior art, ATEN did not become aware of the prior art identified in Defendants' motion for leave to amend, or did not appreciate their significance, until after the case was stayed.

3. Prior to the stay, neither Rose nor its attorneys disclosed to me the existence or significance of Rose's prior development efforts relating to the Rose OSD KVM Product that constitutes the 102(g) prior invention defense reflected in the supplemental invalidity contentions.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 1st day of December, 2011 in Palo Alto, California.

_____
Ming Tao Yang *by BKS*

## CERTIFICATE OF SERVICE

I hereby certify that on December 1, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

John A. Knox
Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
jknox@wkg.com

James D. Berquist
J. Scott Davidson
Donald L. Jackson
DAVIDSON BERQUIST JACKSON & GOWDEY, LLP
4300 Wilson Blvd, Suite 700
Arlington, Virginia 22203
jay.berquist@davidsonberquist.com
scott.davidson@davidsonberquist.com
dlj@dbjg.com

Thomas F. Ahearne
Joel B. Ard
Foster Pepper PLLC
1111 Third Avenue, Suite 3400
Seattle, WA 98101-3299
ahearne@foster.com
ArdJB@foster.com

Ming-Tao Yang
Gregory K. Storey
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
3300 Hillview Avenue
Palo Alto, CA 94304-1203
Ming.yang@finnegan.com
greg.storey@finnegan.com

Robert W. Dickerson
Yasser El-Gamal
Dickstein Shapiro, LLP
2049 Century Park East, Suite 700
Los Angeles, CA 90067
dickersonr@dicksteinshapiro.com
elgamaly@dicksteinshapiro.com

Jeffrey A. Miller
Dickstein Shapiro, LLP
700 Hanson Way
Palo Alto, CA 94304
millerj@dicksteinshapiro.com

David P. Enzminger
Winston & Strawn LLP
333 South Hope Street
Los Angeles, CA 90071
denzminger@winston.com

Jeffrey J. Phillips
Winston & Strawn LLP
1111 Louisiana, 25th Floor
Houston, TX 77002
jphillips@winston.com

s/ Michael A. Moore
Michael A. Moore, WSBA No. 27047
CORR CRONIN MICHELSON BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Telephone: (206) 625-8600
Fax: (206) 625-0900
e-mail: mmoore@corrcronin.com

CERTIFICATE OF SERVICE
No. C06-1711MJP

CORR CRONIN MICHELSON BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900