1
2                                    THE HONORABLE ROBERT S. LASNIK
3
4
5
6
7
8               UNITED STATES DISTRICT COURT
9              WESTERN DISTRICT OF WASHINGTON
10                        AT SEATTLE
11

| | |
|---|---|
| AVOCENT REDMOND CORP., a Washington corporation, | Case No. 2:06-CV-01711 (RSL) |
| Plaintiff, | **DECLARATION OF YASSER EL-GAMAL IN SUPPORT OF DEFENDANTS' MOTION FOR LEAVE TO AMEND INVALIDITY CONTENTIONS** |
| v. | |
| ATEN TECHNOLOGY INC., a California corporation; ATEN INTERNATIONAL CO., LTD., a Taiwanese Company; BELKIN INTERNATIONAL, INC., a Delaware corporation, and BELKIN, INC., a Delaware corporation. | |
| Defendants. | |

EL-GAMAL DECL. IN SUPPORT OF DEFENDANTS'
MOTION FOR LEAVE TO AMEND INVALIDITY
CONTENTIONS – CASE NO. 2:06-CV-01711-RSL

DM_US:20523057_1

I, Yasser El-Gamal, declare as follows:

1. I am a member of the bar of the State of California and a partner with the law firm of Dickstein Shapiro LLP, lead counsel for the Belkin Defendants in this matter. I am admitted to practice *pro hac vice* before this Court. I have personal knowledge of the matters set forth in this declaration and if called upon to testify in court, I could and would do so competently.

2. I make this declaration in support of DEFENDANTS' MOTION FOR LEAVE TO AMEND INVALIDITY CONTENTIONS, by which Defendants seek leave to supplement their invalidity contentions with the prior art contentions developed by other parties when the case was stayed as described in more detail below.

**EXHIBITS**

3. Attached hereto as Exhibit 1 is a true and correct copy of Defendants' proposed First Supplemental Combined Statement of Preliminary Invalidity Contentions (excluding Appendix C and D) in redline format.

4. Attached hereto as Exhibit 2, filed under seal, is a true and correct copy of Appendix C to Defendants' First Supplemental Combined Statement of Preliminary Invalidity Contentions (which is a copy of the Nov. 23, 2009 Expert Report of of Steven R. Eisenbarth, Ph.D., P.E. together with exhibits that was served on Avocent on or about November 23, 2009) ("Nov. 23, 2009 Eisenbarth Report").

5. Attached hereto as Exhibit 3, filed under seal, is a true and correct copy of the April 29, 2010 Rose Elecs. Mot. for Summ. J. of Invalidity of All 17 Claims Asserted Against the ServeView Pro Product Based on 35 U.S.C. § 102(g), Declaration of Peter Macourek, and Declaration of Gregory K. Storey in Support of Rose Elecs. Mot. for Summ. J. of Invalidity of All 17 Claims Asserted Against the ServeView Pro Product Based on 35 U.S.C. § 102(g) ("April 29, 2010 Rose MSJ Re: 102(g) Prior Invention of the Rose OSD Product"). Upon request, Defendants will provide the Court with the exhibits cited in April 29, 2010 Rose MSJ Re: 102(g) Prior Invention of the Rose OSD Product.

6. Attached hereto as Exhibit 4 is a true and correct copy of a letter from James

- 1 -

EL-GAMAL DECL. IN SUPPORT OF DEFENDANTS'
MOTION FOR LEAVE TO AMEND INVALIDITY
CONTENTIONS – CASE NO. 2:06-CV-01711-RSL

DM_US:20523057_1

1 | D. Berquist to Robert W. Dickerson, dated Nov. 14, 2011.

2 | 7. Attached hereto as Exhibit 5 is a true and correct copy of Order Granting Mot. to Am. Prelim. Invalidity Contentions (D.N. 59) *Play Visions, Inc. v. Dollar Tree Stores, Inc.*, No. C09-1769, (W.D. Wash. Nov. 30, 2010) (Pechman, J.).

8. Attached hereto as Exhibit 6 is a true and correct copy of Defendants' Combined Statement of Preliminary Invalidity Contentions, served June 15, 2007.

9. Attached hereto as Exhibit 7 is a true and correct copy of a letter from Robert W. Dickerson to James D. Berquist, dated Nov. 3, 2011.

10. Attached hereto as Exhibit 8 is a true and correct copy of a letter from Gregory K. Storey to James D. Berquist, dated Nov. 10, 2011.

11. Attached hereto as Exhibit 9 is a true and correct copy of an email from Gregory K. Storey to James D. Berquist, dated Nov. 14, 2011.

12. Attached hereto as Exhibit 10 is a true and correct copy of a letter from Robert W. Dickerson to James D. Berquist, dated Nov. 15, 2011.

13. Attached hereto as Exhibit 11 is a true and correct copy of a December 18, 2009 Order from the Court of Federal Claims.

## FACTS

14. This is not an ordinary patent case. Plaintiff Avocent ("Avocent") has asserted 40 claims (against Belkin alone) from three different patents (U.S. Patents 5,884,096, 6,112,264, and 7,113,978) and accuses of infringement dozens of Belkin products, extending across numerous product lines and families.

15. The patents in suit and their lengthy prosecution and litigation histories further complicate this case. The patents in suit all trace back to an application filed over a decade and a half ago on August 25, 1995 (now U.S. Patent No. 5,721,842). On January 16, 2007, the date Avocent amended its complaint to allege infringement against Belkin and ATEN, there were no fewer than seven related patent application file histories in the United States alone:

- 2 -   EL-GAMAL DECL. IN SUPPORT OF DEFENDANTS' MOTION FOR LEAVE TO AMEND INVALIDITY CONTENTIONS – CASE NO. 2:06-CV-01711-RSL

DM_US:20523057_1

<u>Pre-Stay Applications/File Histories</u>

    a.  U.S. Patent App.Ser. No. 08/519,193 filed 08/25/95 (Now USPNo. 5,721,842);

    b.  U.S. Patent App.Ser. No. 08/970,168 filed 11/12/97 (Now USPNo. 5,937,176);

    c.  U.S. Patent App.Ser. No. 08/969,723 filed 11/12/97 (Now USPNo. 5,884,096);

    d.  U.S. Patent App.Ser. No. 09/244,947 filed 02/04/99 (Now USPNo. 6,112,264);

    e.  U.S. Patent App.Ser. No. 08/590,170 filed 06/09/00 (Now USPNo. 6,345,323);

    f.  U.S. Patent App.Ser. No. 09/683.582 filed 01/22/02 (Now USPNo. 7,113,978); and

    g.  U.S. Patent App.Ser. No. 11/129,443 filed 05/16/05 (Now USPNo. 7,818,367).

16. As a result of this protracted prosecution history there were literally hundreds of prior art reference documents cited on the face of the patents. For example, there are over 100 U.S. Patent Documents cited on the face of the asserted '096 patent alone.

17. As of January 16, 2007, there were also numerous foreign related counterpart applications as well.

18. During the four-year stay, nine additional related U.S. applications were filed, eight of which were reexaminations of previously issued patents. The reexaminations were filed by Rose and were declared by United States Patent Office ("USPTO") after a finding of substantial new issues of patentability based on previously undisclosed prior art publication references and combinations thereof.

19. In addition to the numerous and lengthy prosecution histories, this case is further complicated by the fact that the patents-in-suit and related patents have a lengthy litigation history as well. In each of the following litigations, Avocent or its predecessor

- 3 -

Apex asserted the patents in suit, or patents directly related to the patents in suit:

<u>Pre Stay Litigations</u>

- 1998 – Apex sued CCC Group (Case No. WDWash 98CV739);
- 1998 – Apex sued Rose Electronics and Cybex (Case Nos. WDWash 98CV246; WDWash 98CV245)
  - Dismissed pending USPTO interference filed by Cybex (Perholz patent)
  - Avocent formed by merger of Apex and Cybex
- 2001– Avocent sued Raritan (*Raritan I*) (Case No. SDNY 01CV4435)
  - Bench trial resulted in verdict for Raritan
  - Federal Circuit reversed several claim construction rulings
  - Case settled in May 2005 on the eve of second trial
- 2006-07 – Avocent sued Rose, Aten, Belkin, and Trippe (Case No. WDWash 06CV1711)
  - Case stayed pending USPTO reexaminations filed by Rose
  - Stay maintained pending 2nd reexaminations and COFC case

20. Subsequently, during the four-year stay, Avocent continued to litigate these very patents-in-suit and filed two intervening law suits asserting the same patents it asserted against Belkin and ATEN as well as additional patents in the family:

<u>Post Stay Litigations</u>

- 2008 – *Avocent Redmond Corp. v. United States & Rose Electronics (Intervenor)*, (Ct. of Fed. Cl. Jan. 31, 2008) (Case No. COFC 08CV0069) ("*Rose II* litigation")
  - Avocent sued United States in COFC for Rose sales to U.S.
  - Rose intervened and defended case
  - Settled prior to trial (7/20/11)
  - MSJ Re: 102(g) Prior Invention defense remained undecided at the time of settlement

- 4 -

EL-GAMAL DECL. IN SUPPORT OF DEFENDANTS'
MOTION FOR LEAVE TO AMEND INVALIDITY
CONTENTIONS – CASE NO. 2:06-CV-01711-RSL

DM_US:20523057_1

- 2010 – *Avocent Redmond Corp. v. Raritan Americas, Inc.*, (S.D.N.Y Aug. 14, 2010) (Case No. SDNY 10CV4435) (*Raritan II* litigation)
    - Avocent sued Raritan again after expiration of original 5-year settlement license
    - Case is pending, now in expert discovery phase.

21. As explained below, these post-stay Rose litigation and reexamination proceedings resulted in invalidity contentions that were not known or understood by Belkin before this case was stayed. Those invalidity contentions, which for years have been well known to Avocent, are the very contentions Defendants seek to incorporate into their invalidity contentions in this case.

- 5 -   EL-GAMAL DECL. IN SUPPORT OF DEFENDANTS' MOTION FOR LEAVE TO AMEND INVALIDITY CONTENTIONS – CASE NO. 2:06-CV-01711-RSL

DM_US:20523057_1

22. The supplemental prior art incorporated into the proposed supplemental invalidity contentions (listed in Appendix A-1-Supp of the Exhibit 1) can be categorized into three groups:

  a. Documents Re: 35 USC 102(g) Prior Invention Defense Based on the Rose OSD

| Products Offered for Sale, Publicly Used or Made Known | Person or Entity | Date Product Offered for Sale, Publicly Used or Made Known |
|---|---|---|
| KVM switch sold to Black Box, consisting of VMCON4 Rev. I (KVM board) and PCB-OVL Rev. A (OSD board) ("Rose OSD product") | Rose Electronics | October 9, 1996 |

| Technical Rose Documents Re: Development of Rose OSD Product – 102(g) Prior Invention | Identification (if any) |
|---|---|
| Rose Electronics, Station Master Installation and Operation Manual, Version 1.1, March 23, 1995 | |
| Rose Electronics Schematic, Part No. VMCON4, Revision G ("VMCON4 rev. G") | ROSE 0243350-69 |
| Rose Electronics Schematic, Part No. VMCON4, Revision H ("VMCON4 rev. H") | ROSE 0242335 |
| Rose Electronics Schematic, Part No. VMCON4, Revision I ("VMCON4 rev. I") | ROSE 0242336 |
| Rose Electronics Schematic, OSD Board, Feb. 1995 ("Feb. 1995 schematics") | ROSE 0242337 |
| Rose Electronics Schematic, OSD Board, Aug. 1, 1995 ("Aug. 1, 1995 schematic") | ROSE 2948-2952 |
| Rose Electronics Schematic, Doc. No. OVERLAY1.SCH, Rev. A ("Sep. 5, 1995 schematic") | ROSE 2657, 2769, 2779, 2846 |
| Rose Electronics Schematic, Doc. No. OVERLAY3.SCH, Rev. A ("Sep. 14, 1995 schematic") | ROSE 3253 |
| Rose Electronics Schematic, Doc. No. OVERLAY3.SCH, Rev. A ("Sep. 27, 1995 schematic") | ROSE 2931 |
| Rose Electronics Schematic, Doc. No. OVERLAY4.SCH, Rev. A ("Nov. 8, 1995 schematic") | ROSE 2771 |
| Rose Electronics Schematic, Doc. No. OVERLAY4.SCH, Rev. A ("Nov. 28, 1995 schematic") | ROSE 2903 |
| Rose Electronics Schematic, File C:\ROSE\OVL\OVERLAY.SCH ("Dec. 19, 1995 schematic") | ROSE 2895 |
| Rose Electronics Schematic, No. OVERLAY.SCH, ("Dec. 26, 1995 schematic") | ROSE 2894 |
| Rose Electronics Schematic, No. OVERLAY.SCH, Rev. A ("Jan. 25, 1996 schematic") | ROSE 2860 |
| Rose Electronics Schematic, Doc. No. A12MODOL.SCH, Rev. A ("Jan. 26, 1996 schematic") | ROSE 1001, 1011 |
| Rose Electronics Schematic, No. PCB-OVL, Rev. A ("Feb. 20, 1996 schematic") | ROSE 2861 |

- 6 -   EL-GAMAL DECL. IN SUPPORT OF DEFENDANTS' MOTION FOR LEAVE TO AMEND INVALIDITY CONTENTIONS – CASE NO. 2:06-CV-01711-RSL

DM_US:20523057_1

b. **Previously Undisclosed Japanese Foreign Language References from Japanese Foreign Counterpart Applications:**

| | | |
|---|---|---|
| Japanese Laid Open Pat. App. No. 5-27721 | Horiuchi | February 5, 1993 |
| Japanese Laid Open Pat. App. No. 5-81196 | Ishihara et al. | April 2, 1993 |

c. **Diefendorff et al., PolyCon, Engelbart, Howse, Tragen/Q-Net References:**

| Patents/Applications | Inventors | Issue/Pub. Dates |
|---|---|---|
| US 3,541,541 | Engelbart | November 17, 1970 |
| US 4,404,551 | Howse et al. | Septemebr 13, 1983 |
| WO 87/00317 | Tragen et al. | January 15, 1987 |
| EU 0174099 | Diefendorff et al. | March 12, 1986 |

| Publications: | | Document Identification (if any) |
|---|---|---|
| The PolyCon Management System Ordering Catalog, 1994 ("PolyCon") | | ROSE 0004609-24 |
| Microscience Corp., Q-Net Installation and Operation Manual and related documents | | ROSE 0244871-82; ROSE 0244883-5113 |

| Products Offered for Sale, Publicly Used or Made Known | Person or Entity | Date Product Offered for Sale, Publicly Used or Made Known |
|---|---|---|
| Q-Net Resource Manager | Microscience Corp. | 1985 |

23. Invalidity contentions based on the foregoing prior art was served on Avocent at least over two years ago in Rose's Nov. 23, 2009 Eisenbarth Report. (Exhibit 2 hereto)

24. In addition, the invalidity contentions relating to the Prior Invention of the Rose OSD KVM product was also again served on Avocent in connection with Rose's April 29, 2010 Rose MSJ Re: the 102(g) Prior Invention of the Rose OSD Product. (Exhibits 2 and 3 hereto).

25. **Prior Invention of Rose OSD KVM Product**: As set forth in the Vision Winter and Ming-Tao Yang Declarations filed contemporaneously herewith, the prior invention of the Rose OSD KVM Product was unknown to Belkin or ATEN at any time

- 7 -  EL-GAMAL DECL. IN SUPPORT OF DEFENDANTS' MOTION FOR LEAVE TO AMEND INVALIDITY CONTENTIONS – CASE NO. 2:06-CV-01711-RSL

DM_US:20523057_1

before the October 30, 2007 stay. Even though Rose was a co-defendant in this litigation prior to the October 30, 2007 stay, Rose was represented by separate counsel and did not disclose the existence and significance of the prior conception or reduction to practice of the Rose OSD KVM Product to Belkin at any time before the October 30, 2007 stay. It is my understanding from Rose's lawyers Mike Dowler, Jeff Phillips and Greg Storey (who is now representing ATEN) that they themselves did not know that Rose had an earlier conception and reduction to practice of the Rose OSD KVM Product (which is substantively identical to one of the accused products) until after this case was stayed. Accordingly, this prior art -- which was *uniquely* in Rose's possession, custody and control -- was previously unknown and unavailable to both Belkin and ATEN.

26. **Japanese References (Horiuchi and Ishihara et al).**: These are two Japanese prior art references that were cited in connection with a Japanese foreign counterpart application, that do not appear to have been produced to Belkin prior to the case being stayed.

27. **Diefendorff et al., PolyCon, Engelbart, Howse, Tragen/Q-Net**: These items of prior art were discovered after the case was stayed in connection with *Rose II* litigation and/or employed as prior art referenced in connection with the reexaminations initiated by Rose, some of which were combined with the Horiuchi and Ishihara references as the basis of invalidity contentions developed by Rose and set forth in the Nov. 23 Eisenbarth Report and/or the reexamination requests.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 1st day of December, 2011 at Irvine, California.

_____
Yasser El-Gamal

- 8 -

EL-GAMAL DECL. IN SUPPORT OF DEFENDANTS'
MOTION FOR LEAVE TO AMEND INVALIDITY
CONTENTIONS – CASE NO. 2:06-CV-01711-RSL

DM_US:20523057_1

## CERTIFICATE OF SERVICE

I hereby certify that on December 1, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

John A. Knox
Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
jknox@wkg.com

James D. Berquist
J. Scott Davidson
Donald L. Jackson
DAVIDSON BERQUIST JACKSON &
GOWDEY, LLP
4300 Wilson Blvd, Suite 700
Arlington, Virginia 22203
jay.berquist@davidsonberquist.com
scott.davidson@davidsonberquist.com
dlj@dbjg.com

Thomas F. Ahearne
Joel B. Ard
Foster Pepper PLLC
1111 Third Avenue, Suite 3400
Seattle, WA 98101-3299
ahearne@foster.com
ArdJB@foster.com

Ming-Tao Yang
Gregory K. Storey
Finnegan, Henderson, Farabow, Garrett &
Dunner, LLP
3300 Hillview Avenue
Palo Alto, CA 94304-1203
Ming.yang@finnegan.com
greg.storey@finnegan.com

Robert W. Dickerson
Yasser El-Gamal
Dickstein Shapiro, LLP
2049 Century Park East, Suite 700
Los Angeles, CA 90067
dickersonr@dicksteinshapiro.com
elgamaly@dicksteinshapiro.com

Jeffrey A. Miller
Dickstein Shapiro, LLP
700 Hanson Way
Palo Alto, CA 94304
millerj@dicksteinshapiro.com

David P. Enzminger
Winston & Strawn LLP
333 South Hope Street
Los Angeles, CA 90071
denzminger@winston.com

Jeffrey J. Phillips
Winston & Strawn LLP
1111 Louisiana, 25th Floor
Houston, TX 77002
jphillips@winston.com

s/ Michael A. Moore
Michael A. Moore, WSBA No. 27047
CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Telephone: (206) 625-8600
Fax: (206) 625-0900
e-mail: mmoore@corrcronin.com

CERTIFICATE OF SERVICE – Page 1
No. C06-1711MJP

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900