1

2

3

4

5

6

7

8

The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

| | |
|---|---|
| AVOCENT REDMOND CORP., a Washington corporation,<br><br>    Plaintiff,<br><br>   v.<br><br>ROSE ELECTRONICS, a Texas general partnership; PETER MACOUREK, an individual; DARIOUSH "DAVID" RAHVAR, an individual; ATEN TECHNOLOGY INC., a California corporation; ATEN INTERNATIONAL CO., LTD., a Taiwanese Company; BELKIN INTERNATIONAL, INC., a Delaware corporation, and BELKIN INC., a Delaware corporation<br><br>    Defendants. | NO. C06-1711-RSL<br><br>AVOCENT'S OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO AMEND INVALIDITY CONTENTIONS |

Plaintiff Avocent Redmond Corp. ("Avocent") opposes the motion of Aten Technology Inc., Aten International Co., Ltd. ("Aten"), Belkin International, Inc., and Belkin, Inc. ("Belkin"; collectively, "Defendants") seeking leave to amend their invalidity contentions.

There is no such thing as "new" prior art. Avocent's original patent application was filed more than 16 years ago on August 25, 1995. By definition, no prior art could be created after that date. *See* 35 U.S.C. § 102. Thus, Defendants are necessarily seeking to rely on prior art references, and contentions regarding prior art references, that are at least 16 years old.

AVOCENT'S OPPOSITION TO DEFENDANTS' MOTION FOR
LEAVE TO AMEND INVALIDITY CONTENTIONS - 1
(NO. C06-1711 MJP)

**Williams, Kastner & Gibbs PLLC**
602 Union Street, Suite 4100
Seattle, Washington 98101
(206) 628-6600

3326400.1

1   Even when Defendants served their invalidity contentions in June 2007, the body of prior art

2   available to the Defendants was about 12 years old.  This is not a situation where a relevant

3   document was recently generated and Defendants have not had the time to locate it.  Caution

4   should be exercised in allowing Defendants to amend their contentions where they have had

5   such a long period of time for prior art to be uncovered.  After all, Defendants are already

6   suggesting that they will attempt to amend their contentions again if they locate additional prior

7   art.  (Defs' Motion (Dkt. No. 283), p. 9 ("As such, if new prior art references are discovered,

8   Defendants may seek appropriate leave to amend.")).

9   **I.      THE REASON DEFENDANTS ARE SEEKING LEAVE TO AMEND THEIR
            CONTENTIONS**

10

11          Defendants try to paint their request to amend their invalidity contentions as no big

12   deal.  According to Defendants, they just want to add new prior art and invalidity arguments

13   based on what has been used by other defendants in cases since this case was stayed in October

14   2007.  Nothing could be further from the truth.  Defendants seek to distance themselves from

15   their 2007 invalidity contentions, completely change horses, and ride the invalidity contentions

16   and prior art used by Rose in the Court of Federal Claims action and by Raritan in the Southern

17   District of New York action.  Far from the "minor" change that Defendants are selling to the

18   Court, this is a fundamental revamp of the entire invalidity side of this case.

19          The reason Aten and Belkin are so desperate to walk away from their old contentions

20   and adopt the Rose/Raritan contentions is because Aten's and Belkin's contentions were

21   submitted to the U.S. Patent and Trademark Office ("PTO") during multiple reexaminations of

22   Avocent's patents, and the PTO said that Avocent's claims were patentable over that art.  This

23   is particularly significant since the PTO does not presume that claims are valid during

24   reexamination, unlike district court litigation in which claims are presumed valid as a matter of

25   statutory law.  *See* 35 U.S.C. § 282.  Thus, even under the higher standard for patentability that

26   applies in reexamination proceedings (*i.e.*, no presumption of validity), Avocent's patents were

AVOCENT'S OPPOSITION TO DEFENDANTS' MOTION FOR
LEAVE TO AMEND INVALIDITY CONTENTIONS - 2
(NO. C06-1711 MJP)

**Williams, Kastner & Gibbs PLLC**
602 Union Street, Suite 4100
Seattle, Washington 98101
(206) 628-6600

3326400.1

1   unscathed by the 110 pages of invalidity contentions relied upon by Aten and Belkin in the

2   2007 contentions.  (*See* El-Gamal Decl. (Dkt. No. 286), Exh. 6 (2007 Invalidity Contentions)).

3   Thus, regardless of how good Raritan's and Rose's contentions are (and they are not very

4   good), they are better than the 2007 Aten/Belkin contentions which have been fully considered,

5   and rejected, by the PTO during reexamination of Avocent's patents.[1]

6           Significantly, when Rose asked Judge Pechman to stay the case pending PTO

7   reexamination of Avocent's patents, it argued that the reexaminations would likely "simplify"

8   this case.  (Rose's Motion to Stay (Dkt. No. 167), pp. 7-8).  Aten expressly joined in that

9   motion (Dkt. No. 176); and Belkin did not oppose that motion.  The only way that the

10  reexamination proceedings could simplify this case was if the reexaminations resolved

11  patentability/validity issues.  Now that those patentability/validity issues have been resolved in

12  Avocent's favor, Defendants want to amend their invalidity contentions by adding dozens of

13  invalidity arguments and references to this case.  This is obviously not going to simplify the

14  case.

15  **II.      DEFENDANTS HAVE NOT DEMONSTRATED GOOD CAUSE**

16          Defendants acknowledge that they must demonstrate good cause to allow them to

17  amend their invalidity contentions.  (Defs' Motion (Dkt. No. 283), p. 5).  Under this court's

18  Local Patent Rules, an example of good cause to amend invalidity contentions is the "recent

19  discovery of material prior art despite earlier diligent search."  Local Patent Rule 124.  Thus,

20  the Defendants must have: (1) recently discovered the prior art (*i.e.*, it must have been

21  previously unknown to Defendants); (2) the prior art must be "material"; and (3) Defendants

22  must have previously made a "diligent search" for prior art.  In addition, allowing Defendants

23  to amend their contentions must not cause undue prejudice to Avocent.  *Id.*

24

25  _____

26  [1]  Most of Raritan's and Rose's invalidity contentions have also been considered by the PTO either during the
     original prosecution or the multiple reexaminations of Avocent's patents.

AVOCENT'S OPPOSITION TO DEFENDANTS' MOTION FOR          **Williams, Kastner & Gibbs PLLC**
LEAVE TO AMEND INVALIDITY CONTENTIONS - 3              602 Union Street, Suite 4100
(NO. C06-1711 MJP)                                     Seattle, Washington 98101
                                                        (206) 628-6600

3326400.1

**A.      Defendants Do Not Allege that They Did Not Know About the "New" Prior Art**

For the prior art to have been "recently discovered" by Defendants, it must have been previously unknown to Defendants.  After all, if they previously knew about the prior art, Defendants could not have recently *discovered* it.

Defendants submit the declarations of Vision Winter and Ming-Tao Yang to try to show that Defendants did not know about the "new" prior art.  But a careful reading of those declarations implicitly reveals that Aten and Belkin did know about the prior art.  Mr. Yang states that "ATEN *did not become aware of the prior art* identified in Defendants' motion for leave to amend, *or did not appreciate their significance*, until after the case was stayed." (Yang Decl. (Dkt. No. 285), ¶ 2 (emphasis added)).  Likewise, Mr. Winter states that "[i]t is my understanding that *each of these prior art references was unknown to Belkin or the significance was not fully appreciated* before the October 30, 2007 stay was entered."  (Winter Decl. (Dkt. No. 284), ¶ 4 (emphasis added)).

Not being aware and not fully appreciating the prior art are opposites.  Not appreciating the significance of the prior art necessarily means that Aten and Belkin knew about the prior art references.  Obviously, if it were true that Aten and Belkin did not know about the prior art, Messrs. Yang and Winter would <u>not</u> have said that they did not appreciate the "significance" of the references.  Instead, they would have just said that Aten and Belkin did not know about the references, period.  Thus, although carefully worded, the Yang and Declarations implicitly reveal that Aten and Belkin knew about the "new" prior art references.  Accordingly, these references are not "recently discovered," as stated in Local Patent Rule 124.[2]

In addition, Defendants have led Avocent to believe that Aten, Belkin and Rose had entered a Joint Defense or Common Interest Agreement.  For example, Defendants have made

---

[2]   Defendants' motion, and the Yang and Winter Declarations, do not treat the three groups of prior art separately.  Thus, Avocent has treated them collectively as well.  It would be fundamentally unfair, and improper, for Defendants to make separate arguments regarding the prior art groups in their reply brief.

AVOCENT'S OPPOSITION TO DEFENDANTS' MOTION FOR
LEAVE TO AMEND INVALIDITY CONTENTIONS - 4
(NO. C06-1711 MJP)

**Williams, Kastner & Gibbs PLLC**
602 Union Street, Suite 4100
Seattle, Washington 98101
(206) 628-6600

3326400.1

1   discovery objections based on the common interest privilege, and have vaguely referred to a

2   joint defense agreement during telephone calls.  If true, then the attorneys for Rose became the

3   attorneys for Aten and Belkin for the subject matter that was of common interest to the

4   defendants.  *See United States v. McPartlin*, 595 F.2d 1321, 1337 (7th Cir. 1979) ("The

5   attorney who thus undertakes to serve his client's co-defendant for a limited purpose becomes

6   the co-defendant's attorney for that purpose.").  This would have included the defendants' joint

7   interest in having Avocent's patents declared invalid.  Indeed, Aten, Belkin <u>and Rose</u> jointly

8   prepared and jointly filed the invalidity contentions in 2007.  (*See* El-Gamal Decl., Exh. 6).

9   Rose certainly knew of its own alleged prior art activities, and thus, that knowledge by Rose's

10  counsel should be attributed to both Aten and Belkin.  After all, they were working jointly to

11  develop prior art invalidity contentions under the terms of an undisclosed joint defense

12  agreement.

13          In any event, not fully appreciating a co-defendant's prior art is not a basis to find that

14  Defendants diligently searched for prior art.  Defendants knew of the alleged Rose prior art, but

15  chose to rely upon other prior art instead.

16          **B.      Defendants Have Not Even Attempted to Demonstrate that the Prior Art is
               "Material"**

17

18          Material prior art is prior art that is more relevant than the prior art of record.  *See Star*

19  *Scientific, Inc. v. R.J. Reynolds Tobacco Co.*, 537 F.3d 1357, 1367 (Fed. Cir. 2008) ("It is well-

20  established, however, that information is not material if it is cumulative of other information

21  already disclosed to the PTO.").  In other words, it must disclose more elements of the claims

22  than the prior art of record discloses.  In this case, it is impossible for any of the "new" prior art

23  to be material.  Indeed, Defendants made no attempt whatsoever to demonstrate that the "new"

24  prior art is material.

25          Defendants' 2007 invalidity contentions alleged that every one of Avocent's asserted

26  claims is anticipated by one or more prior art references.  (*See* El-Gamal Decl., Exh. 6, pp. 8-

AVOCENT'S OPPOSITION TO DEFENDANTS' MOTION FOR
LEAVE TO AMEND INVALIDITY CONTENTIONS - 5
(NO. C06-1711 MJP)

**Williams, Kastner & Gibbs PLLC**
602 Union Street, Suite 4100
Seattle, Washington 98101
(206) 628-6600

3326400.1

1   16).  In other words, there is one reference (or in some cases, more than one reference) that

2   individually discloses all elements of Avocent's claims, according to Defendants.  Thus, none

3   of the "new" prior art Defendants seek to rely upon could be more pertinent than the prior art

4   references already disclosed in their 2007 contentions.  Consequently, the prior art references

5   that Defendants seek leave to add to their contentions are not "material."

6           **C.**        **Defendants Were Not Diligent In Searching for Prior Art**

7           Aten and Belkin were either not diligent in searching for prior art or they are not being

8   totally forthcoming.  The first place every defendant looks for prior art is companies that were

9   in the same business at the time the patent application was filed.  Rose Electronics ("Rose")

10  was in the KVM switch business before Avocent filed its original patent application in August

11  1995.  It is unreasonable to think that Aten and Belkin did not investigate what prior art their

12  co-defendant Rose had when this litigation began in 2007.  This is especially true since Rose

13  was sued on this same family of patents in 1998 when the first patent in this family issued from

14  the PTO.  As an accused infringer in 1998, Rose had every motive to examine its own activities

15  and products for potential prior art, and maintain that prior art in the event that Avocent sued

16  Rose again on the same patent family.[3]  Since neither Aten nor Belkin identified the alleged

17  "prior invention" prior art in 2007, they apparently did not investigate what prior art Rose had,

18  and thus, they were not diligent in searching for prior art.

19          Defendants were not diligent with respect to the two Japanese references either.

20  Messrs. Yang and Winter both stated that Aten and Belkin analyzed the file histories for the

21  related patents and related patent applications that are part of the same patent family, and the

22  prior art cited in those files.  (Yang Decl. (Dkt. No. 285), ¶ 1.b; Winter Decl. (Dkt. No. 284), ¶

23  8.a).  Yet, as Defendants acknowledge, the two Japanese references were cited in a related

24

25

26    [3]   Avocent dismissed the 1998-1999 litigation against Rose expressly *without prejudice*.

AVOCENT'S OPPOSITION TO DEFENDANTS' MOTION FOR
LEAVE TO AMEND INVALIDITY CONTENTIONS - 6
(NO. C06-1711 MJP)

**Williams, Kastner & Gibbs PLLC**
602 Union Street, Suite 4100
Seattle, Washington 98101
(206) 628-6600

3326400.1

1  Japanese counterpart application.  (Defs' Motion, p. 6 n.25; *see also* El-Gamal Decl., ¶ 17

2  (describing foreign counterpart applications as "related" applications)).[4]

3      The third group of "new" prior art is described by Defendants as Deifendorff, PolyCon,

4  Engelbart, Howse, and Tragen/Q-Net.  Defendants do not identify how Rose allegedly first

5  uncovered those references, and thus, neither Avocent nor the Court can determine whether

6  Aten and Belkin should have located those references based on the search efforts they

7  conducted.  In fact, the Tragen reference is cited on the front of Avocent's U.S. Patent No.

8  5,884,096 as a reference considered by the PTO.  The PolyCon reference was cited to the PTO

9  in related U.S. Patent No. 7,113,978.  The '096 and '978 patents are two of the patents-in-suit

10  in this litigation.  Aten and Belkin could not possibly have been diligent in their prior art

11  searches since they did not locate two of the prior art references cited to the PTO during

12  prosecution of the patents-in-suit.

    **D.**    **Allowing Defendants to Amend Their Contentions Would Cause Undue Prejudice to Avocent**

15      Avocent would suffer evidentiary prejudice by allowing Defendants to modify their

16  contentions at this point in the case.  The primary defense Defendants seek to add is the alleged

17  Section 102(g) "prior invention" defense Rose advanced in connection with the parallel Court

18  of Federal Claims action.  That defense is based on the assertion that one of Rose's general

19  partners, Mr. Macourek, invented the subject matter of Avocent's patents before Avocent's

20  inventors did.  Thus, the dispute is over what happened in 1993 through 1995 – *i.e.*, 16-18

21  years ago.

22      After Rose first unveiled this defense in late-2009 and early-2010, Avocent went back

23  to its files and computer archives to locate records corroborating the inventors' statements that

24  they invented the subject matter of the patents in 1994.  (*See* Exh. 1 and 2).[5]  Avocent scoured

25     [4]   Contrary to Defendants' assertion, the Japanese files were produced to Defendants in early August 2007.

26     [5]   Exhibits 1 and 2 are the declarations of Messrs. Beasley and Foster describing their efforts to locate engineering documents from the 1990s.  These declarations were prepared and filed with Judge Castel in the

AVOCENT'S OPPOSITION TO DEFENDANTS' MOTION FOR
LEAVE TO AMEND INVALIDITY CONTENTIONS - 7
(NO. C06-1711 MJP)

**Williams, Kastner & Gibbs PLLC**
602 Union Street, Suite 4100
Seattle, Washington 98101
(206) 628-6600

3326400.1

1    its archived materials and those efforts achieved moderate success.  Avocent was able to locate

2    files such as computer source code showing that Avocent had invented the subject matter of the

3    patents no later than 1994 (prior to the date Rose claims to have invented it).  But, there

4    undoubtedly would have been additional records located that would have corroborated

5    Avocent's invention date had this prior invention defense been asserted by Defendants in 2007

6    before this case was stayed.  For example, in 2008, Avocent moved from one building to a

7    significantly smaller building.  As part of the move, there were a number of files that were not

8    believed to be important that were discarded.  It is unknown whether any of those files

9    contained additional invention records or not.  But, by allowing Defendants to amend their

10   contentions, Avocent is absolutely unable to search those records for additional relevant

11   information.

12        Four years have passed since Defendants should have brought these new invalidity

13   contentions.  During that time, memories have faded, and potentially relevant documents

14   rebutting the alleged prior invention defense may have been lost.  The evidentiary prejudice to

15   Avocent is readily apparent.

16   **III.    CONCLUSION**

17        Although Defendants acknowledge that they can only amend their invalidity

18   contentions upon a showing of good cause, Defendants have entirely failed to meet that

19   standard.  The supporting declarations implicitly concede that Defendants knew about the prior

20   art they now seek to rely upon.  Moreover, they have not demonstrated that these references are

21   more material than the references previously relied upon, or that they diligently searched for

22   prior art.

23

24

25

*Avocent v. Raritan* case to describe the detailed and lengthy efforts undertaken to locate engineering documents,
26   and in particular, documents related to KVM switches sold to Microsoft.

AVOCENT'S OPPOSITION TO DEFENDANTS' MOTION FOR
LEAVE TO AMEND INVALIDITY CONTENTIONS - 8
(NO. C06-1711 MJP)

**Williams, Kastner & Gibbs PLLC**
602 Union Street, Suite 4100
Seattle, Washington 98101
(206) 628-6600

3326400.1

DATED this 12th day of December 2011.

s/John A. Knox, WSBA #12707
WILLIAMS, KASTNER & GIBBS PLLC
601 Union Street, Suite 4100
Seattle, WA  98101-2380
P:  (206) 628-6600; F:  (206) 628-6611
Email: jknox@williamskastner.com

James D. Berquist
J. Scott Davidson
Donald L. Jackson
DAVIDSON BERQUIST JACKSON & GOWDEY, LLP
4300 Wilson Blvd., Suite 700
Arlington, Virginia 22203
Tel: (703) 894-6400
Fax: (703) 894-6430
Email:  jdb@dbjg.com; jsd@dbjg.com;
        dlj@dbjg.com

***Attorneys for Plaintiff Avocent Redmond Corp.***

AVOCENT'S OPPOSITION TO DEFENDANTS' MOTION FOR
LEAVE TO AMEND INVALIDITY CONTENTIONS - 9
(NO. C06-1711 MJP)

Williams, Kastner & Gibbs PLLC
602 Union Street, Suite 4100
Seattle, Washington 98101
(206) 628-6600

3326400.1

1

**CERTIFICATE OF SERVICE**

2

    The undersigned hereby certifies that, on December 12, 2011, the foregoing was

3

electronically filed with the Clerk of the Court using the CM/ECF system which will send

4

notification of such filing to the following:

5

*Counsel for Aten Technology, Inc. and Aten International Co., Ltd.:*

6

7

8

9

| | |
|---|---|
| Thomas F. Ahearne | Ming-Tao Yang |
| FOSTER PEPPER PLLC | FINNEGAN, HENDERSON, FARABOW, |
| 1111 Third Avenue, Suite 3400 | GARRETT & DUNNER, LLP |
| Seattle, WA 98101-3299 | Stanford Research Park |
| | 3300 Hillview Avenue |
| | Palo Alto, CA 94304-1203 |

10

*Counsel for Belkin International, Inc. and Belkin, Inc.:*

11

12

13

14

| | |
|---|---|
| Michael A. Moore | Robert W. Dickerson, Jr. |
| CORR CRONIN MICHELSON | DICKSTEIN SHAPIRO LLP |
| BAUMGARDNER & PREECE LLP | 2049 Century Park East, Suite 700 |
| 1001 4th Ave Ste 3900 | Los Angeles, CA  90067-3109 |
| Seattle, WA  98154-1051 | |

15

16

| | |
|---|---|
| Yasser M. El-Gamal | Jeffrey A. Miller |
| DICKSTEIN SHAPIRO LLP | DICKSTEIN SHAPIRO LLP |
| Two Park Plaza, Suite 900 | 700 Hansen Way |
| Irvine, CA  92614-3519 | Palo Alto, CA  94304-1016 |

17

18

19

| | |
|---|---|
| David P. Enzminger | Jeffrey J. Phillips |
| WINSTON & STRAWN LLP | WINSTON & STRAWN LLP |
| 333 South Hope Street | 1111 Louisiana, 25th Floor |
| Los Angeles, CA 90071 | Houston, TX 77002 |

20

21

    s/John A. Knox, WSBA #12707

22

    WILLIAMS, KASTNER & GIBBS PLLC
    601 Union Street, Suite 4100

23

    Seattle, WA  98111-3926
    Telephone:  (206) 628-6600

24

    Fax:  (206) 628-6611
    Email:  jknox@williamskastner.com

25

26

AVOCENT'S OPPOSITION TO DEFENDANTS' MOTION FOR
LEAVE TO AMEND INVALIDITY CONTENTIONS - 10
(NO. C06-1711 MJP)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101
(206) 628-6600

3326400.1