1

THE HONORABLE ROBERT S. LASNIK

2

3

4

5

6

7                    UNITED STATES DISTRICT COURT

8                  WESTERN DISTRICT OF WASHINGTON

9                              AT SEATTLE

10

| | |
|---|---|
| AVOCENT REDMOND CORP., a Washington corporation, | Case No. 2:06-CV-01711 (RSL) |
| Plaintiff, | **DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR LEAVE TO AMEND INVALIDITY CONTENTIONS** |
| vs. | |
| ROSE ELECTRONICS, a Texas general partnership; PETER MACOUREK, an individual; DARIOUSH "DAVID" RAHVAR, an individual; ATEN TECHNOLOGY INC., a California corporation; ATEN INTERNATIONAL CO., LTD., a Taiwanese Company; TRIPPE MANUFACTURING COMPANY, an Illinois corporation; BELKIN INTERNATIONAL, INC., a Delaware corporation and BELKIN INC., a Delaware corporation | |
| Defendants. | |

REPLY RE: MOTION TO AMEND

Case No. 2:06-cv-1711 (RSL)

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051

DM_US:20523057_1

## I.      INTRODUCTION

Avocent's opposition fails for at least four reasons.

First, Avocent's claim that the prior art is not material is simply not accurate.  Not only is the prior art at issue material, it is perhaps the most material prior art located in this litigation to date.  For example, the 102(g) defense applies to all claims of all three asserted patents.  It was the basis of a summary judgment motion that remained undecided in the COFC case[1] and it drove the settlement of that case.[2]  Materiality is also evidenced by the fact that after 15 years of arguing that Avocent conceived of the alleged invention no earlier than April/May 1995, Avocent suddenly changed its alleged date-of-conception-of-the-invention story to try to circumvent that prior art defense only after the 102(g) defense was disclosed and only after Avocent deposed a third party witness in that case (a witness who corroborated the fact that Rose conceived the alleged invention years before Avocent had claimed).  Avocent has only recently similarly changed its conception story in this litigation.[3]  Avocent would not risk the damage to its credibility by attempting such a drastic change to its position at this time if the prior art at issue was not material.  Moreover, the other prior art references are clearly material as they were the basis for the USPTO's finding new issues of patentability in the intervening reexaminations.[4]

Second, the Court should reject Avocent's attempt to make much of the fact that the supporting declarations from ATEN and Belkin's attorneys state that the references were "unknown" or their "significance was not fully appreciated."  This argument is a red herring.  The "not fully appreciated" phrase was included because one of the references, the Polycon reference, was in the possession of ATEN and Belkin but was not fully appreciated until after the Stay was entered, and its significance arose then only in combination with other newly discovered

---

[1]  *Avocent Redmond Corp. v. United States & Rose Electronics (Intervenor)*, No. 08-69C (Ct. of Fed. Cl. Jan. 31, 2008) ("COFC case")
[2]  Decl. of Jeffrey J. Phillips ISO Defendants' Reply Re: (1) Motion for Leave to Amend, and (2) Motion to File Under Seal ("Phillips Decl.") ¶ 8, filed concurrently.
[3]  Declaration of Ming T. Yang ISO Defendants' Reply Re: Motion for Leave to Amend ("Ming Reply Decl.") ¶ 1-2, filed concurrently.
[4]  Phillips Decl. ¶ 16. Indeed, one of the patents still stands rejected on that basis.

REPLY RE: MOTION TO FILE DOCUMENTS UNDER SEAL                      - 1 -
Case No.  2:06-cv-1711 (RSL)

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051

DM_US:20523057_1

references.[5]  Importantly, both Belkin and ATEN's attorneys do state unequivocally that ***they had no knowledge of the existence or the significance*** of the Rose's 102(g) defense.[6]  Nor could they have, as that information was within the sole possession of Rose and was not asserted by Rose until after this case was stayed in 2007.

Third, Avocent's "prejudice" argument is similarly misplaced.  Avocent has known of this prior art for a significant period of time, as that art was first submitted in the COFC case.[7]  Avocent and its present lawyers have also been litigating these patents continuously since 1998.  During that time, Avocent has, in depositions, trial testimony and interrogatory responses, consistently claimed a conception date between April and May/June, 1995 and thus was obligated to preserve documents relevant to that claim.[8]  Avocent now says it may have destroyed documents in 2008.  Even if true, that fact is irrelevant to this motion and represents a self-inflicted wound that does not justify denial of the Defendants' motion to amend.

Fourth, is the Court should also reject Avocent's argument that the motion should be denied because defendants sought to file the expert report of Dr. Eisenbarth and Rose's 102(g) prior invention Summary Judgment Motion papers under seal.  It was Avocent who designated these materials as Confidential Attorneys Eyes Only in this case.[9]  Moreover, Avocent filed its infringement contentions in this case under seal.  Docket No. 148.  Avocent's actions speak far louder than its words.

At the end of the day, Belkin and ATEN merely seek to bring this case up to date with Avocent's activities in other courts during the period in which this case was stayed.  It is

---

[5] Declaration of Vision L. Winter ISO Defendants' Reply Re: Motion for Leave to Amend ("Winter Reply Decl.") ¶ 3 (filed concurrently); Ming Reply Decl ¶ 3; Phillips Decl. ¶ 17.
[6] Declaration of Vision L. Winter ISO Defendants' Motion for Leave to Amend Invalidity Contentions (DE 284) ¶ 11; Declaration of Ming T. Yang ISO Defendants' Motion for Leave to Amend Invalidity Contentions (DE 285) ¶ 3.
[7] Phillips Decl. ¶¶ 5-13[8] See the 102(g) summary judgment papers at page 2 [APX_1055174]. DE 290, p. 2.
[9] Reply Declaration of Yasser M. El-Gamal ISO Defendants' Reply Re: (1) Motion for Leave to Amend, & (2) Motion to File Under Seal ("El-Gamal Reply Decl.") ¶ 3, filed concurrently.

REPLY RE: MOTION TO FILE DOCUMENTS UNDER SEAL
Case No. 2:06-cv-1711 (RSL)

- 2 -

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051

DM_US:20523057_1

1  undisputed that all of this prior art or combinations of prior art were developed or uncovered in

2  connection with intervening litigation brought by Avocent during the stay.  Incorporating this

3  prior art is not only justified under such circumstances, it may also have the added benefit of

4  streamlining this case.  For example, the 102(g) prior art is applicable against all the asserted

5  claims in this case and, for this reason, could potentially resolve the entire case.

6  **II.      DEFENDANTS HAVE DEMONSTRATED GOOD CAUSE**

7           Belkin and ATEN have demonstrated good cause by their recent discovery of material

8  prior art despite earlier diligent search.

9           **A.  Defendants Were Not Aware of the Newly Discovered Prior Art**

10          Despite Avocent's attempt to conflate them, Belkin and ATEN are not Rose.  The prior art

11  activities of Rose were entombed within Rose's institutional records.  These records were not

12  uncovered by Rose until after this case was stayed and remained unknown to both Belkin and

13  ATEN until recently.

14          As to the other prior art, Avocent flooded defendants with a production of over 800,000

15  pages -- 700,000 of which were produced *after* defendants' original invalidity contentions were

16  served and only a few months before the Stay was entered.  Despite best efforts to review the

17  documents, neither ATEN nor Belkin were in possession of the prior art, with the exception of the

18  Polycon reference.  However, as counsel for ATEN and Belkin have stated, they did not

19  appreciate its significance until after the Stay was entered and only then in combination with

20  other newly discovered references.[10]

21          **B.  The Newly Discovered Prior Art is Material**

22          Belkin and ATEN have established that the new prior art is material as shown in: (1) the

23  Expert Report of Steven Eisenbarth, Ph.D. PE (including the invalidity claim charts attached as

24  Exhibits thereto) served on Avocent on November 23, 2009 by Defendant Rose Electronics in the

25  COFC case; and (2) Rose Electronics' Motion for Summary Judgment of Invalidity of All 17

26  Claims Asserted Against the ServeView Pro Product Based on 35 U.S.C. § 102(g), filed under

27  

[10] Yang Reply Decl ¶ 3; Vision Reply Decl. ¶ 3.

28  REPLY RE: MOTION TO FILE DOCUMENTS UNDER
SEAL
Case No.  2:06-cv-1711 (RSL)

- 3 -

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051

DM_US:20523057_1

1  seal on April 29, 2010, also in the COFC case.  Importantly, even Avocent now admits the new

2  prior art references "are better than the 2007 Aten/Belkin contentions."[11]

3  **C. Defendants Have Been Diligent in their Search for New Prior Art**

4  **1. The Rose 102(g) Prior Art Was Uncovered After the Stay**

5  Simply stated, Belkin and ATEN could **not** have known about Rose's prior art invention

6  defense before the Stay was entered in this case because even the Rose litigation team did not

7  discover and develop that defense until after the Stay.  The evidence of Rose's conception,

8  diligence, and reduction to practice of an invention that anticipates the claimed invention in the

9  patents-in-suit consists almost entirely of confidential, proprietary Rose information, which could

10  not have been independently developed and understood by either Belkin or ATEN before the Stay

11  was entered.

12  **2. Avocent Resisted Disclosure of the Japanese Prior Art References**

13  This Japanese prior art was produced after defendants' initial invalidity contentions, and

14  the defense based upon it was developed in subsequent litigation after the Stay was entered.  This

15  was necessarily the case since Avocent produced the Japanese file histories containing the

16  Horiuchi and Ishihara references (in Japanese) on August 3, 2007, after the defendants' original

17  June 15, 2007 invalidity contentions and only a couple months before the October 30, 2007

18  Stay.[12]

19  This Japanese file history and prior art have been the subject of a long running effort by

20  Avocent to suppress their disclosure.  Despite Raritan's struggles to obtain this information in

21  *Raritan I*, Avocent's August 3, 2007 production of the Japanese file history was incomplete and

22  primarily in Japanese, including the important Horiuchi and Ishihara references.[13]  It was only

23

24

---

25  [11] Avocent's Opposition to Defendants Motion for Leave to Amend Invalidity Contentions.  DE 293, at p.

26  3. As mentioned, further confirming materiality is Avocent's recent attempts to change its date-of-conception story in light of that prior art defense.

27  [12] Phillips Decl. ¶ 14-15.

[13] Phillips Decl. ¶¶ 15-16.

28  REPLY RE: MOTION TO FILE DOCUMENTS UNDER SEAL
Case No.  2:06-cv-1711 (RSL)

- 4 -

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051

DM_US:20523057_1

1   after Rose's efforts (and the Court's intervention) in the COFC case (in 2009) that the full

2   Japanese prosecution history became available to Belkin and ATEN.[14]

3       The complete files, including the English translation, have long been in Avocent's

4   possession.[15]  Belkin and ATEN could not have known about Horiuchi and Ishihara and their

5   significance prior to the Stay given the amount of documents produced by Avocent and

6   Avocent's efforts to resist their disclosure.

7   ### 3.  The Third Group of Prior Art Was Developed After the Stay

8       The third group of prior art comprises of the Diefendorff, PolyCon, Engelbart, Howse, and

9   Tragen/Q-Net references.  Like the prior art in the Rose 102(g) defense, this prior art was also

10  developed in connection with the COFC case and other subsequent proceedings.  Additionally,

11  the corresponding Q-Net product and the Diefendorff, Engelbart, and Howse references were not

12  found until after the Stay was entered in this case.

13
14  ### D.  <u>Avocent Defended Against the New Prior Art In Subsequent Proceedings Such That Its Introduction Here Will Not Cause Undue Prejudice</u>

15      While Belkin and ATEN acted promptly in seeking to amend their preliminary invalidity

16  contentions, Avocent will not be prejudiced by the proposed amendments for several reasons.

17      First, Avocent has long been aware of facts underlying the proposed amendments and the

18  amendments will not require significant additional resources by Avocent, as this prior art was

19  <u>already</u> addressed in the subsequently-filed COFC and *Raritan II* cases.  Thus, allowing the

20  amended invalidity contentions will not result in any material change in the parties' burdens nor

21  increase the burden on this Court.  In fact, it may significantly alleviate that burden, as the 102(g)

22  defense may well terminate the case.

23      Second, Avocent's "document destruction" argument is meritless.  Distilled to its essence,

24  Avocent seeks to benefit from destroying its own evidence.  Avocent asserts that there is a

25  possibility that relevant documents were not preserved in 2008 when it supposedly moved

26

27  [14] Phillips Decl. ¶ 14.
    [15] Phillips Decl. ¶ 15.

28  REPLY RE: MOTION TO FILE DOCUMENTS UNDER SEAL
    Case No.  2:06-cv-1711 (RSL)

    - 5 -

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051

DM_US:20523057_1

1   buildings.  The weakness of this position is reflected by the declarations of Bealsey and Foster.

2   Notably, those declarations refer to searching for documents relating to products sold to

3   Microsoft in 1990 and having nothing to do with documents relating to conception of the asserted

4   patents.

5          Third, the proposed amendments will not require a change in the Case Schedule.   Because

6   this prior art has been litigated elsewhere already, discovery should be very limited.  The case

7   schedule will not be derailed by such limited discovery.

8   **III.     CONCLUSION**

9          There is no valid reason to deny amendment and every reason to allow it.  Defendants have

10  clearly shown good cause to amend.  The proposed amendments are timely, material, and are not

11  prejudicial to Avocent (aside from the merits of the prior art).  On the flip side, not allowing this

12  amendment will be unduly prejudicial to defendants, and could allow invalid patents to remain in

13  effect, contrary to strong public policy.  For these reasons, the Defendants respectfully request

14  that the Court grant them leave to amend their invalidity contentions.

15

16

17  Dated: December 16, 2011             Respectfully Submitted,

18                                      /s/ *Michael A. Moore*
19                                      Michael A. Moore, WSBA No. 27047
                                        CORR CRONIN MICHELSON
20                                      BAUMGARDNER & PREECE LLP1001 Fourth
                                        Avenue, Suite 3900
21                                      Seattle, WA  98154-1051

22                                      Robert W. Dickerson (*pro hac vice*)
23                                      Yasser El-Gamal (*pro hac vice*)
                                        DICKSTEIN SHAPIRO, LLP
24                                      2049 Century Park East, Suite 700
                                        Los Angeles, CA 90067
25                                      Phone:  310-772-8317
                                        dickersonr@dicksteinshapiro.com
26                                      elgamaly@dicksteinshapiro.com

27

28  REPLY RE: MOTION TO FILE DOCUMENTS UNDER                        CORR CRONIN MICHELSON
    SEAL                                          - 6 -         BAUMGARDNER & PREECE LLP
    Case No.  2:06-cv-1711 (RSL)                                  1001 Fourth Avenue, Suite 3900
                                                                 Seattle, Washington 98154-1051

1

2

3

4

   Jeffrey A. Miller (*pro hac vice*)
   DICKSTEIN SHAPIRO, LLP
   700 Hansen Way
   Palo Alto, CA 94304
   Tel. 650-632-4328
   millerj@dicksteinshapiro.com

5

6

   Attorneys for Defendants BELKIN INTERNATIONAL,
   INC. and BELKIN, INC.

7   Dated: December 16, 2011          Respectfully Submitted,

8

9

   FINNEGAN, HENDERSON, FARABOW,
     GARRETT & DUNNER, L.L.P.

10

   */s/ Thomas F. Ahearne*
   Thomas F. Ahearne, WSBA No.14844

11   FOSTER PEPPER PLLC
   1111 Third Avenue, suite 3400

12   Seattle, WA 98101

13   Phone:  206-447-8934
   email: ahearne@foster.com

14

15

16

   Ming-Tao Yang  (*admitted pro hac vice*)
   Gregory K. Storey (*admitted pro hac vice*)
   3300 Hillview Avenue
   Palo Alto, CA  94304-1203

17

18

   Phone:  650-849-6600
   Fax:     650-849-6666
   ming.yang@finnegan.com
   greg.storey@finnegan.com

19

20

21

   Attorneys for Defendants
   ATEN INTERNATIONAL CO., LTD. and ATEN
   TECHNOLOGY, INC.

22

23

24

25

26

27

28

REPLY RE: MOTION TO FILE DOCUMENTS UNDER
SEAL
Case No.  2:06-cv-1711 (RSL)

- 7 -

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051

DM_US:20523057_1

## CERTIFICATE OF SERVICE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

I hereby certify that on December 16, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

John A. Knox
Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
jknox@wkg.com

James D. Berquist
J. Scott Davidson
Donald L. Jackson
DAVIDSON BERQUIST JACKSON &
GOWDEY, LLP
4300 Wilson Blvd, Suite 700
Arlington, Virginia 22203
jay.berquist@davidsonberquist.com
scott.davidson@davidsonberquist.com
dlj@dbjg.com

Thomas F. Ahearne
Joel B. Ard
Foster Pepper PLLC
1111 Third Avenue, Suite 3400
Seattle, WA  98101-3299
ahearne@foster.com
ArdJB@foster.com

Ming-Tao Yang
Gregory K. Storey
Finnegan, Henderson, Farabow, Garrett &
Dunner, LLP
3300 Hillview Avenue
Palo Alto, CA  94304-1203
Ming.yang@finnegan.com
greg.storey@finnegan.com

Robert W. Dickerson
Yasser El-Gamal
Dickstein Shapiro, LLP
2049 Century Park East, Suite 700
Los Angeles, CA  90067
dickersonr@dicksteinshapiro.com
elgamaly@dicksteinshapiro.com

Jeffrey A. Miller
Dickstein Shapiro, LLP
700 Hanson Way
Palo Alto, CA  94304
millerj@dicksteinshapiro.com

David P. Enzminger
Winston & Strawn LLP
333 South Hope Street
Los Angeles, CA  90071
denzminger@winston.com

Jeffrey J. Phillips
Winston & Strawn LLP
1111 Louisiana, 25th Floor
Houston, TX  77002
jphillips@winston.com

s/ Michael A. Moore
Michael A. Moore, WSBA No. 27047
CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Telephone: (206) 625-8600
Fax: (206) 625-0900
e-mail: mmoore@corrcronin.com

CERTIFICATE OF SERVICE
No. C06-1711MJP

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900