1  THE HONORABLE ROBERT S. LASNIK

2

3

4

5

6

7

8                           UNITED STATES DISTRICT

9                      WESTERN DISTRICT OF WASHINGTON

10                              AT SEATTLE

11  AVOCENT REDMOND CORP., a              Case No.  2:06-CV-01711-RSL
    Washington corporation,
12                                        **DEFENDANTS' MOTION FOR**
                    Plaintiff,            **LEAVE TO FILE DEFENDANTS'**
13                                        **FIRST AMENDED ANSWERS AND**
                                          **COUNTERCLAIMS**
14          v.
                                          Noted on Motion Calendar:
15  ROSE ELECTRONICS, a Texas general     January 6, 2012
    partnership; PETER MACOUREK, an
16  individual; DARIOUSH "DAVID" RAHVAR,
    an individual; ATEN TECHNOLOGY INC., a
17  California corporation; ATEN
    INTERNATIONAL CO., LTD., a Taiwanese
18  Company; TRIPPE MANUFACTURING
    COMPANY, an Illinois corporation; BELKIN
19  INTERNATIONAL, INC., a Delaware
    corporation and BELKIN INC., a Delaware
20  corporation,

21                  Defendants.

22

23

24

25

26

27

1
2

# TABLE OF CONTENTS

3   I.   INTRODUCTION.................................................................................................1

4   II.  GOVERNING LAW—FEDERAL COURTS FREELY GRANT LEAVE TO  AMEND
5        PLEADINGS ...............................................................................................2

6   III. ARGUMENT ...................................................................................................2

7        A.  Defendants' Amended Answers Are Timely........................................2

8        B.  Defendants' Inequitable Conduct Defense is Not "Futile".................4

9        C.  Defendants Have Amended in Good Faith, Without Dilatory Motive ...............5

10       D.  Avocent Will Not Be Prejudiced ...........................................................6

11  IV.  CONCLUSION.................................................................................................6

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

1

## TABLE OF AUTHORITIES

2   *Adams v. Gould Inc.*, 739 F.2d 858 (3rd Cir. 1984) ........................................................ 5

3   *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) ...................................................................... 4

4   *Central Admixture Pharm. Servs., Inc., v. Advanced Cardiac Solutions, P.C.*, 482
5       F.3d 1347 (Fed. Cir. 2007) ...................................................................................... 3

    *Connectics Corp. v. Pentech Pharm., Inc.*, No. 08 C2230, 2009 WL 1309102
6       (N.D. Ill. May 8, 2009) ............................................................................................ 5

7   *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183 (9th Cir. 1987) ................................ 2, 4

8   *Enzo Life Sciences, Inc. v. Digene Corp.*, 270 F.Supp.2d 484 (D. Del. 2003) ............ 3

9   *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312 (Fed. Cir. 2009) .................. 3

10  *Foman v. Davis*, 371 U.S. 178 (1962) ................................................................... 2, 4, 5

11  *Kontrick v. Ryan*, 540 U.S. 443 (2004) ......................................................................... 2

12  *LifeScan, Inc. v. Polymer Tech. Int'l Corp.*, No. C94-672R, 1995 WL 271599
13      (W.D. Wash. Jan. 3, 1995) ....................................................................................... 2

    *Senza-Gel Corp. v. Seiffhart*, 803 F.2d 661 (Fed. Cir. 1986) ..................................... 2
14
    *Therasense Inc. v. Becton Dickinson & Co.*, 2011 WL 2028255
15      (Fed. Cir., May 25, 2011) ........................................................................................ 4

16

## RULES

17
    Fed. R. Civ. P. 15(a)(2) ............................................................................................. 1, 2
18

## OTHER AUTHORITIES

19
    35 U.S.C. § 103 ……………………………………………………………………………4
20

21

22

23

24

25

26

27

DEFENDANTS' MTN FOR LEAVE TO FILE  FIRST
AMENDED ANSWERS AND COUNTERCLAIMS          ii
No. 06-1711 RSL

FOSTER PEPPER
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WA  98101-3299

# I.   INTRODUCTION

Pursuant to Fed. R. Civ. P. 15(a)(2), Defendants ATEN International Co., Ltd. and ATEN Technology, Inc. ("ATEN") and Belkin International, Inc. and Belkin, Inc. ("Belkin") (collectively, "Defendants") respectfully request leave of court to amend their Answers and Counterclaims to assert inequitable conduct defenses and counterclaims.[1]  At the time of filing this motion, Plaintiff Avocent Redmond Corp. ("Avocent") has not indicated whether it will oppose Defendants' request for leave to amend, but has previously indicated its disfavor of amendments based on inequitable conduct.

Defendants' request is timely as it is before the Court's deadline for amending pleadings. (Dkt. 280) (Stipulation and Order Setting Deadline of December 20, 2011 to Amend Pleadings) ("Court's Scheduling Order") Further, although claim construction briefs have been filed, discovery in this case is still at an early stage and not set to close until June 13, 2012.  Granting Defendants leave to amend will not affect any deadline on the case schedule.

Defendants have also been diligent because Defendants' inequitable conduct defense turns in part on deposition testimony that became available after the case was stayed and was developed in connection with intervening litigations and reexaminations proceedings involving these same patents-in-suit.  Avocent, however, did not provide this evidence to Defendants until two weeks ago, despite repeated requests.

Granting Defendants leave to amend will not prejudice Avocent.  None of the allegations or facts forming the basis of Defendants' inequitable conduct defense is new to Avocent.  The defendants in the two patent cases Avocent filed after the 2007 stay, both involving these same patents, asserted inequitable conduct defenses that are similar to the theories set forth in defendants' proposed pleadings.  Avocent, therefore, has already been litigating this defense for quite some time.

---

[1] Defendants' [*proposed*] amended Answers are attached to the supporting Declaration of Gregory K. Storey ("Storey Decl."), filed herewith, as Exhibit A (of ATEN International Co., Ltd.), Exhibit B (of ATEN Technology, Inc.), and Exhibit C (of Belkin International, Inc. and Belkin, Inc.).  The inequitable conduct defenses and counterclaims in these [*proposed*] amended Answers are substantially the same.

DEFENDANTS' MTN FOR LEAVE TO FILE  FIRST
AMENDED ANSWERS AND COUNTERCLAIMS
No. 06-1711 RSL

1

FOSTER PEPPER
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WA  98101-3299

Federal courts freely grant leave to amend pleadings.  The proposed amendment will cause no delay and will align the defendants defenses with those developed from a parallel litigation proceeding.

## II.   GOVERNING LAW—FEDERAL COURTS FREELY GRANT LEAVE TO AMEND PLEADINGS

Under Fed. R. Civ. P. 15(a)(2), "leave [to amend] shall be freely given when justice so requires." *Kontrick v. Ryan*, 540 U.S. 443, 459 (2004); *Foman v. Davis*, 371 U.S. 178, 182 (1962). The rule strongly favors amendments and courts must grant motions to amend with "extreme liberality." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).  "[T]he nonmovant bears the burden of showing why amendment should not be granted." *Senza-Gel Corp. v. Seiffhart*, 803 F.2d 661, 666 (Fed. Cir. 1986).

When considering a leave to amend, this District and the Ninth Circuit consider four factors: (1) undue delay, (2) futility of amendment, (3) bad faith, and (4) prejudice to the opposing party. *LifeScan, Inc. v. Polymer Tech. Int'l Corp.*, No. C94-672R, 1995 WL 271599, at *17 (W.D. Wash. Jan. 3, 1995) (citing *Foman*, 371 U.S. at 182); *DCD Programs*, 833 F.2d at 186.  All four factors favor granting Defendants leave to amend.

## III.   ARGUMENT

### A.   DEFENDANTS' AMENDED ANSWERS ARE TIMELY

Defendants have acted diligently in gathering and assessing the evidence supporting the affirmative defense of inequitable conduct.  Because Defendants are seeking leave to amend within the Court's deadline (Dkt. No. 280), the amendment is presumptively timely.  Indeed, Avocent agreed to the December 20, 2011, deadline just one month ago. *Id.*; s*ee also* Dkt. No. 262 (Amended Order Setting Trial Date and Related Dates).

Discovery in this case is still in its early stages.  Fact discovery does not close for six months, on June 13, 2012. *Id.*  Moreover, discovery only resumed in August 2011 after the Court lifted its four-year stay, and the parties have not even started to take depositions. *See* Storey Decl., ¶ 4.

Defendants are timely requesting leave to amend, especially in light of Avocent's refusal to

DEFENDANTS' MTN FOR LEAVE TO FILE  FIRST
AMENDED ANSWERS AND COUNTERCLAIMS
No. 06-1711 RSL

2

FOSTER PEPPER
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WA  98101-3299

1   produce documents over the past several months directly relevant to this defense.  Not long after the

2   Court lifted the stay, both ATEN and Belkin requested that Avocent produce deposition transcripts

3   and other confidential documents from its case against Raritan Americas, Inc., in part for the purpose

4   of reviewing and assessing evidence of inequitable conduct.  For three months, Defendants sent

5   letters requesting these documents.  Storey Decl., Ex. E (letters to Avocent dated 9/19/2011,

6   10/04/2011, 10/13/2011, and 11/03/2011, 11/10/2011, and 11/15/2011).  Avocent finally produced

7   the requested documents on 12/02/2011, and they contained additional evidence supporting

8   Defendants' inequitable conduct defense. Storey Decl., ¶ 9.

9        Examples of those recently produced documents include the Expert Report of Mr. Nicholas

10  Godici (former Commissioner of Patents for the United States Patent Office), which was prepared in

11  the pending *Avocent Redmond Corp. v. Raritan Americas, Inc.,* case No 10-CV-6100 (SDNY 2010)

12  ("the Raritan II Litigation").  Mr. Godici's report presents detailed review and analysis of record

13  evidence including confidential deposition testimony, intervening reexamination conduct, and

14  documents produced and uncovered after this Court stayed this case.  Mr. Godici's report concludes

15  that the patents-in-suit should be rendered unenforceable due to inequitable conduct.  Because

16  allegations of inequitable conduct must be plead with particularity, Defendants needed the time to

17  seek and obtain relevant documents, review records from the intervening proceedings, and conduct

18  the requisite detailed analysis to support such a pleading.  *Enzo Life Sciences, Inc. v. Digene Corp.*,

19  270 F.Supp.2d 484, 489 (D. Del. 2003) (to plead inequitable conduct sufficiently in patent cases,

20  parties must be "prudent and possibly required to confirm the factual allegations through

21  discovery"); *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1328-29 (Fed. Cir. 2009) ("[A]

22  pleading of inequitable conduct under Rule 9(b) must include sufficient allegations of underlying

23  facts from which a court may reasonably infer that a specific individual (1) knew of the withheld

24  material information or of the falsity of the material misrepresentation, and (2) withheld or

25  misrepresented this information with a specific intent to deceive the PTO.")); *Central Admixture*

26  *Pharm. Servs., Inc., v. Advanced Cardiac Solutions, P.C.*, 482 F.3d 1347, 1356-57 (Fed. Cir. 2007)

27  (requiring that inequitable conduct be plead with particularity).

DEFENDANTS' MTN FOR LEAVE TO FILE  FIRST
AMENDED ANSWERS AND COUNTERCLAIMS                    3
No. 06-1711 RSL

FOSTER PEPPER
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WA  98101-3299

1    Defendants have acted expeditiously and properly in conducting the necessary investigation
2    to insure sufficient evidentiary support for pleading this defense, and are timely seeking leave to
3    amend, consistent with the Court's Scheduling Order.

4    **B.    DEFENDANTS' INEQUITABLE CONDUCT DEFENSE IS NOT "FUTILE"**

5    Motions for leave to amend should be granted unless the proposed amendment would be
6    futile. *Foman*, 371 U.S. at 182.  If an amendment states a claim upon which relief could be granted,
7    it is not futile. *DCD Programs, Ltd.*, 833 F.2d at 188 ("Where the underlying facts or circumstances
8    of a case 'may be a proper subject of relief, [the asserting party] ought to be afforded an opportunity
9    to test his claim on the merits.'") (citation omitted).  Federal courts allow parties to amend pleadings
10   so long as the claim or defense has "facial plausibility." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949
11   (2009).

12   Defendants have plead their inequitable-conduct defense with great particularly in their
13   proposed amended Answers and Counterclaims (Storey Decl., Ex. A-C).  For example, during the
14   prosecution of the three patents-in-suit (both in the original prosecution and in later re-examination
15   proceedings involving all three patents-in-suit), Avocent failed to disclose several key prior-art
16   references and related information to the United States Patent and Trademark Office ("USPTO")
17   with the requisite intent to mislead or deceive the Examiner that supports a pattern of avoiding its
18   duty of disclosure.  The allegations set forth track in many respects those set forth by the former
19   Commissioner of Patents for the United States Patent Office, who opines that the evidence of
20   inequitable conduct in this case satisfies even the tightened standards set forth in the Federal
21   Circuit's recently issued en banc opinion in *Therasense Inc. v. Becton Dickinson & Co.*, 2011 WL
22   2028255 (Fed. Cir., May 25, 2011).

23   Further, when the USPTO finally had the opportunity to consider during recent
24   reexamination certain prior art that was cited in the prosecution of a Japanese counterpart of one of
25   Avocent's related patents, it used the prior art to find several of Avocent's asserted claims
26   unpatentable.  *See* Storey Decl., Ex. F (2011 PTO Office Action from the '978 reexamination
27   proceeding issuing a final rejection of nine of the '978 claims asserted in this case under 35 U.S.C. §

DEFENDANTS' MTN FOR LEAVE TO FILE  FIRST
AMENDED ANSWERS AND COUNTERCLAIMS
No. 06-1711 RSL
                                        4
                                                          FOSTER PEPPER
                                              1111 THIRD AVENUE, SUITE 3400
                                                   SEATTLE, WA  98101-3299

1   103 (obviousness)).[2]  Thus, the withheld prior art is unquestionably material.

2       Perhaps the strongest argument against futility is the fact that Avocent twice unsuccessfully

3   argued to federal courts that defendants in other cases lacked sufficient factual or evidentiary basis to

4   pursue an inequitable conduct defense.  After this case was stayed in 2007, Avocent filed two

5   additional suits.  The first was against the United States and Rose Electronics in 2008 in the U.S.

6   Court of Federal Claims (*Avocent Redmond Corp. v. United States and Rose Electronics* [Defendant-

7   Intervenor], Case No. 08-69C.  The second was the *Raritan II* litigation (still pending).  In both

8   cases, Avocent unsuccessfully opposed assertions of inequitable conduct.  The Court of Federal

9   Claims also denied Avocent's motion for summary judgment on this defense.  Storey Decl., Ex. G

10  (finding that Rose Electronics' inequitable conduct defense identified facts and circumstances from

11  which a reasonable fact finder could infer that Avocent withheld material information from the PTO

12  with the intent to deceive).  Avocent settled with Rose Electronics before that Court could decide the

13  inequitable-conduct issue.

14      Defendants' proposed amendments, adding the affirmative defense of inequitable conduct, is

15  far from futile.  The applicable federal standard only requires that Defendants plead a plausible

16  defense.  As other courts have already concluded, the evidence here easily meets that standard.

17  **C.    DEFENDANTS HAVE AMENDED IN GOOD FAITH, WITHOUT
        DILATORY MOTIVE**

18

19      Whether a proposed amendment is made in good faith is assessed in light of the amending

20  party's motives.  *Adams v. Gould Inc.*, 739 F.2d 858, 868 (3rd Cir. 1984).  Any suggestion of bad

21  faith is, again, not supported by facts.  Defendants' sole motivation is to seek the adjudication of

22  their inequitable conduct defense on its merits, not to delay or extend any deadlines.

23      After analyzing the domestic prosecution histories for the three patents-in-suit, including the

24  recent (post 2007) files of the reexamination proceedings, the foreign counterpart patent applications,

25  foreign prior art, expert opinions and analyses rendered in other cases, and the recent (2011)

26  deposition transcripts, Defendants have a good-faith belief that each of the patents-in-suit will be

27

---

[2] Avocent has appealed this Final Rejection, and thus has not dismissed these claims from this case.

DEFENDANTS' MTN FOR LEAVE TO FILE  FIRST
AMENDED ANSWERS AND COUNTERCLAIMS          5
No. 06-1711 RSL

FOSTER PEPPER
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WA  98101-3299

1    held unenforceable due to Avocent's intentional withholding of material prior art and other

2    information from the USPTO.  The U.S. Supreme Court in *Foman* stated that where a party's

3    amendment is "a proper subject of relief, he ought to be afforded an opportunity to test his claim on

4    the merits." 371 U.S. at 182.  "The purpose of Rule 15(a) is to provide the maximum opportunity for

5    each claim to be heard on the merits." *Connectics Corp. v. Pentech Pharm., Inc.*, No. 08 C2230,

6    2009 WL 1309102, at *3 (N.D. Ill. May 8, 2009).  There is no support here for any suggestion of bad

7    faith.

8              **D.    AVOCENT WILL NOT BE PREJUDICED**

9              Defendants' proposed amended Answers, including the inequitable conduct defense, cannot

10   possibly prejudice Avocent.  Avocent and its counsel have been actively litigating this defense for

11   years in other cases.  In fact, the Court of Federal Claims, in ruling on the motion from Rose

12   Electronics for leave, found that Rose's amendment was not futile, not untimely, not unduly

13   prejudicial and granted the motion given the court's policy favoring amendments.  Storey Decl., Ex.

14   H.

15             Further, Defendants' proposed amendments will require no change in the case schedule or

16   affect any deadlines.  Indeed, it is Defendants, not Avocent, who will need to take discovery on this

17   defense.

18   **IV.    CONCLUSION**

19             For the foregoing reasons, Defendants respectfully request that the Court grant the requested

20   leave to amend.

21

22

23

24

25

26

27

DEFENDANTS' MTN FOR LEAVE TO FILE  FIRST
AMENDED ANSWERS AND COUNTERCLAIMS                    6
No. 06-1711 RSL

FOSTER PEPPER
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WA  98101-3299

| DATED this 20th day of December, 2011 | _____/s/ Michael A. Moore_____ |
|---|---|
| | Michael A. Moore, WSAB #27047 |
| | CORR CRONIN MICHELSON |
| | BAUMGARDNER |
| |  & PREECE LLP |
| | 1001 4th Ave Ste 3900 |
| | Seattle, WA  98154-1051 |
| | |
| | Robert W. Dickerson (*pro hac vice*) |
| | Yasser M. El-Gamal (*pro hac vice*) |
| | DICKSTEIN SHAPIRO LLP |
| | 2049 Century Park East, Suite 700 |
| | Los Angeles, CA  90067 |
| | |
| | Jeffrey A. Miller (*pro hac vice*) |
| | DICKSTEIN SHAPIRO LLP |
| | 700 Hansen Way |
| | Palo Alto, CA 94304 |
| | |
| | Attorneys for Defendants BELKIN |
| | INTERNATIONAL, INC. and BELKIN |
| | INC. |
| DATED this 20th day of December, 2011 | _____/s/ Gregory K. Storey_____ |
| | Ming-Tao Yang (*pro hac vice*) |
| | Gregory K. Storey (*pro hac vice*) |
| | FINNEGAN, HENDERSON, FARABOW, |
| | GARRETT & DUNNER LLP |
| | 3300 Hillview Avenue |
| | Palo Alto, CA  94304-1203 |
| | |
| | Thomas F. Ahearne, WSBA #4844 |
| | FOSTER PEPPER |
| | 1111 Third Avenue |
| | Suite 3400 |
| | Seattle, WA  98101-3299 |
| | |
| | Attorneys for Defendants ATEN |
| | TECHNOLOGY INC. and ATEN |
| | INTERNATIONAL CO., LTD. |

DEFENDANTS' MTN FOR LEAVE TO FILE  FIRST
AMENDED ANSWERS AND COUNTERCLAIMS
No. 06-1711 RSL

7

FOSTER PEPPER
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WA  98101-3299

**CERTIFICATE OF SERVICE**

I certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the parties who have appeared in this action as of today's date.  There are no other parties who have appeared in this action as of the time this is being prepared for filing that need to be served manually.

DATED this 20th day of December, 2011          By:  s/ Thomas F. Ahearne
                                                    Thomas F. Ahearne, WSBA #4844

DEFENDANTS' MTN FOR LEAVE TO FILE  FIRST
AMENDED ANSWERS AND COUNTERCLAIMS
No. 06-1711 RSL

1

FOSTER PEPPER
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WA  98101-3299