UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                    )
AVOCENT REDMOND CORP.,              )
                                    )    Case No. C06-1711RSL
            Plaintiff,              )
      v.                            )
                                    )    ORDER DENYING MOTION TO
ROSE ELECTRONICS, *et al.*,         )    COMPEL DEPOSITION IN THE
                                    )    UNITED STATES
            Defendants.             )
_____)

      This matter comes before the Court on "Avocent's Motion to Compel Aten International to Produce Rule 30(b)(6) Witness in the United States." Dkt. # 263. Plaintiff argues that Aten International, a Taiwanese company, should be compelled to produce its Rule 30(b)(6) witnesses in the United States for deposition. Because plaintiff did not make a good faith effort to confer with Aten International regarding this dispute prior to filing its motion, the motion to compel is DENIED.

      The meet and confer requirements of Fed. R. Civ. P. 37(a)(1) and Local Civil Rule 37(a)(1)(A) are imposed for the benefit of the Court and the parties. They are intended to ensure that parties have an inexpensive and expeditious opportunity to resolve discovery disputes and that only genuine disagreements are brought before the Court. In the circumstances presented here, compliance with the Rule would have involved face-to-face or telephonic communications regarding the parties' relative interests in the location of the depositions (including the convenience of both the witnesses and counsel), the practical difficulties (if any) involved in conducting a Federal Rules deposition in Taiwan, and the possibility of video conferencing.

There is no evidence that the parties discussed any of these topics: plaintiff's motion is based almost exclusively on supposition, indicating that it had not taken the time to ascertain the relevant facts.[1] Inquiring whether a motion to compel would be necessary (and then filing the motion without waiting for a response) is insufficient. As is clear from the memoranda, plaintiff had little information regarding the procedures for taking depositions in Taiwan and the positions of the parties regarding video conferencing were unknown when plaintiff filed its motion, a sure sign that the requirements of Rule 37(a) have not been satisfied. Negotiation and a fuller understanding of the options available were possible, but plaintiff's precipitous filing of this motion ended any chance that the parties could resolve this dispute without Court intervention. The motion to compel is therefore DENIED.[2]

Dated this 5th day of January, 2012.

*/s/ Robert S. Lasnik*

Robert S. Lasnik
United States District Judge

---

[1] To the extent communications actually occurred, they were in anticipation of a related motion filed four years ago. Nor does the fact that Aten International could have (or even should have) filed a motion for protective order excuse the moving party's total failure to satisfy the meet and confer requirements of the federal and local rules.

[2] Even if the Court were to consider the motion to compel on its merits, the requested relief would be denied. The general rule is that witnesses will be deposed where they live or work absent special circumstances. Estate of Gerasimenko v. Cape Wind Trading Co., 272 F.R.D. 385, 390 (S.D.N.Y. 2011). Not surprisingly, the Rule 30(b)(6) designees of a Taiwanese company are in Taiwan, and plaintiff's motion is virtually devoid of facts from which the Court could conclude that the witnesses could be conveniently deposed in the United States or that a Federal Rules deposition in Taiwan would be difficult. Plaintiff has presented a simple choice between the convenience of the witnesses and the convenience of counsel: there is no reason diverge from the general rule in these circumstances.

ORDER DENYING MOTION TO COMPEL
DEPOSITION IN THE UNITED STATES                -2-