UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AVOCENT REDMOND CORP., a Washington corporation,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>ROSE ELECTRONICS, a Texas general partnership; *et al.*,<br><br>　　　　　Defendants. | Case No. 2:06-cv-01711RSL<br><br>ORDER GRANTING MOTION FOR LEAVE TO AMEND |

This matter comes before the Court on "Defendants' Motion for Leave to Amend Invalidity Contentions" (Dkt. # 283). Defendants seek "leave to amend their June 15, 2007 invalidity contentions to include the prior art others identified to Plaintiff . . . in related litigation in 2009 and 2010." Id. at 2. They argue that this prior art was only discovered after this case was stayed in October 2007,[1] that it is material, that they had been diligent in their pre-stay searches, and that the amendment would not unduly prejudice Plaintiff. The Court agrees and GRANTS the motion.

The question of whether to grant a party leave to amend its invalidity contentions is a case management decision squarely within the wide discretion of the Court. See Ahanchian v. Xenon Pictures, Inc., 624 F.3d 1253, 1255 (9th Cir. 2010). Typically, all

---

[1] The stay was not lifted until August 4, 2011. Dkt. # 245. The case was subsequently transferred to this Court on September 20, 2011. Dkt. # 261.

ORDER GRANTING MOTION FOR LEAVE TO AMEND - 1

that is required is a "timely showing of good cause." Local Patent Rule ("LPR") 124.[2] And "good cause" must "be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." Id. Thus, "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (citation omitted). Of these, "prejudice . . . carries the greatest weight." Id.

In the present case, the Court has no concern about "undue delay, bad faith or dilatory motive on the part of the movant" or "repeated failure to cure deficiencies by amendments previously allowed." Id. This is Defendants' first attempt to amend their invalidity contentions, and the Court is satisfied that Defendants were reasonably diligent in their pre-stay investigation. Moreover, there is no credible evidence that their purpose is anything other than to present the strongest case possible given the evidence now known. Plaintiff admits as much in its Opposition, stating that "regardless of how good Raritan's and Rose's contentions are (and they are not very good), they are better than the 2007 Aten/Belkin contentions." See Opp. (Dkt. # 293) at 3 (emphasis added). This concession also demonstrates that the prior art is material—a demonstration that allows the Court to readily conclude that the amendment would not be futile.

In addition, Plaintiff has not shown that it would be prejudiced by the proposed amendment. Discovery does not close until June 13, 2012. Dkt. # 262. And Plaintiff itself suggested that the parties not be required to submit final invalidity contentions until January 25, 2012. Joint Submission (Dkt. # 248) at 2. Moreover, as Defendants

---

[2] The Court agrees with Defendants that the Local Patent Rules, by their own terms, do not apply to this case. See LPR 102. Nevertheless, the Court finds them instructive.

ORDER GRANTING MOTION FOR LEAVE TO AMEND - 2

point out, Plaintiff has had to contend with the prior art at the heart of this dispute since at least November 2009.  Mot. (Dkt. # 283) at 6.  Thus, the Court would expect that Plaintiff is familiar with the issues that art brings.  Finally, any lingering concern that Plaintiff's 2008 decision to "clean-house" may have resulted in the loss of evidence helpful to its defense, see Opp. (Dkt. # 293) at 7–8, is entirely diminished by the fact that Plaintiff provides no evidence to demonstrate that a move even occurred, let alone to convince the Court that Plaintiff's assertion amounts to anything more than pure speculation.

For all of the foregoing reasons, the Court GRANTS Defendants' motion and orders Defendants to file their amended Invalidity Contentions within 14 days of the date of this Order.

DATED this 7th day of February, 2012.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING MOTION FOR LEAVE TO AMEND - 3