1

2

3

4

5           UNITED STATES DISTRICT COURT
         WESTERN DISTRICT OF WASHINGTON
6                    AT SEATTLE

7   _____
                                            )
8   AVOCENT REDMOND CORP.,                  )
                                            )      Case No. C06-1711RSL
9                        Plaintiff,         )
                                            )
10      v.                                  )
                                            )      ORDER REGARDING PLAINTIFF'S
11  ROSE ELECTRONICS, *et al.*,             )      MOTION TO LIMIT THE NUMBER
                                            )      OF INVALIDITY CONTENTIONS
12                      Defendants.         )
    _____)

13

14          This matter comes before the Court on "Avocent Redmond Corp.'s Motion to

15  Limit the Number of Prior Art References and Invalidity Contentions Relied Upon by the

16  Defendants." Dkt. # 389. Defendants have asserted thousands of prior art combinations that

17  allegedly anticipate or make obvious the fifty-five claims plaintiff asserts in this litigation.

18  Plaintiff does not argue that the invalidity contentions are improper under the Local Patent Rules

19  of this district. Rather, plaintiff argues that the references are duplicative and that the Court

20  should exercise its inherent power to require defendants to identify the handful of prior art

21  references they intend to present to the jury.

22          Defendants have not asserted a property interest in the invalidity contentions. Nor

23  do they explain why they should be permitted to present to the jury hundreds of different

24  combinations of prior art to show that a single claim was obvious at the time of the invention. In

25  fact, it would be impossible to do so given the time constraints in which the parties must present

26  this case. Defendants' overly-inclusive lists of prior art and prior art combinations make it

    impossible to focus discovery efforts or prepare for trial: neither plaintiff nor the Court can

determine on which patents defendants actually intend to rely.  Pursuant to Fed. R. Ev. 403 and its inherent powers, the Court will exclude from trial evidence that, while relevant, will confuse the issues, cause undue delay, waste time, and/or be cumulative.

As discussed in the context of defendants' motion to limit the number of claims asserted, various case management techniques are available to the Court in these circumstances.  The Court would prefer, however, that the parties agree to a case management plan that will avoid jury confusion and ensure that all issues are resolved in the allotted time.  Otherwise, the plan will be dictated by the Court as the trial date approaches.  Defendants are expressly warned that the unreasonable and clearly duplicative number of prior art references they have asserted has impeded the orderly litigation of this matter.  If this situation continues and the Court concludes that their over-disclosure has adversely affected this tribunal's search for truth, sanctions such as adverse inferences, striking of references, and/or cost-shifting will be imposed.

For all of the foregoing reasons, plaintiff's "Motion to Limit the Number of Prior Art References and Invalidity Contentions Relied Upon by the Defendants" (Dkt. # 389) is DENIED without prejudice to the issues being raised again by plaintiff or the Court.

Dated this 29th day of May, 2012.

Robert S. Lasnik
United States District Judge