UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
AVOCENT REDMOND CORP.,             )
                                   )   Case No. C06-1711RSL
                Plaintiff,         )
        v.                         )
                                   )   ORDER GRANTING IN PART
ROSE ELECTRONICS, *et al.*,        )   PLAINTIFF'S MOTION FOR
                                   )   PROTECTIVE ORDER
                Defendants.        )
_____)

This matter comes before the Court on "Avocent's Motion for Protective Order Against Aten's Fed. R. Civ. P. 30(b)(6) Notice of March 17, 2012." Dkt. # 388. Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:

**(1) Privilege Objections**

Avocent objects to three of the proposed deposition topics on the grounds that they are overbroad and would require the disclosure of information protected by the attorney-client privilege and the work product doctrine.

**Topic 8:** Any search, analysis, investigation, or opinion regarding the patents-in-suit, any related patents or related patent applications, including all facts and circumstances regarding such search, analysis, investigation, or opinion including without limitation, any research, analysis, investigation, or opinion regarding patentability, enforceability, unenforceability, validity, invalidity, infringement, non-infringement, meaning, interpretation, construction or scope of the patents-in-suit or any related patents or any related patent applications.

Because patents are creatures of the law, the vast majority of information

ORDER GRANTING IN PART PLAINTIFF'S
MOTION FOR PROTECTIVE ORDER

responsive to Topic 8 will fall within the protections of the attorney-client privilege and/or the work product doctrine. It is hard to imagine how any investigation or analysis regarding patentability, validity, construction, etc. – all of which are legal issues – would arise outside the context of legal advice and/or pending or anticipated litigation. Although the facts surrounding a patent holder's pre-suit activities may be discoverable when the adequacy of the pre-filing investigation has been challenged under Rule 11, no such challenge has been asserted here. Defendants have not shown any particular need for delving into the mental impressions, strategies, opinions, and investigative activities of Avocent's lawyers.

Defendants correctly note that a party's ability to object to specific questions that impinge on the attorney-client privilege or the work product doctrine is usually sufficient protection of those interests. In this instance, however, defendants have not identified any line of questioning under Topic 8 that would not be objectionable. Plaintiff's objections to Topic 8 are, therefore, sustained.

**(b) Topic 16:** All facts and circumstances regarding any testing, examination, reverse engineering, or analysis performed by Avocent or on its behalf, including any patent infringement analysis, of any ATEN Product(s).

Topic 16 seeks information that may or may not reveal attorney-client communications and/or work product. Objections raised and/or instructions not to answer given in response to specific questions will adequately protect plaintiff's interests. The objections to Topic 16 are overruled.

**(c) Topic 17:** All facts and circumstances regarding Avocent's consideration of filing or not filing and the decision to file or not to file a patent infringement suit against ATEN, other defendants in this case, and any other entities, regarding any of the patents-in-suit.

Although much of the information sought in Topic 17 would be protected from discovery by the attorney-client privilege and/or the work product doctrine, defendants point out that the topic also includes information regarding business considerations and justifications for filing or not filing infringement actions related to the patents-in-suit. Objections raised and/or

instructions not to answer given in response to specific questions will adequately protect plaintiff's interests. The objections to Topic 17 are overruled.

### (2) Information Regarding Settlement Negotiations

Avocent objects to two of the proposed deposition topics (Topics 25 and 26) on the ground that they seek information regarding settlement negotiations that cannot be used at trial pursuant to Fed. R. Ev. 408. Avocent has already produced its settlement agreements with Raritan Computer, Inc., Rose Electronics, and Trippe Manufacturing Company, including the license agreements negotiated with those entities. Motion (Dkt. # 388) at 4 n.1. It is also willing to allow its Rule 30(b)(6) witness to testify regarding license offers and negotiations that occurred outside of the context of settling litigation. Motion (Dkt. # 388) at 5-6.

To the extent Avocent is arguing that settlement negotiations are privileged and therefore immune from discovery, the Federal Circuit recently decided that issue against it. See In re MSTG, Inc., 675 F.3d 1337 (Fed. Cir. 2012). Although Congress limited the admissibility of evidence related to compromise offers and settlement negotiations, it "did not take the additional step of protecting settlement negotiations from discovery." Id., at 1344. Settlements and statements made during negotiations may be admissible for purposes other than impeachment or to prove or disprove the validity or amount of a disputed claim. Fed. R. Ev. 408. If they are relevant for such purpose and/or the party opposing disclosure has placed their contents at issue in some way, discovery should be permitted. In MSTG, for example, plaintiff's expert opined that license agreements reached through settlements were not valid comparables when determining damages because they reflected "litigation related compromises" and covered additional patents. Id., at 1340. Based on the expert's reliance on facts related to the settlement negotiations that were not contained in the final agreements, the district court reconsidered its earlier order denying discovery of the underlying settlement negotiations on the ground that the information was now relevant to a full evaluation of the expert's opinion.

Defendants already have the settlement agreements and information regarding the

the licenses negotiated with Raritan Computer, Inc., Rose Electronics, and Trippe Manufacturing Company. Defendants do not argue that statements made during the negotiations will be admissible for any of the reasons stated in Fed. R. Ev. 408(b). Nor have defendants shown that the negotiations are relevant to any issue in this case (*i.e.*, that discovery regarding the negotiations is likely to uncover evidence that would be admissible). In the absence of a showing that statements made in the settlement discussions would be admissible, "the district court has discretion to limit discovery of material that is not itself admissible and that was not utilized by the opposing party" in order to protect settlement confidentiality. MSTG, 675 F.3d at 1346-47. A limitation on discovery is even more appropriate where, as here, defendants have not shown that the negotiations are relevant.

Plaintiff's objections to Topics 25 and 26 are sustained. The Rule 30(b)(6) witness should be prepared to testify only about license offers and negotiations that occurred outside of the context of settling litigation.

**(3) Contention Discovery**

Defendants intend to question plaintiff's Rule 30(b)(6) witness regarding "[a]ll facts and circumstances regarding Avocent's contentions that ATEN has willfully infringed the patents-in-suit." For the reasons stated in McCormick-Morgan, Inc. v. Teledyne Indus., Inc., 134 F.R.D. 275, 285-87 (N.D. Cal. 1991), the Court has concerns regarding the efficacy and fairness of requiring an individual to "set forth in full detail every item of evidence and every aspect of legal argument or authority that had any tendency to help support" a particular contention. Nevertheless, the contention at issue here is fairly narrow, and one could reasonably expect a lay witness to recount the facts and circumstances which led Avocent to accuse defendants of objective recklessness (*i.e.*, willfulness) in this litigation. The objection to Topic 20 is overruled.

1         For all of the foregoing reasons, plaintiff's motion for protective order (Dkt. # 388)
is GRANTED in part and DENIED in part.

Dated this 29th day of May, 2012.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge