UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AVOCENT REDMOND CORP., a Washington corporation,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ROSE ELECTRONICS, a Texas general partnership; *et al.*,<br><br>　　　　　Defendants. | Case No. C06-1711RSL<br><br>ORDER DENYING MOTION FOR LEAVE TO AMEND INFRINGEMENT CONTENTIONS |

　　　　　This matter comes before the Court on "Avocent Redmond Corp.'s Motion for Leave to Amend its Infringement Contentions" (Dkt. # 422) and the ATEN defendants' "Motion to Strike Portions of Avocent's Infringement Expert Report of Joseph C. McAlexander" (Dkt. # 429). Plaintiff seeks leave to pursue its infringement claims against products introduced by defendants while this action was stayed, to regroup defendants' products, and to incorporate additional information obtained during discovery and the Markman hearing. Defendants oppose the amendment on the grounds of undue delay and prejudice and move to strike portions of the expert report that address the new infringement contentions.

　　　　　Having reviewed the memoranda, declarations, and exhibits submitted by the parties[1] and having heard the arguments of counsel, the Court finds as follows:

---

[1] Belkin's opposition memorandum is overlength and improperly relies upon a declaration in which the facts relevant to plaintiff's motion are set forth. The Court has not

ORDER DENYING MOTION FOR LEAVE TO
AMEND INFRINGEMENT CONTENTIONS - 1

Pursuant to Fed. R. Civ. P. 16(b)(4), case management deadlines established by the Court "may be modified only for good cause and with the judge's consent." The case management order in this case likewise states "[t]hese are firm dates that can be changed only by order of the Court, not by agreement of counsel or the parties. The Court will alter these dates only upon good cause shown . . . ." Dkt. # 262 at 2.

> Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met with the diligence of the party seeking the extension." Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment) . . . .

Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). See also Zivkovic v. S. Cal. Edison Co., 302 F3d 1080, 1087-88 (9th Cir. 2002) (where plaintiff failed to "demonstrate diligence in complying with the dates set by the district court," good cause was not shown). Although the existence and degree of prejudice to the non-moving party may supply additional reasons to deny a motion, the focus of the inquiry is on the diligence of the moving party. If that party did not act diligently in moving to amend, there is no need to consider the question of prejudice. O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc., 467 F.3d 1355, 1368 (Fed. Cir. 2006); Johnson, 975 F.2d at 609.

Determining whether the moving party acted with diligence is a matter that falls squarely within the discretion of the district court. O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc., 467 F.3d 1355, 1367 (Fed. Cir. 2006) (upholding denial of leave to amend where "the district court's finding of a lack of diligence by O2 Micro was not unreasonable or arbitrary"). The burden of establishing diligence is on the

---

considered pages 14-21 of Belkin's response (Dkt. # 444) or the supplemental factual recitation in the Decl. of Yasser El-Gamal (Dkt. # 446).

ORDER DENYING MOTION FOR LEAVE TO
AMEND INFRINGEMENT CONTENTIONS - 2

moving party.  Id. at 1366.  As always, the Court should exercise its discretion in a manner that "secure[s] the just, speedy, and inexpensive determination" of the pending action.  Fed. R. Civ. P. 1.

Plaintiff served its infringement contentions in May 2007 as required by the Court's scheduling order.  A party alleging patent infringement has a relatively short time in which to set forth infringement contentions:  the short deadline is designed "to streamline the pre-trail and claim construction process, and generally to reduce the cost of patent litigation."  Local Patent Rule 101.  Discovery is rarely undertaken prior to the service of infringement contentions because (a) the judges of this district expect that a party filing a patent infringement case already has in its possession information sufficient to support its claim and (b) the contentions are used to define the scope of the subsequent discovery.  Amendments may, of course, be made, but

> only by order of the Court upon timely showing of good cause.  Non-exhaustive examples of circumstances that may, absent undue prejudice to the non-moving party, support a finding of good cause include:  (a) a claim construction by the Court different from that proposed by the party seeking amendment; (b) recent discovery of material prior art despite earlier diligent search; and (c) recent discovery of nonpublic information about the Accused Device which was not discovered, despite diligent efforts, before the service of the Infringement Contentions.

Local Patent Rule 124.[2]

This matter was stayed between October 2007 and August 2011.  Plaintiff could not seek to amend its infringement contentions during that time despite the fact that defendants were introducing new products that contained KVM switches with on-screen menu control.  This motion was filed on April 26, 2012.  The question for the

---

[2] Although the Local Patent Rules do not apply (see LPR 102), the Court finds them instructive.

ORDER DENYING MOTION FOR LEAVE TO
AMEND INFRINGEMENT CONTENTIONS - 3

Court is whether plaintiff acted diligently when it waited more than eight months to seek to amend its invalidity contentions.

After the stay was lifted, the Court established a new case management order and set April 14, 2012, as the date for expert witness disclosures, May 14, 2012, as the date for rebuttal expert witness disclosures, and June 13, 2012, as the discovery deadline. Dkt. # 262. The parties immediately began discussing the need to amend their infringement and invalidity contentions: plaintiff notified defendants that it would be adding infringement contentions against products defendants had introduced during the stay, and defendants sought to add references to prior art that had been disclosed in related litigation. On October 5, 2011, plaintiff provided a non-exhaustive list of new products that contained KVM switches with on-screen menu control based on an "initial review of publicly available information" regarding ATEN's product offerings. Dkt. # 442-3 at 1-2. Plaintiff took the position, however, that it "is not required to make a final list of accused A[TEN] products without the benefit of any discovery from A[TEN]." Id. at 2.

On December 1, 2011, defendant Belkin moved to amend its invalidity contentions. Dkt. # 283. In granting that motion, the Court found that Belkin was reasonably diligent in its pre-stay investigation, that there was no undue delay or bad faith in filing the motion to amend, and that plaintiff would not be prejudiced by the amendment. Dkt. # 349. Plaintiff moved to amend its infringement contentions on April 26, 2012, almost five months after Belkin made its motion and less than three weeks before defendants' rebuttal expert reports were due. Dkt. # 422.

Plaintiff argues that it could not finalize its infringement contentions until defendants provided engineering schematics for the new products (the last of which was produced in March 2012) and further supplemented their interrogatory responses to identify which schematics went with each product (finalized in April 2012). These

ORDER DENYING MOTION FOR LEAVE TO
AMEND INFRINGEMENT CONTENTIONS - 4

productions were begun in late September 2011 and were made on a rolling basis thereafter. Plaintiff does not explain why it could not identify products that contained KVM switches with on-screen menu control based on publicly available information as it had done in October 2011 or what information was provided during discovery that was necessary to the development of the infringement contentions.[3] Nor does plaintiff justify its decision to wait until the very last engineering schematic was produced and correlated to a particular product before moving to amend, especially given the expert disclosure deadlines and the discovery cutoff that were established in September 2011. Plaintiff's insistence that full and complete discovery was a prerequisite to its statement of infringement contentions is not well-taken. The standard patent case management order used in this district assumes that discovery is not necessary before infringement contentions are served. Contrary to plaintiff's argument in reply, it is plaintiff's unilateral decision to require responses to all outstanding discovery before it would deign to amend its contentions that turns the normal case management paradigm on its head. Dkt. # 480 at 2.[4]

Plaintiff's lack of diligence and the risk of prejudice to defendants both suggest the motion should be denied. Because plaintiff could file a separate action asserting the new infringement contentions, the Court has also considered issues of judicial efficiency and economy under Fed. R. Civ. P. 1. This action has been pending for six years, and the expansion of the case to cover more products than can possibly be tried efficiently is counterproductive. Resolution of the infringement and invalidity

---

[3] Plaintiff describes as "minor" the proposed amendments that are designed "to reflect the defendants' identification of relevant engineering schematics for specific products and this Court's February 6, 2012 *Markman* Order." Dkt. # 422 at 2.

[4] Although plaintiff argues in its motion that amendments to the infringement contentions were necessary to take into account the Court's <u>Markman</u> decision, it did not provide any examples of such alterations, it has not justified the delay between the issuance of the <u>Markman</u> decision in February 2012 and the filing of its motion, and it seems to have abandoned this argument in reply.

ORDER DENYING MOTION FOR LEAVE TO
AMEND INFRINGEMENT CONTENTIONS - 5

contentions in this case may serve as a template for future actions. There is, however, no need to multiply and disrupt these proceedings at the very end of discovery simply to avoid the possibility of a new lawsuit.

For all of the foregoing reason, plaintiff's motion to amend its infringement contentions (Dkt. # 422) is DENIED. ATEN's motion to strike those portions of plaintiff's expert's report that address the new products (Dkt. # 429) is GRANTED in part. Although Avocent's infringement and damage claims are limited to those that were properly disclosed, Avocent may rely on the expert report to rebut the anticipated argument that the new products are affirmatively not infringing. To the extent defendants actually interpreted plaintiff's failure to timely amend as an admission that the new products were non-infringing, such interpretation was unreasonable given the surrounding context.

Dated this 6th day of July, 2012.

*MWT S Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION FOR LEAVE TO
AMEND INFRINGEMENT CONTENTIONS - 6