UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                   )
AVOCENT REDMOND CORP.,             )
                                   )   Case No. C06-1711RSL
          Plaintiff,               )
     v.                            )
                                   )   ORDER STRIKING PLAINTIFF'S
ROSE ELECTRONICS, *et al.*,        )   MULTIPLE DISPOSITIVE MOTIONS
                                   )
          Defendants.              )
_____)

This matter comes before the Court on the Belkin defendants' "Motion to Strike Under LR 7(e)(3)" and the ATEN defendants' joinder therein. Dkt. # 598 and 599. On July 3, 2012, plaintiff filed four dispositive motions (two seeking validity determinations, one challenging affirmative defenses, and one seeking a determination that defendants' products include certain limitations of the patents (Dkt. # 564, 570, 577, and 579)) as well as two motions to exclude the testimony of defendants' experts under Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 592 n.10 (1993) (Dkt. # 568 and 575).[1]

Pursuant to LR 7(e)(3), "[t]he filing of multiple dispositive motions to avoid the page limits of this rule is strongly discouraged and successive motions may be stricken." This rule was drafted with patent litigation in mind, and, having reviewed plaintiffs' dispositive

---

[1] The Court has not waited for a response from plaintiff for two reasons. First, the Court was already considering a *sua sponte* strike when defendants' filed their motion. Second, waiting until July 13th to resolve this issue would leave defendants only ten days in which to fashion their responses to four dispositive motions should the requested relief be denied.

ORDER STRIKING PLAINTIFFS'
MULTIPLE DISPOSITIVE MOTIONS

motions, the Court declines to extend the applicable page limits.

Defendants also argue that plaintiff's Daubert motions are either a component of its summary judgment motions (and therefore subject to the page limitation of LR 7(e)(3)) or motions *in limine* (and therefore subject to the single-filing rule of LR 7(d)(4)).  While there is some truth in both contentions, determining the admissibility of expert testimony is a fact-intensive exercise that should not be left to the weeks before trial and which could subsume summary judgment briefing if the two were combined.

For all of the foregoing reason, defendants' motion to strike is GRANTED in part.  Plaintiff's dispositive motions (Dkt. # 564, 570, 577, and 579) are STRICKEN.[2]  Plaintiff may, within seven days of the date of this Order, file a single dispositive motion of no more than twenty-four pages and noted for the fourth Friday after filing.  Plaintiff's Daubert motions are properly noted on the Court's calendar for July 20, 2012.

Dated this 6th day of July, 2012.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

---

[2] Because these motions will not be considered by the Court, they are of little to no interest to the public and can remain sealed.  Plaintiff's motions to seal (Dkt. # 566, 572, and 581) are therefore GRANTED.