UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AVOCENT REDMOND CORP., a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>ROSE ELECTRONICS, a Texas general partnership; *et al.*,<br><br>Defendants. | Case No. C06-1711RSL<br><br>ORDER STRIKING PORTIONS OF THE DEZMELYK REPORT |

This matter comes before the Court on "Avocent Redmond Corp.'s Motion to Strike Portions of Defendants' Invalidity Expert Report of Robert Dezmelyk." Dkt. # 478. Plaintiff argues that the expert report is an untimely and improper attempt to amend defendants' invalidity contentions in that it (1) identifies new prior art combinations, (2) asserts invalidity arguments that were previously disclosed against additional claims, and (3) provides new levels of detail in support of defendants' invalidity contentions. Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:

In February 2012, the Court permitted defendants to amend their invalidity contentions. Defendants had five years to develop their contentions, including a lengthy period during which this litigation was stayed and related actions were pursued. Nevertheless, certain combinations of prior art were not disclosed in the supplemental contentions and certain invalidity arguments were not asserted against particular claims

ORDER STRIKING PORTIONS OF
THE DEZMELYK REPORT - 1

until defendants provided their expert report on April 14, 2012.[1]  In particular, the Court finds that:

    • Defendants did not properly disclose the assertion of a combination of Perholtz and KeyView against claims 12 and 13 of the '978 patent.  The incorporation by reference of defendants' disclosures related to claim 1 of the '978 patent is appropriate only to the extent that the independent claim is the starting point of claims 12 and 13.  Such incorporation does not address any of the additional elements that differentiate dependent claims 12 and 13 from claim 1.

    • Defendants did not properly disclose the combinations of PolyCon in view of Horiuchi and Houghton, PolyCon in view of Horiuchi and Bertram, or PolyCon in view of Horiuchi that are now asserted against multiple claims of the three patents at issue.  The fact that defendants identified all four references somewhere in their invalidity contentions (or in the voluminous appendices to the invalidity contentions) is not sufficient to put plaintiff on notice that these combinations, as opposed to any or all other potential combinations, would be pursued at trial to invalidate a particular claim.  Having failed to assert these combinations against a particular claim until they submitted their expert report, defendants also failed to identify, on an element by element basis, the component of each piece of prior art that allegedly invalidates the claim.  Dkt. # 78 at 2.

---

[1] Defendants' supplemental invalidity contentions contain a number of statements indicating that the contentions may be incomplete and that they do not limit which prior art references or combinations of references defendants may ultimately rely upon to invalidate particular claims.  Dkt. # 355-1 at 2-4.  Such attempts to retain the ability to alter invalidity contentions at will are unavailing.  The invalidity contentions were required by Court order and are designed to force defendants to identify which arguments they intend to pursue so that discovery and the remainder of the litigation can be properly focused.  That purpose would be destroyed if defendants could unilaterally amend at any point up until trial simply by including some form of reservation of rights in their initial contentions.  In the absence of a Court order granting further leave to amend, plaintiff is entitled to rely on the contentions provided in February 2012 as written, not as defendants' expert would prefer them to be.

ORDER STRIKING PORTIONS OF
THE DEZMELYK REPORT - 2

Defendants will not, therefore, be permitted to rely upon a combination of Perholtz and KeyView against claims 12 and 13 of the '978 patent or upon combinations of PolyCon, Horiuchi, Houghton, and Bertram against any of the claims asserted in this litigation.

Plaintiff's objections to the additional detail provided in the expert report regarding previously disclosed art and combinations are overruled, however. While there is a colorable argument that the bare lists included in the supplemental invalidity contentions do not satisfy the Standing Order's requirement that defendants provide "a chart that identifies where in each piece of prior art each element of each asserted claim is found" (Dkt. # 78 at 2), this defect was readily apparent in February 2012. Plaintiff could have moved to compel compliance with the Court's order in an effort to avoid the harm of which it now complains. Instead, plaintiff sought to arbitrarily limit the number of contentions asserted and waited until the close of discovery to move to strike defendants' expert report. Such tactics will not be rewarded.

For all of the foregoing reasons, plaintiff's motion to strike portions of the expert report of Robert Dezmelyk is GRANTED in part.

Dated this 6th day of July, 2012.

*Robert S. Lasnik* (signature)

Robert S. Lasnik
United States District Judge

ORDER STRIKING PORTIONS OF
THE DEZMELYK REPORT - 3