UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                    )
AVOCENT REDMOND CORP.,              )
                                    )   Case No. C06-1711RSL
            Plaintiff,              )
    v.                              )
                                    )   ORDER REGARDING AVOCENT'S
ROSE ELECTRONICS, *et al.*,         )   MOTION TO SEAL (Dkt. # 637)
                                    )
            Defendants.             )
_____)

      This matter comes before the Court on "Avocent's Motion to Seal Documents in Connection with Avocent's Opposition to Belkin's Motion for Partial Summary Judgment." Dkt. # 637. Avocent seeks permission to redact and/or file certain documents under seal because various parties and third-party vendors designated the documents or certain topics as confidential during discovery.

      Avocent filed a publicly-accessible version of its opposition memorandum and two of the contested exhibits with redactions. Dkt. # 650, # 651, and # 659. Having reviewed Avocent's motion to seal and the underlying documents, the Court finds as follows:

    (1) The version of Avocent's opposition to Belkin's motion for partial summary judgment filed at Dkt. # 659 is and shall remain publicly accessible. The redactions contained therein are modest and relate to confidential business information. The redactions do not unnecessarily impede the public's understanding of the issues presented in this case or the Court's rulings. No further disclosures are necessary.

    (2) "There is a strong presumption of public access to the court's files," and, absent a

ORDER REGARDING AVOCENT'S
MOTION TO SEAL (Dkt. # 637)

1  "compelling showing that the public's right of access is outweighed by the interests of the public
2  and the parties," a seal is not appropriate. Local Civil Rule 5(g)(2). In support of the request for
3  permission to seal documents produced by Belkin, Avocent simply notes that the documents
4  were designated as confidential during discovery. Neither plaintiff nor Belkin has attempted to
5  justify the designation or the proposed seal. As the Court has previously noted, a party's
6  unilateral designation of a document as "confidential" does not, in and of itself, establish the
7  necessary "compelling showing" under Local Civil Rule 5(g)(2). In the absence of any
8  discussion regarding the actual confidentiality of the information, the possible implications of
9  public disclosure, and the public's interest in access to these records, the Court will not assume
10  that a seal is justified.[1]

11  (3) Exhibit 2 to the Declaration of David J. Shaw (Dkt. # 640) clearly falls within the
12  scope of confidential information as defined in the Protective Order entered in this litigation
13  (Dkt. # 116).

14  (4) The redacted version of Exhibit 16 to the Declaration of David J. Shaw (Dkt. # 651)
15  is and shall remain publicly accessible. The redactions contained therein are modest and relate
16  to confidential business information. The redactions do not unnecessarily impede the public's
17  understanding of the issues presented in this case or the Court's rulings. No further disclosures
18  are necessary.

19  (4) Exhibit 24 (the expert report of William O. Kerr) and Exhibit 29 (quarterly financial
20  data) to the Declaration of David J. Shaw (part of Dkt. # 644 and Dkt. # 648, respectively) shall
21  remain under seal for purposes of Belkin's motion for partial summary judgment.

23  For all of the foregoing reasons, Avocent's motion to seal (Dkt. # 637) is

---

[1] The Court notes that Avocent took it upon itself to provide a redacted version of Exhibit 1 to the Declaration of David J. Shaw. Dkt. # 650. Absent some showing that Belkin's interests in confidentiality exceed the public's interest in full access, the Court finds that even these limited redactions are not justified.

ORDER REGARDING AVOCENT'S
MOTION TO SEAL (Dkt. # 637)                    -2-

1  GRANTED in part.  Because Docket # 640 and # 646 were filed in such a way that confidential
2  information cannot be electronically separated from the materials that will be disclosed to the
3  public, those docket entries will remain sealed, in their entirety.  Avocent is hereby directed to
4  file unsealed versions of Exhibits 1, 3, 25, 26, and 27 within three days of the date of this Order.

DATED this 6th day of September, 2012.

*[signature]*
Robert S. Lasnik
United States District Judge

ORDER REGARDING AVOCENT'S
MOTION TO SEAL (Dkt. # 637)                    -3-