UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                                                    )
AVOCENT REDMOND CORP.,                       )
                                                                    )        Case No. C06-1711RSL
                                    Plaintiff,                  )
                                                                    )
              v.                                                   )
                                                                    )        ORDER GRANTING IN PART
ROSE ELECTRONICS, *et al.*,                     )        AVOCENT'S MOTION FOR
                                                                    )        SUMMARY JUDGMENT
                                    Defendants.             )
_____)

This matter comes before the Court on "Avocent's Motion for Partial Summary
Judgment." Dkt. # 615. Summary judgment is appropriate when, viewing the facts in the light
most favorable to the nonmoving party, there is no genuine dispute as to any material fact that
would preclude the entry of judgment as a matter of law. L.A. Printex Indus., Inc. v.
Aeropostale, Inc., 676 F.3d 841, 846 (9th Cir. 2012). The party seeking summary dismissal of
the case "bears the initial responsibility of informing the district court of the basis for its motion"
(Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)) and identifying those portions of the
materials in the record that show the absence of a genuine issue of material fact (Fed. R. Civ. P.
56(c)(1)). Once the moving party has satisfied its burden, it is entitled to summary judgment if
the non-moving party fails to identify specific factual disputes that must be resolved at trial.
Hexcel Corp. v. Ineos Polymers, Inc., 681 F.3d 1055, 1059 (9th Cir. 2012). The mere existence
of a scintilla of evidence in support of the non-moving party's position will not preclude
summary judgment, however, unless a reasonable jury viewing the evidence in the light most
favorable to the non-moving party could return a verdict in its favor. U.S. v. Arango, 670 F.3d

1  988, 992 (9th Cir. 2012).

2  Having reviewed the memoranda, declarations, and exhibits submitted by the

3  parties, having heard the arguments of counsel, and taking the evidence in the light most

4  favorable to Belkin, the Court finds as follows:

5  **A. INVALIDITY UNDER § 101 AND § 112**

6  Although Belkin raised invalidity as an affirmative defense in its answer, it did not

7  pursue a § 101 or § 112 defense in its invalidity contentions.  Because those defenses are no

8  longer in the case, Avocent's motion for judgment is DENIED as moot.

9  **B. LIMITATION ON DAMAGES UNDER § 287**

10  In order to recover damages in an action for infringement prior to the date the

11  action was filed, a patent owner must give either constructive or actual notice of the patent.  35

12  U.S.C. § 287(a).  In the context of Belkin's motion for partial summary judgment, the Court has

13  already determined that unmarked products subject to the '096 patent were sold by Avocent's

14  sister company, Avocent Huntsville, until July 2003.  In addition, Avocent sold unmarked

15  products subject to the '264 patent until September 2003.  Avocent may not, therefore, recover

16  damages for periods before July 2003 with regards to the '096 patent or before September 2003

17  with regards to the '264 patent.[1]  Because Avocent failed to mark any of its products with the

18  '978 patent and failed to provide actual notice of the patent's existence prior to the filing of this

19  lawsuit, the damage period for the '978 patent began to run on January 16, 2007, when Belkin

20  was added as a defendant in this lawsuit.  35 U.S.C. § 287(a) ("Filing of an action for

21  infringement shall constitute such notice.").

22

23  [1] Avocent's first attempt to provide actual notice to Belkin of the '096 and '264 patents occurred
24  in October 2003, after constructive notice had been provided.  Although Belkin argues that there is a
   factual dispute as to whether Avocent complied with § 287 even after September 2003, it points only to
25  evidence that is inconclusive one way or the other.  Avocent has provided evidence of substantially
   consistent and continuous marking (such as its licensing agreements), and Belkin has not provided any
26  evidence of unmarked product that could raise a genuine issue of fact.  The Court has, therefore,
   determined the damage period as a matter of law.

**C. LACHES**

In order to shorten the period of time in which suit can be filed beyond that provided by the statute of limitations, Belkin must show that Avocent unreasonably and inexcusably delayed in initiating this action and that Belkin suffered material prejudice as a result of the delay. Wanlass v. Gen. Elec. Co., 148 F.3d 1334, 1337 (Fed. Cir. 1998).[2] Given the ups and downs of Avocent's litigation history with the three patents in suit, the delay in naming Belkin as a defendant in a patent infringement suit was neither unreasonable nor inexcusable. Nor can Belkin claim prejudice attributable to the delay. Avocent informed Belkin of the patents and its belief that Belkin's products infringed shortly after the Federal Circuit restored the scope of Avocent's patents in April 2003. Had Belkin wanted to "adopt additional non-infringing alternatives" (Opposition (Dkt. # 668) at 5) it could have done so then.[3] Avocent is entitled to judgment as a matter of law on Belkin's defense of laches.

**D. EXISTENCE OF THE CLAIMED "SIGNALS"**

Avocent seeks a determination that the claim element "signal" exists in the accused products. In the context of the Markman hearing, the Court adopted Judge Margolis' construction of the term "signal" as "any electrical quantity, such as current, voltage, or frequency, that can be used to transmit information." Dkt. # 348 at 5. There is, of course, a distinction between the information transmitted and the electrical quantity that carries it. But there is no requirement that the electrical quantity remain unchanged as it transmits the information. It appears, therefore, that Avocent is correctly applying the Court's construction of the term "signal." Nevertheless, Avocent has not shown that any of the accused products contain that claim element. The citation to hundreds of pages of charts attached to the expert

---

[2] Belkin has not shown that Avocent knew or reasonably should have known of Belkin's infringement more than six years before suit was filed. A.C. Aukerman Co. v. R.L. Chaides Constr. Co., 960 F.2d 1035-38 (Fed. Cir. 1992).

[3] Belkin has not attempted to identify any evidentiary prejudice arising from the delay.

ORDER GRANTING IN PART AVOCENT'S
MOTION FOR SUMMARY JUDGMENT                 -3-

1    report of Joseph McAlexander is completely unhelpful.  Even if the Court were inclined to

2    search for evidence regarding each accused product, which it is not, Mr. McAlexander simply

3    parrots the claim language, stating only that certain products receive and produce signals without

4    mentioning electrical quantities or the transmission of information.

5    **E. EXISTENCE OF THE CLAIMED "CONNECTORS"**

6           The Court has already determined that Belkin's accused products do not contain

7    the claimed "independent, dedicated cable" element of the '264 and the '978 patents.  Because

8    plaintiff cannot show infringement of these patents, the Court need not determine whether the

9    accused products contain other claim elements, such as a "connector."

10   **F. INVALIDITY UNDER § 102(G)**

11          Under § 102(g), the first party to reduce an invention to practice is entitled to a

12   patent unless another party shows "that it was the first to conceive of the invention and that it

13   exercised reasonable diligence in later reducing that invention to practice."  Medichem, S.A. v.

14   Rolabo, S.L., 437 F.3d 1157, 1169 (Fed. Cir. 2006).  Avocent has provided evidence that one of

15   its engineers modified a version of a pod-switch-pod KVM switch to include on-screen circuitry

16   and functionality toward the end of 1994.  Shaw Decl. (Dkt. # 616), Ex. 40 at ¶¶ 3 and 5; Ex. 41

17   at pp. 57-58; Ex. 42 at p. 115; Ex. 43 at pp. 135-37; Ex. 44 at 113-14.  Belkin, which adopted

18   ATEN's argument on this issue, maintains that there is a genuine issue of material fact regarding

19   the date on which the invention was reduced to practice because Avocent had previously taken

20   the position that the invention was conceived in the spring of 1995.  The "contradictory"

21   statements on which Belkin relies are equivocal, however.  Apex's interrogatory responses

22   involves a patent not at issue here.  Decl. of Ming-Tao Yang (Dkt. # 676), Ex. 15.  Mr. Beasley

23   relied on documents showing the existence of an on-screen display as of April 1995 but was

24   unable to confirm that the invention had not been conceived prior to April 1, 1995.  Decl. of

25   Ming-Tao Yang (Dkt. # 676), Ex. 16.  Avocent's interrogatory responses were based on the

26   August 1995 patent application date and "the information currently available to Avocent."  Decl.

of Ming-Tao Yang (Dkt. # 676), Ex. 17 at 3-4.  Avocent specifically identified certain individuals with knowledge of the conception and reduction to practice, some of whom have now been deposed and provided temporal bench marks and surrounding details consistent with a fall 1994 date.  See, e.g., Shaw Decl. (Dkt. # 616), Ex. 44 at 113-14 (CEO of Apex stopped the release of a product that was due out in early January 1995 when he saw the on-screen display feature).

Belkin also argues that Avocent has failed to show that its 1994 conception included all of the claim elements.  Belkin confuses the priority analysis.  Avocent is not claiming that it was first to conceive and last to reduce.  Rather, Avocent has shown that it both conceived and reduced to practice the invention prior to the earliest date Rose Electronics claims to have imagined a KVM switch with on-screen display.  See Shaw Decl. (Dkt. # 616), Ex. 40 at ¶¶ 2 and 5 (identifying the two "inventive" ideas described in the patents and presented in the 1994 proof of concept).  Belkin does not identify any aspect of the claimed invention that was missing, simply repeating that the inventors' claims of a 1994 reduction are not corroborated. Dkt. # 673 at 12.  Having failed to produce any evidence from which a reasonable jury could find that Avocent reduced the invention to practice after March 1995, priority of invention goes to Avocent.  Summary judgment on Belkin's § 102(g) defense is therefore appropriate.

For all of the foregoing reasons, "Avocent's Motion for Partial Summary Judgment" (Dkt. # 615) is GRANTED in part and DENIED in part.  Belkin cannot pursue its § 101, § 102(g), § 112, or laches defenses at trial.  Avocent is precluded from seeking damages from Belkin for infringement of the '096 patent before July 2003, for infringement of the '264 patent before September 2003, and for infringement of the '978 patent before January 2007. Avocent has failed to show that the claimed "signal" is found in each accused Belkin product, however, and is not entitled to summary judgment as to the existence of that claim element.

ORDER GRANTING IN PART AVOCENT'S
MOTION FOR SUMMARY JUDGMENT                         -5-

1    Dated this 13th day of November, 2012.

2
                        *MNS Lasnik*
3
                        Robert S. Lasnik
4                       United States District Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26