UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                              )
AVOCENT REDMOND CORP.,        )
                                              )    Case No. C06-1711RSL
                    Plaintiff,           )
         v.                                  )
                                              )    ORDER REGARDING BELKIN'S
ROSE ELECTRONICS, *et al.*,   )    MOTION FOR RECONSIDERATION
                                              )
                    Defendants.     )
_____)

This matter comes before the Court on "Belkin, Inc. and Belkin International, Inc.'s Motion for Reconsideration Concerning Patent Marking." Dkt. # 850. Such motions are disfavored in this district and will be granted only upon a "showing of manifest error in the prior ruling" or "new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence." Local Civil Rule 7(h)(1).

Belkin argues that the Court erred by finding that (a) Avocent Huntsville and Raritan consistently and continuously marked substantially all of the patented products and (b) that plaintiff provided actual notice of the patents prior to initiation of this lawsuit. The evidence of marking by Avocent Huntsville is more limited than the Court initially thought. Pursuant to Local Civil Rule 7(h)(3), Avocent may, if it chooses, file a response regarding the state of the record regarding Avocent Huntsville's marking practices and the issue of actual notice on or before December 17, 2012. Belkin's reply, if any, shall be filed no later than December 21, 2012. The Clerk of Court is directed to re-note Belkin's "Motion for Reconsideration" (Dkt. # 850) on the Court's calendar for December 21, 2012.

ORDER REGARDING AVOCENT'S
MOTION FOR RECONSIDERATION

Avocent need not respond to Belkin's argument regarding Raritan's marking practices, however. The record shows that Avocent imposed a contractual requirement on Raritan to marked its products. Belkin offers no testimony, documents, or other evidence suggesting that distributed unmarked products. The mere possibility that Raritan could have breached its contractual agreement does not give rise to an issue of fact for the jury. The motion for reconsideration on that ground is DENIED.

Dated this 10th day of December, 2012.

*/s/ Robert S. Lasnik*

Robert S. Lasnik
United States District Judge

ORDER REGARDING AVOCENT'S
MOTION FOR RECONSIDERATION              -2-