UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                                                     )
AVOCENT REDMOND CORP.,              )
                                                                     )   Case No. C06-1711RSL
                             Plaintiff,                        )
            v.                                                    )
                                                                     )   ORDER DENYING PLAINTIFF'S
ROSE ELECTRONICS, *et al.*,             )   MOTION TO EXCLUDE THE
                                                                     )   TESTIMONY OF JAMES SAMUELS
                             Defendants.                  )
_____)

      This matter comes before the Court on "Avocent's Daubert Motion to Preclude the Testimony of Belkin's Technical Expert James Samuels." Dkt. # 568.[1] Pursuant to Fed. R. Ev. 702:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

In <u>Daubert v. Merrell Dow Pharm., Inc.</u>, 509 U.S. 579 (1993), the Supreme Court charged trial judges with the responsibility of acting as gatekeepers to prevent unreliable expert testimony from reaching the jury. The gatekeeping function applies to all expert testimony, not just testimony based on science. <u>Kumho Tire Co. v. Carmichael</u>, 526 U.S. 137 (1999). To be

---

[1] The Court finds that this matter can be decided on the papers submitted. Plaintiff's request for oral argument is, therefore, DENIED.

ORDER DENYING PLAINTIFF'S MOTION TO
EXCLUDE THE TESTIMONY OF JAMES SAMUELS

admissible, expert testimony must be both reliable and helpful. The reliability of expert testimony is judged not on the substance of the opinions offered, but on the methods employed in developing those opinions. Daubert, 509 U.S. at 594-95. In general, the expert's opinion must be based on principles, techniques, or theories that are generally accepted in his or her profession and must reflect something more than subjective belief and/or unsupported speculation. Daubert, 509 U.S. at 590. The testimony must also be "helpful," such that a valid connection between the opinion offered and the issues of the case exists. Daubert, 509 U.S. at 591-92.

Avocent is not challenging the admissibility of Mr. Samuels' factual testimony regarding the state of the art at the time of the invention. Rather, Avocent argues that Mr. Samuel should not be permitted to opine that "the circuit diagrams in Figures 12A and 12B of the patents in suit were simply the application of an obvious and known design for integrating a Motorola MC141543P on screen processor in to [sic] a computer video application" or that "[i]n the patents in suit, the three digital signals drive an analog video amplifier." Opening Expert Report of James Samuels (Dkt. # 569-2) at 15 and 17. Mr. Samuels is qualified by experience and education to testify on both subjects, he has provided sufficient examples, facts, and comparisons to support his opinions, and there is nothing unreliable about the methods of inquiry or analysis that gave rise to his opinions. Avocent's challenge is based on its assertion that allowing Mr. Samuels to compare drawings in the specification to prior art will cause the jury to mistake the specification for the claims themselves and cause error in the obviousness determination. Mr. Samuels is an engineer: he is skilled in, and appropriately limited his testimony to, an evaluation of engineering schematics and real life products that were in the market at the relevant time. Had he attempted to construe the claims or otherwise offer legal conclusions, Avocent's motion might have some merit. As it is, Mr. Samuels' testimony is practical, understandable, and relevant to one or more of the elements of the obviousness analysis. The jury may find it helpful in understanding the scope and content of prior the art, the

demands of the market, and/or the knowledge possessed by one practicing in the art at the time of the invention. The Court, with the help of the parties, will provide instructions regarding the specific findings the jury must make in order to avoid any confusion.

In reply, Avocent raises the additional argument that Mr. Samuels should be excluded under Local Civil Rule 43 because his testimony regarding obviousness is duplicative of that which will be offered by Mr. Dezmelyk. Because Belkin has not had an opportunity to respond to this argument, it has not been considered. However, the Court is mindful of the Local Civil Rule, and no duplicative testimony will be allowed.

For all of the foregoing reasons, the Court finds that Mr. Samuels' proposed testimony is reliable and will be helpful to the factfinder. Avocent's motion to exclude his opinions is DENIED.

Dated this 11th day of December, 2012.

*[signature]*

Robert S. Lasnik
United States District Judge