UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                   )
AVOCENT REDMOND CORP.,             )
                                   )   Case No. C06-1711RSL
              Plaintiff,           )
     v.                            )
                                   )   ORDER GRANTING IN PART
ROSE ELECTRONICS, *et al.*,        )   AVOCENT'S MOTIONS IN LIMINE
                                   )
              Defendants.          )
_____)

        This matter comes before the Court on "Avocent's Motions in Limine." Dkt. # 744. The motion was filed before the parties had the benefit of the Court's summary judgment and Daubert rulings and is, in some respects, moot. Having reviewed the memoranda, declarations, and exhibits submitted by the parties,[1] the Court finds as follows:

**1. Trial Counsels' Representation of Cybex**

        Although Belkin is free to argue that the Perholtz reference invalidates the patents-in-suit, the impact of that reference does not turn on the identity of counsel in another matter. Belkin has not attempted to show that Avocent, much less its counsel, is judicially estopped from arguing that the Perholz reference is immaterial or was considered by the PTO. Nor has Belkin shown that counsels' involvement in the earlier case gave them personal knowledge regarding invalidity or infringement. The fact that Mr. Davidson took the deposition of the first-named inventor, for example, does not make him a percipient witness. Finally, Belkin's argument that

---

[1] This matter can be decided on the papers submitted. Belkin's request for oral argument is therefore DENIED.

ORDER GRANTING IN PART AVOCENT'S
MOTION IN LIMINE

Apex settled its litigation with Cybex because it knew it was about to lose on the merits appears to be nothing but rank speculation. There are any number of reasons why parties enter into settlement agreements: under the circumstances presented here, the possibility of achieving a mutually-beneficial merger rather than forging ahead with expensive, high-stakes litigation provided ample incentive for a negotiated resolution.

Belkin apparently intends to rely on arguments initially put forward by Cybex and subsequently rejected by the PTO. Whether those arguments have merit does not turn on the fact that Avocent's counsel previously represented Cybex and/or developed the arguments that Belkin now favors. Avocent's first motion in limine is GRANTED.

**2. Evidence Regarding Reexamination Determinations**

Avocent's unopposed motion to exclude arguments, testimony, and any other evidence regarding the rejection of unasserted claims of the '323 and '978 patents is GRANTED. The patents are entitled to a presumption of validity. Non-final reexamination determinations are "of little relevance to the jury's independent deliberations on the factual issues underlying the question of obviousness," and "the risk of jury confusion if evidence of the non-final PTO proceedings were introduced [is] high." Callaway Golf Co. v. Acushnet Co., 576 F.3d 1331, 1343 (Fed. Cir. 2009).

Although not raised in its own motions in limine, Belkin argues that Avocent should be precluded from mentioning the reexamination proceedings, particularly the PTO's findings that the claims asserted in this case were patentable. Although the PTO's determination is not binding and is of little relevance, the Court declines to issue a pretrial exclusionary ruling. If, for example, Belkin were to argue that Avocent failed to disclose Perholtz or that the PTO otherwise failed to consider that reference when determining patentability, evidence regarding the reexamination proceeding may be appropriate to avoid misleading the jury. See K-TEC, Inc. v. Vita-Mix Corp., 696 F.3d 1364, 1376 (Fed. Cir. 2012) (not an abuse of discretion to allow evidence that the PTO had considered a particular reference on reexamination).

**3. Evidence Regarding Foreign Patents and their Prosecution**

Avocent's unopposed motion to exclude all arguments, testimony, and other evidence directed to the existence of foreign patents or their prosecution is GRANTED.

**4. Construction of Claim Elements**

The Court has already found that (a) Mr. Dezmelyk improperly grafted additional limitations onto the claim element "signal" when evaluating whether Belkin's products infringed the patents-in-suit, (b) the "independent dedicated cable" element of the '264 and '978 patents is not found within Belkin's products with a base SKU of F1DC108B, F1DC108C, F1DE108B, F1DE108C, F1DE116C, F1DE208C, or F1DE216C, and (c) the Court need not determine whether the accused products contain the claim element "connector" in light of the finding that the products do not contain the claimed "independent, dedicated cable." These findings are the law of the case: neither party may introduce argument, testimony, or other evidence to the contrary.

**5. Size and Financial Positions of the Parties**

The parties apparently agree that arguments, testimony, or other evidence directed to the overall size and financial positions of the parties is not relevant and would be unduly prejudicial. Such evidence is therefore excluded. The parties will, however, be permitted to discuss organizational structure and/or inter-corporate accounting methods to the extent such issues are relevant to calculating lost profits.

**6. Court's Prior Rulings**

In general, pretrial decisions are of little evidentiary value and will be excluded from evidence. The Court's <u>Markman</u> rulings, however, are admissible in that they will guide the jury's invalidity and infringement analyses. To the extent that other specific findings may be relevant to an issue before the jury, they can be presented via stipulated findings of fact. Should a party refuse to so stipulate or should a party believe that it is necessary to admit or discuss a prior order for some reason, it shall make an offer of proof outside the presence of the jury.

**7 and 8.  Undisclosed or Stricken Expert Testimony**

Mr. Dezmelyk will not be permitted to present opinions, facts, or analysis regarding invalidity contentions that are not contained in his expert report or were stricken by the Court.  Belkin's similar, but less specific, motion in limine was considered separately.

**9. Evidence Related to the Inequitable Conduct Defense**

Evidence related solely to the now-barred inequitable conduct defense will be excluded from trial.  To the extent evidence cited in support of the inequitable conduct defense, such as the prosecution history of the patents-in-suit, is also relevant to an issue that will be presented to the jury, it may be admissible.

**10. Inventorship Evidence**

Avocent seeks to exclude all argument, testimony, or other evidence regarding failures to comply with the joint inventorship requirements of 35 U.S.C. § 116 on the ground that Belkin did not raise such a defense in its answer.  That motion is granted without prejudice to Belkin's ability to present evidence regarding conception, reduction to practice, and/or diligence in reducing the claimed invention to practice.

**11. Advice of Counsel**

Avocent seeks an order excluding argument, testimony, or other evidence regarding advice of counsel other than the advice contained in three written opinions identified in its motion.  Avocent argues that Belkin should have disclosed during discovery any oral communications of counsel regarding invalidity or infringement on which it intended to rely as a defense against the assertion of willfulness.  Avocent has not, however, identified any discovery request to which the oral communications would have been responsive:  the two Requests for Production cited in reply ask for only documents and electronically-stored information, which were apparently produced.  Avocent's eleventh motion in limine is DENIED.

**12. Representative Products**

In the absence of evidence that the grouping and choice of representative products is reasonable, the Court cannot sanction Avocent's choices simply as a matter of convenience. The twelfth motion in limine is therefore DENIED.

The fact that the Court is unable to adopt Avocent's groupings based on the current record should not be taken as approval of Belkin's tactics on this issue. Avocent's attempts to work with Belkin to identify representative products are not, as Belkin would have it, an admission of weakness. Rather, Avocent was simply heeding the Court's directions regarding the need to try this case in an effective and efficient manner. Now that Belkin's rather desperate efforts to exclude the technical schematics for its products have been rejected, it will hopefully cooperate in identifying a handful of representative products that the jury can focus upon to resolve the infringement issues presented in this matter. If Avocent's groupings are the only proposal presented at trial, are based on reasonable criteria, and are not shown to be defective in some material respect, they will likely be adopted by the Court.

For all of the foregoing reasons, Avocent's motions is limine (Dkt. # 744) are GRANTED in part and DENIED in part.

Dated this 29th day of April, 2013.

Robert S. Lasnik
United States District Judge