UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                     )
AVOCENT REDMOND CORP.,               )
                                     )   Case No. C06-1711RSL
                Plaintiff,           )
        v.                           )
                                     )   ORDER GRANTING IN PART
ROSE ELECTRONICS, *et al.*,          )   BELKIN'S MOTIONS IN LIMINE
                                     )
                Defendants.          )
_____)

This matter comes before the Court on "Belkin International, Inc. and Belkin, Inc.'s Motions in Limine." Dkt. # 763. The motion was filed before the parties had the benefit of the Court's summary judgment and <u>Daubert</u> rulings and is, in some respects, moot. Having reviewed the memoranda, declarations, and exhibits submitted by the parties,[1] the Court finds as follows:

**1. Expert Testimony Not Contained in Reports**

Belkin requests an order preventing the parties' experts from presenting opinions, facts, and analysis that are not contained in their expert reports. In general, the disclosure requirements of the Federal Rules of Civil Procedure limit expert testimony to the opinions and analyses disclosed during discovery. How this general rule impacts this case is less than clear.

During the meet and confer process and in its motion, Belkin refused to identify what testimony it believes Avocent intends to offer that could be considered "new" or

---

[1] This matter can be decided on the papers submitted. Belkin's request for oral argument is therefore DENIED.

ORDER GRANTING IN PART BELKIN'S
MOTION IN LIMINE

1  "undisclosed." Whether testimony exceeds the contours of an expert's report depends on the
2  overall context of the report and the specific testimony offered. An expert is not limited to
3  reading from his report, nor must he remain silent on cross-examination simply because he did
4  not anticipate the line of questioning during discovery. Where, however, the expert offered no
5  opinion on crucial issues or opted to analyze data in a particular way, he will not be permitted to
6  supplement or change his opinions at this point in the litigation. Because Avocent did not have a
7  chance to respond to the specific issues raised for the first time in reply, Belkin's objections have
8  not been resolved here. The first motion in limine is DENIED without prejudice.

**2. Third Party Schematics**

As discussed in the Order Granting in Part Belkin's Motion for Summary Judgment (Dkt. # 841) at 2-4, there are indicia of authenticity in the existing record to support admission of the technical schematics into evidence, Belkin's hearsay objection is overruled, and Belkin has offered no reason to doubt that the schematics are anything other than the third-party vendors' working diagrams of Belkin's products. Nor has Belkin shown that the probative value of these schematics is substantially outweighed by any prejudice Belkin may suffer by their admission into evidence. Belkin's second motion in limine is DENIED.

**3. McAlexander Testimony**

Mr. McAlexander will not be permitted to testify regarding infringement under the doctrine of equivalents or products that are not part of this case (unless necessary to rebut an argument that those products are non-infringing alternatives).

Belkin's objection to "supplemental infringement contentions set forth in Mr. McAlexander's report that [were] not set forth in Avocent's operative infringement contentions as to previously charted products" (Dkt. # 763 at 6) is indecipherable. No examples of the offending contentions are given, the memorandum to which Belkin cites for its argument involves lost profits, not infringement, and an expert is allowed, if not expected, to flesh out the infringement contentions made at the beginning of the litigation. This part of Belkin's third

motion is limine is DENIED.

**4. Construction of Claim Elements**

The Court has already rejected Belkin's argument that Mr. McAlexander ignored the Court's constructions of "signal" and "combining" when opining in this matter and that his opinions should therefore be excluded. Order Denying Belkin's Motion to Exclude the Testimony of Joseph McAlexander (Dkt. # 870) at 5-6.

Belkin also argues that Mr. McAlexander's infringement analysis turns on an interpretation of "remotely located computers" that would encompass a computer sitting right next to a keyboard, cursor control device, and video monitor as long as the cables connecting the components were long enough that the computer could be moved farther away. To the extent Belkin is correct, Mr. McAlexander's opinions may be inadmissible. Claim 10 of the '096 patent claims "a system including a workstation of the type that includes a keyboard, cursor control device and video monitor and a plurality of *remotely located computers*, a method of selectively connecting the workstation to the computers for the transmission between them of keyboard and cursor control device signals, comprising" various elements. The term "remotely located" was construed as "separated by a distance greater than usual," and yet Mr. McAlexander insists that components placed in their usual configuration – right next to each other – can satisfy the "remotely located" element. This claim element must have some meaning, however, and the Court's construction invokes concepts of both separation and physical distance. Avocent did not show during the <u>Markman</u> hearing – or even in response to Belkin's motion in limine – that "remoteness" should be measured by cable length rather than actual distance. Testimony based on this incorrect interpretation of "remotely located" will therefore be excluded. Belkin has not, however, shown which, if any, of Mr. McAlexander's opinions turn on that interpretation.

### 5. Descriptions of the Invention

While technically correct on the law, granting Belkin's fifth motion in limine would be unworkable in practice. Every reference to the invention cannot include a lengthy description or recitation of all of the claim elements: some shorthand will be required for both the attorneys and the witnesses. Nevertheless, counsel shall make every effort to ensure that the jury understands that the invention is defined by the claim language, not by a shorthand designation used by the witnesses. Especially when eliciting testimony regarding what the invention is or whether Belkin's products infringe, counsel shall refer to the invention as the "claimed invention" or as a "KVM switch with OSD that meets the other claim elements." Whenever it is unclear whether the witness is testifying with the patents-in-suit in mind or is simply describing any KVM switch with OSD, the Court will step in as necessary to clarify the testimony.

### 6. Duplicative Testimony

Whether testimony is duplicative will be determined at trial. Belkin's sixth motion in limine is DENIED without prejudice.

### 7. Testimony of Doyle C. Weeks

In its second amended Rule 26(a) disclosures, Avocent identified Mr. Weeks as a witness who would testify regarding "(1) damages caused to Avocent due to the infringement by the defendants; (2) the market for OSD-equipped KVM switches; (3) the litigation between Avocent and Raritan Corporation; and (4) licensing of Avocent's patents." Dkt. # 764-3 at 3. It now appears that Avocent intends to offer Mr. Weeks' testimony on the profitability of Avocent's patented products and Avocent's investment in research and development in addition to the previously disclosed topics. Dkt. # 764-1 at 8. Belkin seeks to exclude testimony on these last two topics on the ground that they were not disclosed pursuant to Rule 26(a).

Avocent's damage claim is based on allegations of profits lost as a result of Belkin's sale of infringing products. In this context, the disclosure that Mr. Weeks would testify

regarding Avocent's damages should have led to questioning regarding Avocent's marginal profits.  If Belkin failed to follow that line of questioning, the failure was not due to Avocent's lack of disclosure.  Belkin's motion to exclude the testimony of Mr. Weeks regarding the profitability of Avocent's products is DENIED.

Nothing in Avocent's initial disclosures would have tipped Belkin off to the need to question Mr. Weeks regarding Avocent's expenditures on research and development, however.  Whether Belkin was or should have been aware that Mr. Weeks had information regarding research and development is not the issue.  Mr. Weeks, as Avocent's former Chief Financial Officer and President, could probably testify regarding a vast array of Avocent-related facts. The disclosures required by Rule 26(a) are supposed to provide the opposing party with notice of what each witness will testify about so that discovery can proceed in an orderly fashion.  Absent some indication that Avocent intended to call Mr. Weeks to testify regarding research and development, Belkin was not obligated to inquire on that topic and or to otherwise guess which previously undisclosed subjects Avocent would later attempt to add to his testimony.  Because Avocent waited until the pretrial statement deadline to disclose that Mr. Weeks would testify on this topic, Belkin had no opportunity to conduct discovery or prepare to meet his testimony.  No explanation for Avocent's untimely disclosure has been offered.  Belkin's motion to exclude the testimony of Mr. Weeks regarding Avocent's investment in research and development is GRANTED.

**8. "State of the Art" Testimony**

Avocent intends to offer four witnesses to testify regarding the state of the KVM switch art at the time of the invention.  Three of the four witnesses are named inventors on the patents-in-suit.  The fourth was Avocent's Director of OEM Sales at the time of the invention. Belkin seeks exclusion of their testimony on the grounds that these witnesses are undisclosed experts who failed to generate a report.  The "expert" designation is based on the arguments that (a) none of these individuals is employed by Avocent, so they must have been "specifically

retained" as experts, and (b) any testimony regarding state of the art is necessarily "expert" in nature.

The Court is unaware of any rule or case law that converts a fact witness into an expert merely because an employment relationship has terminated. The "retained or specially employed" language of Rule 26(a)(2)(B) distinguishes employees and other witnesses with personal knowledge of the events that are at issue in the litigation from experts who are hired during litigation to form opinions based on assumed facts and their store of specialized knowledge. The witnesses at issue here fall within the first category: they were employed by Avocent, were active in the relevant field at precisely the time of the invention, and have personal knowledge regarding the state of the art at the crucial time. Messr. Beasley, Seifert, Lacrampe, and Sirianni will be permitted to testify regarding their personal knowledge of what information was available to them and which options existed in the world of KVM switches at the time of the invention.

**9. Evidence Regarding Validity and Infringement**

The issues for the jury to decide at trial are the validity of the patent and whether Belkin infringed. Belkin argues that Avocent should not be permitted to present evidence in support of its assertions that (a) the invention satisfied a long-felt need that was unmet in the marketplace, (b) the invention was a commercial success, and (c) Belkin copied the invention because Avocent failed to disclose the evidence during discovery. To the contrary, Avocent has provided expert testimony in support of each proposition, and, if Belkin believed Avocent's interrogatory responses were insufficient, it should have filed a timely motion to compel.[2] Belkin's ninth motion in limine is DENIED.

---

[2] Belkin apparently requested that Avocent disclose "all factual bases for why each asserted claim of the patents-in-suit is not invalid." Dkt. # 763 at 19. In one interrogatory, Belkin demanded that Avocent negate all of its validity arguments. Despite the expansiveness of the request, whether the secondary considerations and infringement evidence at issue here would have been responsive (or whether the Court would have required any response at all to such an inartful request) is beyond the scope of this order.

ORDER GRANTING IN PART BELKIN'S
MOTION IN LIMINE                        -6-

### 10. Duplicative Evidence Regarding Validity

Other than imposing reasonable time limitations and curtailing the presentation of duplicative evidence, the Court will not interfere with the parties' litigation strategies. Avocent need not avoid topics on which Belkin bears the burden of proof simply to give Belkin the first opportunity to broach the subject before the jury. Whether evidence is duplicative will be determined at trial. Belkin's tenth motion in limine is DENIED without prejudice.

### 11. Enhanced Damages and Attorney's Fees

Neither party shall present evidence or argument regarding treble damages or attorney's fees under 35 U.S.C. § 284 or § 285.

### 12. Settlement Agreements

The Court has already denied Belkin's request that Dr. Kerr be precluded from relying on the settlement agreements Avocent entered into with Rose, Trippe, and Raritan. Belkin obtained copies of the settlement and license agreements during discovery. Belkin's objections to the settlement agreements are therefore overruled without prejudice to the issue being raised again if Avocent attempts to elicit testimony regarding the negotiations that led to the settlement agreements.

### 13. Omnibus Motion

(a) References to ATEN

Counsel shall avoid referring to any entity other than Belkin, Inc., and Belkin International, Inc., as "defendants."

(b) Belkin's Retention of Mr. McAlexander and Dr. Kerr

The <u>Daubert</u> issues involving Mr. McAlexander and Dr. Kerr have been resolved by the Court. Although Avocent is free to ask the experts on direct about their qualifications and whether they have used these methodologies before, there is no need to mention that the experts were previously retained by defense counsel. Should Belkin open the door on cross by, for example, suggesting that the experts testify only on behalf of Avocent or that their methodology

1  is results-oriented, Avocent may make a proffer regarding the prior retentions and their
2  respective similarities to this case.

3      (c)  Production of Emine Documents with Belkin Bates Numbers

4      In a sane world, the jury would never have to sit through testimony regarding the
5  details of a document production or the meaning of the letters and digits in a bates number.  If,
6  however, Belkin insists on disavowing the technical schematics produced by its vendors in
7  response to Avocent's discovery requests, Avocent will be permitted to explain exactly how it
8  came into possession of the documents.

9      (d)  Prior Art References

10     Belkin seeks a blanket prohibition on any mention of the fact that it previously
11 asserted thousands of prior art combinations that allegedly anticipate or make obvious the claims
12 plaintiff asserts in this litigation.  While this fact may not be directly relevant to any issue on
13 which Avocent bears the burden of proof, Avocent may find it useful to question a witness
14 regarding the selection of prior art references for trial and/or may find it necessary to explain
15 why it is unprepared to respond to a particular reference by disclosing the vast breadth of the
16 previously-asserted combinations.  Belkin was expressly warned that its unreasonable number of
17 clearly duplicative prior art references had impeded the orderly litigation of this matter.  Dkt.
18 # 523 at 2.  Avocent should not have to suffer the impact of Belkin's litigation tactics in silence.

20     For all of the foregoing reasons, Belkin's motions is limine (Dkt. # 763) are
21 GRANTED in part and DENIED in part.

23     Dated this 29th day of April, 2013.

                                                   *Robert S. Lasnik* (signature)
                                                   Robert S. Lasnik
                                                   United States District Judge

ORDER GRANTING IN PART BELKIN'S
MOTION IN LIMINE                    -8-