UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                    )
AVOCENT REDMOND CORP.,              )
                                    )   Case No. C06-1711RSL
            Plaintiff,              )
    v.                              )
                                    )   ORDER REGARDING BELKIN'S
ROSE ELECTRONICS, *et al.*,         )   MOTION FOR RECONSIDERATION
                                    )
            Defendants.             )
_____ )

This matter comes before the Court on "Belkin, Inc. and Belkin International, Inc.'s Motion for Reconsideration Concerning Their Daubert Motion to Preclude Any Testimony at Trial by William O. Kerr." Dkt. # 875.[1] Belkin seeks reconsideration of various parts of the Court's Daubert order regarding Dr. Kerr, particularly (a) the Court's refusal to consider an entire market value argument, (b) the Court's consideration of Avocent's licensing agreements, (c) the Court's willingness to admit general testimony regarding Dr. Kerr's experiences with settlement agreements and the effect of litigation on negotiated royalty rates, and (d) the Court's determination that Belkin's challenges to Dr. Kerr's lost profits opinion go to the weight of those opinions, not their admissibility. Motions for reconsideration are disfavored in this district and will be granted only upon a "showing of manifest error in the prior ruling" or "new facts or legal

---

[1] A sealed version of the same motion is at Dkt. # 877. The Court finds that this matter can be decided on the papers submitted and a review of the record. Belkin's request for oral argument is therefore DENIED.

ORDER REGARDING BELKIN'S
MOTION FOR RECONSIDERATION

authority which could not have been brought to [the Court's] attention earlier with reasonable diligence." LCR 7(h)(1). Each of Belkin's arguments are considered below.

**A. Entire Market Value Rule**

Belkin has not shown new facts or legal authority regarding its entire market value rule argument that could not have been brought to the Court's attention in a timely manner. In its motion to exclude the testimony of Dr. Kerr, Belkin had a full range of arguments from which to choose. Contrary to its current assertion, any shortcomings in Dr. Kerr's report based on the entire market value rule were or should have been apparent at the time Belkin filed its motion: LaserDynamics, Inc. v. Quanta Computer, Inc., 694 F.3d 51 (Fed. Cir. 2012), simply applied a doctrine that had been established more than a century ago and had been oft repeated. See Garretson v. Clark, 111 U.S. 120, 121 (1884); Lucent Techs., Inc. v. Gateway, Inc., 580 F.3d 1301, 1336-39 (Fed. Cir. 2009); Uniloc USA, Inc. v. Microsoft Corp., 632 F.3d 1292 (Fed. Cir. 2011). Belkin offers no justification for its failure to raise this criticism of Dr. Kerr's report in a timely manner. For the same reasons, the Court's refusal to consider an argument that was first raised in reply was not clearly erroneous.

Nevertheless, because this matter has not yet come to trial, the Court will exercise its discretion to consider on the merits an argument that would otherwise have been waived. Northwest Acceptance Corp. v. Lynnwood Equip., Inc., 841 F.2d 918, 926 (9th Cir. 1988) (district court's decision whether to consider an untimely argument is reviewed for abuse of discretion). The entire market value rule arises out of the statutory requirement that damages in a patent case reflect the value of the claimed invention, rather than the value of any larger product of which the invention is a component part. 35 U.S.C. § 284. The general rule is that the reasonable royalty rate will be applied to the smallest salable component of an infringing product unless "it can be shown that the patented feature drives the demand for an entire multi-component product . . . ." LaserDynamics, 694 F.3d at 67. The objective of the analysis is not

ORDER REGARDING BELKIN'S
MOTION FOR RECONSIDERATION             -2-

merely to determine the value of the patented invention, but rather to ascertain what the parties to the hypothetical negotiation would have agreed to as a fair and reasonable royalty arrangement. Lucent Techs., 580 F.3d at 1337.

Aten and Belkin argue that Dr. Kerr failed to show that the OSD features drove the market for the entire KVM switch product. They posit that the KVM switch itself (including the ports and other hardware) have some value that must be apportioned when applying a reasonable royalty rate. The Court acknowledges that there is some evidence in the record that would support the argument that the value added by the OSD features is reflected in the increased per unit price of an OSD switch over a non-OSD switch and is a fraction of the overall sales price. See Kerr Expert Report at ¶ 32. Value added, as measured by an increase in sales price, is not the only factor considered in a royalty calculation, however. For purposes of the Daubert analysis, the Court must determine whether Dr. Kerr's opinion that the hypothetical negotiation would have resulted in an agreement to apply a 5% royalty rate to sales of the entire product is based on sufficient facts and evidence to be presented to the jury. The Court again finds that the report meets this standard.

The Georgia-Pacific analysis for determining a reasonable royalty rate is discussed in the Court's Daubert ruling. Dkt. # 874 at 5-6. Belkin makes no attempt to link its belated argument to these factors or, ultimately, to explain how the entire market value rule would have affected the hypothetical negotiations. Dr. Kerr relied on evidence showing that, once the OSD switch products were introduced into the market, the demand for non-OSD switches dropped precipitously. When given the choice between purchasing an OSD-equipped switch at a premium price or purchasing standard KVM switch hardware, customers eschewed the old technology, preferring to pay more for the claimed invention. In these circumstances, where the original product remains on the market but is rejected (even in the smaller port configurations), plaintiff has demonstrated that each sale of an OSD-equipped switch is driven by the patented

ORDER REGARDING BELKIN'S
MOTION FOR RECONSIDERATION                -3-

invention. Because parties to a hypothetical negotiation in 2001 would have known that the presence of the OSD was driving demand for the product (see Kerr Expert Report at ¶¶ 30-33 and 97), it is not unreasonable for Dr. Kerr to have included the entire market value of the KVM switches in his royalty calculation. This finding is further supported by the fact that Raritan and Avocent, parties to an actual royalty negotiation in 2005, applied their agreed royalty rate to the entire product, plus related accessories. Belkin's request for reconsideration is DENIED.

**B.  Licensing Agreements**

The Raritan license agreement is, on its face, related to the patents in suit and the type of products that are the subject of the hypothetical negotiation: the fact that Dr. Kerr did not provide an opinion as to their relationship does not require the Court to ignore the agreement. The agreement was considered by Dr. Kerr as a factor in the royalty calculation with regards to both the percentage rate and other terms of the license, as discussed in the Court's order and expressly permitted by Georgia-Pacific. The agreement and its various terms and conditions were disclosed in discovery and were properly relied upon by the expert. Belkin's request for reconsideration is DENIED.

**C.  Effect of Litigation**

Dr. Kerr adequately disclosed his opinion that "the value of a settlement license is likely to reflect a deep discount from the true value of a successfully litigated patent" and the basis for that opinion. See Kerr Expert Report at ¶¶ 91-94 and 101-05. Belkin's request for reconsideration is DENIED.

**D.  Challenges to Lost Profit Calculation**

In their motion to exclude Dr. Kerr's testimony, Belkin challenged the admissibility of his opinions based on (i) a failure to adequately explain how Belkin's infringement could cause lost profits when Belkin does not sell to OEMs, (ii) the failure to establish that Belkin's infringing conduct caused lost sales when Avocent Huntsville offered

ORDER REGARDING BELKIN'S
MOTION FOR RECONSIDERATION                -4-

virtually the same product at reduced prices, and (iii) gaps in the underlying market data. After reviewing Dr. Kerr's report in its entirety, the Court found that he had sufficiently shown a reasonable probability that, "but for" the infringement, plaintiff would have made additional sales. Belkin's specific objections were fully considered even if not individually addressed. Belkin offers no new facts or legal authority and simply repeats the arguments made in the underlying motion. Belkin's request for reconsideration is DENIED.

For all of the foregoing reasons, Belkin's motion for reconsideration (Dkt. # 875 and # 877) is DENIED.

Dated this 29th day of April, 2013.

*[signature]*

Robert S. Lasnik
United States District Judge

ORDER REGARDING BELKIN'S
MOTION FOR RECONSIDERATION               -5-